SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>    Petitioner,<br><br>v.<br><br>DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive,<br><br>    Respondents. | Case No. 18-cv-2471<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>28 U.S.C. §§ 1331, 1441 (A) AND (C), 1446(A), (B) AND (D)<br><br>Petition filed: February 2, 2018<br><br>[Filed concurrently with Civil Cover Sheet; Declaration of Daniel J. McQueen; Declaration of Amy Mantell; Corporate Disclosure Statement; and Certificate of Interested Parties] |

**TO THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

    **PLEASE TAKE NOTICE** that, Respondent Dignity Health hereby removes the matter of *Veronica Flores v. Dignity Health* pending in the Superior Court of the

1  State of California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA,
2  to the United States District Court for the Central District of California pursuant to
3  28 U.S.C. §§ 1331, 1441(a) and (c), and 1446(a), (b) and (d). The removal is based
4  on the existence of a federal question, as Petitioner's claims substantially depend on
5  the interpretation of a collective bargaining agreement ("CBA") and are preempted
6  under section 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. §
7  185. This Court has original jurisdiction over the action pursuant to its federal
8  question jurisdiction for the following reasons:

## CLAIMS AND PROCEDURAL HISTORY

10   1.   On February 2, 2018, Petitioner Veronica Flores filed a petition for
11 confirmation of arbitration award and entry of judgment in the Superior Court of
12 California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA ("the
13 Petition"). Respondent Dignity Health was served with the Summons and Petition
14 on March 18, 2018. A true and correct copy of the Petition is attached as Exhibit A
15 to Daniel McQueen's Declaration ("McQueen Decl."), p. 1, ¶ 2.)

16   2.   On February 2, 2018, Petitioner also filed a complaint for alleged
17 retaliation for whistleblowing and wrongful termination in violation of public policy
18 in the Superior Court of California, County of Ventura, Case No. Case No. 56-2018-
19 00507606-CU-WT-VTA ("the Complaint"). Respondent and Defendant Dignity
20 Health was served with the Complaint on March 12, 2018. A true and correct copy
21 of the Summons and Complaint are attached as Exhibit B to McQueen Declaration.
22 (McQueen Decl., p. 1, ¶ 3.)

23   3.   At all material times herein, Respondent Dignity Health is an employer
24 within the meaning of Section 2(2) of the NLRA and Section 301(a) of the LMRA.
25 29 U.S.C. §§ 152(2) and 185(a).

26   4.   At all material times herein, Service Employees International Union
27 Local 121RN ("Union") is a labor organization within the meaning of Section 2(5)
28 of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

5. At all material times herein, Petitioner has been represented by the Union in matters concerning her employment with Respondent Dignity Health. Petitioner worked under the terms of a collective bargaining agreement between the Union and Respondent Dignity Health. (Petition, § 9; Amy Mantell Declaration ("Mantell Decl."), p. 1, ¶ 4.)

6. Petitioner alleges that the Union filed grievances against Respondent Dignity Health on Petitioner's behalf regarding Petitioner's write-ups and her "unjust termination under the CBA." (Complaint, ¶¶ 30, 33, 40; Petition, ¶¶ 11-13).

7. Petitioner alleges that the Union submitted the grievances to arbitration pursuant to the terms of the arbitration clause of the CBA and an arbitration proceeding was duly conducted. (Petition, ¶¶ 8-9, 11-13).

8. Petitioner alleges that on August 7, 2017, an arbitrator issued the arbitration award ("Award") finding that Respondent Dignity Health did not have just cause to terminate Petitioner under the CBA and ordered Respondent Dignity Health "(a) to reinstate Petitioner effective April 9, 2015 if an evaluation by a mutually agreed drug treatment specialist in consultation with the Employee Health Department determines that she was able to work unimpaired by her medications, thereby awarding back pay for the period since Petitioner's termination, and (b) to conform its records to the findings in the" Award. (Complaint, ¶¶ 9-10, 40; Petition, ¶ 11, Exhibit 1).

9. The Award is appended to the Petition as Attachment 1, thereby incorporating the Award into the Petition. The Award sets forth, *inter alia,* the fact that the arbitration was conducted pursuant to the terms of the CBA and references various provisions of the CBA that were interpreted by the arbitrator. (Petition, ¶ 11, Exhibit 1, p. 6-11)

10. Petitioner alleges that since the Award was issued, Respondent Dignity Health "has failed and refused to take action to comply with it and has failed and

refused to return Petitioner to employment and to pay her the back pay and benefits as the arbitrator has awarded." (Petition, ¶ 10, 12).

11. A suit which alleges the employer's breach of the collective bargaining agreement and/or the Union's breach of the duty of fair representation, is a suit for violation of the contract between an employer and a labor organization under §301 of the LMRA. 29 U.S.C. § 185(a). Federal courts have original jurisdiction over such claims. *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); *Vaca v. Sypes*, 386 U.S. 171 (1967); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

12. Original jurisdiction is further vested in this Court pursuant to 28 U.S.C. § 1331 because Petitioner seeks to enforce an arbitration award rendered pursuant to the terms of a CBA between the Union and Respondent Dignity Health. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987) (applying §301 of the LMRA in determining whether to enforce or vacate an arbitration award).

13. The claims asserted in the Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991).

14. Accordingly, Petitioner's claims arise under Section 301 of the LMRA, and are preempted by federal law. Removal to federal court is thus warranted pursuant to 28 U.S.C. § 1441.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446. This district and division embraces the County of Ventura where the action is pending in the Superior Court of California, County of Ventura.

16. Respondent Dignity Health is the only named responding party in this action. Although the Complaint names Doe defendants, Doe defendants need not join in a Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731

F.2d 1423, 1429 (9th Cir. 1984) ("[o]ur circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves").

17. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after the receipt of the Petition by Respondent Dignity Health, as required by 29 U.S.C. § 1446(b).

### SUPPLEMENTAL JURISDICTION

18. The Court has supplemental jurisdiction over any of Petitioner's remaining state law claims to the extent they are not completely preempted by Section 301 or are not so inextricably intertwined with or dependent on an interpretation of the CBA, because they relate to and emanate from the same relationship between Petitioner and Respondent that is the subject of the federal question claims. All the pleaded claims emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Petition. Accordingly, by virtue of 28 U.S.C. § 1441, Respondent Dignity Health is entitled to remove all of Petitioner's claims to this Court.

### NOTICE OF REMOVAL

19. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Petitioner and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Ventura, as required by 28 U.S.C. § 1446(d).

## PRAYER FOR RELIEF

**WHEREFORE**, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of California, County of Ventura, to this Court and Respondent Dignity Health prays that it be so removed.

Dated: March 27, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/

RICHARD J. SIMMONS
DANIEL J. McQUEEN
LINDSAY M. HOLLOMAN
KEAHN N. MORRIS

Attorneys for Respondent
DIGNITY HEALTH

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On March 27, 2018, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION** on the interested parties in this action as follows:

### SERVICE LIST

Samuel F. Galici, Esq.
2945 Townsgate Rd.
Ste. 200
Westlake Village, CA  91361
Tel:  805-654-1451
Fax: 805-654-1453
Email:  sgalici@employeelawyers.net

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 27, 2018, at Los Angeles, California.

_____
Donna J. McCurdy

SMRH:485816810.1

-1-