# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
**FILED**

FEB 0 2 2018

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy

**NINA LEMOS**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VERONICA FLORES

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Ventura County Superior Court 800 S. Victoria Avenue, Ventura, CA 93009 | 56-2018-00507600-CU-PA-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)·*
Samuel F. Galici, 2945 Townsgate Rd., Suite 200, Westlake Village, CA 91361; (805) 654-1451

DATE: FEB 0 2 2018    Clerk, by **NINA LEMOS**, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

**Michael D Planet**

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Dignity Health
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

-4-

Exhibit A    (Page 1 of 18)

Samuel F. Galici, Esq. (102496)
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:      (805) 654-1451
Facsimile:  (805) 654-1453
Email:      sgalici@employeelawyers.net

Attorney for Petitioner VERONICA FLORES

VENTURA
SUPERIOR COURT
**FILED**

FEB 0 2 2018

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy

**NINA LEMOS**

VIA FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>Petitioner,<br><br>vs.<br><br>DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive,<br><br>Respondents, | Case No  56-2018-00507600-CU-PA-VTA ____<br><br>**PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND ENTRY OF JUDGMENT**<br>[Code Civ. Proc. §§ 1285 *et seq.*] |

Petitioner VERONICA FLORES (hereinafter "Petitioner") complains and alleges as follows:

## VENUE

1.      Venue is proper in this Court pursuant to Civil Code §1292 because the subject collective bargaining agreement was made and performed in this County and because Respondent DIGNITY HEALTH is situated in this County.

## PARTIES

2.      Petitioner VERONICA FLORES is an individual, residing in the County of Ventura, State of California.

Page 1 of 4

**PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND ENTRY OF JUDGMENT**

-5-

3.     Respondent DIGNITY HEALTH is, and at all relevant times herein mentioned was, a California corporation duly organized and existing under and by virtue of the laws of the State of California.  DIGNITY HEALTH principal place of business is in the County of Ventura, State of California.

4.     The true names and capacities, whether individual, associate, or otherwise, of DOES 1 through 5 are unknown to Petitioner, who therefore sues such fictitiously-named Respondents by such fictitious names. Petitioner is informed and believes and thereon alleges that each of the fictitiously-named Respondents is in some manner responsible for, and that Petitioner's damages were proximately caused by, such Respondents' acts or failures to act. Petitioner will amend this petition when their identities have been ascertained.

5.     Petitioner is informed and believes, and based thereon alleges, that all Respondents, were, at all times herein mentioned, and now are, the agents, servants and employees of each of the other Respondents herein, and were at all such times acting within the course and scope of such agency and employment with the consent and permission of each of the other Co-Respondents, and the Respondent named herein ratified each of the acts of the other Co-Respondents.

6.     Whenever and wherever reference is made in this petition to any act by a Respondent or Respondents, such allegations and reference shall also be deemed to mean the acts and failures to act of each Respondent acting individually, jointly, and severally.

7.     Whenever and wherever reference is made to individuals who are not named as petitioner or respondent in this petition but were employees/agents of Respondent DIGNITY HEALTH, such individuals at all relevant times acted on behalf of Respondent DIGNITY HEALTH within the scope of their employment.

### CAUSE OF ACTION FOR CONFIRMATION OF ARBITRATION AWARD
[Code Civ. Proc. §§ 1285 *et seq.*]

8.     Petitioner hereby realleges and incorporates by reference the foregoing paragraphs 1 through 7 is though fully set forth at length herein.

PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND ENTRY OF JUDGMENT

-6-

1    9.     At all times herein mentioned, Petitioner was employed pursuant to oral and
2    written employment contracts with Respondent DIGNITH HEALTH. One of those agreements
3    is the collective bargaining agreement between Respondent DIGNITY HEALTH and the
4    Service Employees International Union Local 121RN (SEIU) for the period from July 2, 2012
5    to June 30, 2015 (CBA).
6          10.    On April 9, 2015, Respondent DIGNITY HEALTH terminated Petitioner's
7    employment, as a result of which a dispute arose between Petitioner and Respondent and the
8    SEIU.
9          11.    On or about April 24, 2015, the SEIU timely filed a grievance for unjust
10   termination against Respondent DIGNITY HEALTH pursuant to Article 29 the CBA.
11         12.    Section "E" of Article 29 of the CBA contains a provision to arbitrate disputes
12   arising thereunder.
13         13.    Due to the failure to resolve the grievance at Steps 1 and 2, the parties submitted
14   the dispute to Sara Adler, an arbitrator duly selected and appointed under the terms of the
15   arbitration clause of the CBA.
16         10.    Thereafter, arbitration proceedings were duly conducted in this County.
17         11.    On August 7, 2017, the arbitrator made an award in favor of Petitioner together
18   with an opinion, a true copy of which is attached hereto as Exhibit 1 and incorporated herein by
19   reference as though fully set forth.
20         12.    Since  the decision of the arbitrator, Respondent DIGNITY HEALTH has failed
21   and refused to take any action to comply with it and has failed and refused to return Petitioner
22   to employment and to pay her the back pay and benefits as the arbitrator has awarded.
23         13.    Pursuant to Code of Civil Procedure §1285.4, Plaintiff is entitled to a hearing
24   and an order confirming said award to be made that at such hearing, that she be allowed her
25   costs expended herein and be granted such other and further relief as the court may deem
26   proper.
27
28

Page 3 of 4
**PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND ENTRY OF JUDGMENT**

-7-

1    WHEREFORE, Petitioner prays, as follows:

2        A.    That the court set this petition for hearing and that at such hearing an order

3    confirming said award be made and judgment entered in conformity with it;

4        B.    That Petitioner be allowed her reasonable attorney fees to the extent authorized

5    by contract, statute or law;

6        C.    That Petitioner be allowed her costs expended herein;

7        D.    That petitioner be allowed post-judgment interest from the date this petition is

8    filed pursuant to Civil Code section 3287(b); and

9        E.    That Petitioner be granted such other and further relief as the court may deem

10   proper.

11                        LAW OFFICES OF SAMUEL F. GALICI
12                        Attorneys for Petitioner VERONICA FLORES

13

14

15   DATED:  February 1, 2018     By: _____
                                        SAMUEL F. GALICI

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 4 of 4

**PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND ENTRY OF JUDGMENT**

-8-

ARBITRATION PROCEEDING

| | | |
|---|---|---|
| In the Matter of Arbitration | ) | |
| between | ) | |
| SEIU LOCAL 121RN | ) | |
| and | ) | OPINION AND AWARD |
| DIGNITY HEALTH, ST. JOHN'S | ) | |
| REGIONAL MEDICAL CENTER | ) | |
| Grievant: Veronica Flores | ) | |

The Undersigned was selected by the parties, SEIU Local 121RN (Union) and Dignity Health, St. John's Regional Medical Center (Employer), to hear and decide a grievance of Veronica Flores, RN (Grievant). Hearings were held on October 4, 2016, November 22, 2016, January 31, 2017 & March 13, 2017 in Oxnard, CA. Jason Wojciechowski, Esq. and Joshua Adams, Esq. represented the Union. Lindsay Holloman, Esq. represented the Employer. At the conclusion of the hearing both parties elected to submit final arguments in writing. The matter was considered fully submitted upon my receipt of the post-hearing briefs.

During the course of the hearing both parties were afforded a full and complete opportunity to present evidence, to cross-examine witnesses and to develop argument. All witnesses were

## EXHIBIT 1

-9-

duly sworn. A transcript of the proceeding was prepared by
Kathleen O'Neill, CSR.


                          ISSUES

     The following Issues were presented for decision:

     1. Did the suspension of Grievant pending discharge violate

        the parties Collective Bargaining Agreement (Agreement)?

     2. If so, what is the appropriate remedy?

     3. Was the discharge of Grievant for just cause?

     4. If not, what is the appropriate remedy?

     5. Did the Employer deny a reasonable accommodation in July,

        2014?

     6. If so, what is the appropriate remedy?

     I note that the parties told me there was a deferred Unfair
Labor Practice Charge, but I was provided neither the Charge nor
a deferral letter. Although there is evidence that Grievant was
a Union Steward and filed complaints (aka RDOs) about quite a
few RN assignments over the years, except for one statement from
an exasperated supervisor, there is no other evidence in this
record of union bias related to the matters here in issue.


                            2


                                                      -10-

## STATEMENT OF RELEVANT FACTS

The facts in this matter are extensive  and, as there is a transcript, they will be only briefly outlined here.

At the time at issue here Grievant had been employed by the Employer in various capacities for approximately twenty years. On the dates at issue she was a Registered Nurse (RN) assigned to the 7 a.m. to 7 p.m. shift in the Emergency Department (ED). She was a Union Steward for the ED. She had had prior workplace injuries that entailed continuing care with regular reports by her treating physicians to Employee Health. Due to these injuries she was taking various prescribed psychotropic drugs which had been reported to Employee Health.

On April 1, 2014 Grievant reported to work and was assigned a full work load. Very late in the shift Grievant's supervisor received reports from other RNs on the shift that she seemed forgetful, said she was tired and had not immediately followed one doctor's request to check a patient. At 6 p.m. she was pulled off the floor, interviewed by managers and was sent for reasonable suspicion drug and alcohol testing. She was placed on investigatory suspension. Her drug test showed Xanax metabolites. She had a prescription for Xanax. Grievant received counseling about the Employer's drug policy including the need to be fully functional while at work.

3

-11-

In July, 2014 Grievant brought in a doctor's note stating that one shift a week must be 75% sedentary. Grievant proposed that she be assigned to the triage desk one shift a week. The Employer took the position that it could not guarantee that the triage position would be sedentary for 75% of the shift and declined that proposal. Grievant then proposed that she work one shift less a week. The Employer took the position that it was short-staffed and was not granting reduced shifts to anyone. The Employer told Grievant not to return to work until she could do so without restrictions. Grievant took a two-week medical leave. She then returned with a new doctor's note that she could work without restrictions.

On December 31, 2014 Grievant appeared late for the a.m. huddle and then had multiple problems throughout the morning. After lunch she was interviewed by supervision and again sent for drug and alcohol testing and suspended pending investigation. Her drug test showed positive for Valium metabolites. Grievant had a prescription for Valium. Due to delayed drug test results and apparently unrelated civil litigation between Grievant and the Employer, Grievant remained on unpaid suspension until her discharge in April, 2015.

The Union grieved and, when the matters remained unresolved, moved the grievance to this arbitration.

4

-12-

DISCUSSION

I.   Suspension pending discharge

AGREEMENT ARTICLE 30C — Investigatory Suspension

No employee shall be held in unpaid investigatory suspension for more than seven (7) days unless mutually agreed upon by the parties. No employee will be held in paid or unpaid investigatory suspension for more than fourteen (14) calendar days unless mutually agreed upon by the parties.

There is no dispute that Grievant was in unpaid status from January 1, 2015 until her discharge effective April 9, 2015. The Employer explained this extended period as necessitated by a delay in getting the drug test results from the December 31, 2014 test and an agreement with Grievant's personal attorney related to civil litigation between Grievant and the Employer.

There is no doubt that these events occurred but there is equally no doubt that they do not excuse the Employer's non-compliance with the parties' Agreement. The Union agreed to an extension of the investigatory suspension to fourteen days, but it was not a party to the agreement between Grievant's personal attorney and the Employer. This very extended period of unpaid

5

-13-

suspension, unless part of it was disciplinary, was a violation of the Agreement.

The question then is how to characterize the period from January 15[1]-April 9, 2015[2]. The Employer argues that it always considered this period as an investigatory suspension, but two of the Employer witnesses testified that it should have been, or perhaps was, considered a disciplinary suspension — which the Union argues is the only reasonable interpretation under the Agreement rendering the discharge an incident of double jeopardy. The Employer's Drug Free Workplace and Substance Abuse Policy (Policy) provides that an investigatory suspension may be indefinite in time, but the Employer's unilateral Policy statement does not, and cannot, override the provisions of the Agreement

For the reasons discussed below, this time should be treated as a disciplinary suspension. This finding incorporates the appropriate remedy as I also find that the disciplinary suspension was for just cause.

---

[1] The date the mutually agreed upon suspension ended.
[2] The effective date of her discharge.

6

-14-

## II. Just Cause

AGREEMENT ARTICLE 30 A — Just Cause

The Employer may only discipline or terminate an employee for just cause.

AGREEMENT ARTICLE 30 B — Progressive Discipline

Unless circumstances warrant severe actions, the Employer will use a system of progressive discipline. Progressive steps shall include verbal counseling, written counseling and/or warnings, disciplinary suspension without pay, and termination of employment.

DRUG-FREE POLICY 3-1

An employee who is perceived to be under the influence will be removed immediately from the workplace and may be evaluated by medical personnel, if reasonably available. Further action will be taken i.e. removal from service, referral to an appropriate agency, and/or corrective action based on medical information, work history and other relevant factors. The determination of what action is appropriate in each case rests solely with the facility.

7

-15-

First, I note that the Employer agreed to modify its claim of sole discretion cited just above when it agreed with the Union to subject its discretion to review under a just cause standard. In this matter the Employer has proven it had just cause to impose a disciplinary suspension but not that it had just cause to discharge Grievant.

The Employer justified its decision to discharge Grievant based on the grounds that Grievant had been at work "under the influence" on April 1 and again on December 31, 2014. A drug test that shows metabolites is not determinative of an employee being "under the influence" which is a standard of impairment.

There is no dispute that the drug test of April 1, 2014 showed metabolites of the prescribed Xanax. However, the evidence in this record does not support a finding that Grievant was "under the influence" that day. The behaviors cited in the reasonable suspicion finding were too ambiguous to find that the Grievant was "under the influence". Not only was she observed to be "normal" at the reasonable suspicion meeting, but there is no evidence that her co-workers, who belatedly made mention of what they thought were unusual behaviors, were even counseled about the need to report signs of impairment, much less any discipline being imposed for failing to do so in the first approximately eleven hours of a twelve hour shift. These factors lead to the conclusion that not even the Employer believed that she was

8

-16-

showing significant signs of impairment. April 1st cannot be
considered evidence of a pattern of coming to work "under the
influence".

The story is very different on December 31, 2014 where the
multiple incidents reported by her co-workers proves that she
was impaired. Grievant's alternative explanations of the
incidents is not persuasive. Although the Union argues that her
coming to work impaired (if she was) was not an intentional act,
I cannot credit that an RN with Grievant's history of using
various psychotropic drugs would not have recognized on December
31st that she was impaired — regardless of when she took the last
dose of Valium. Coming to work knowing she was impaired is a
clear violation of a known Policy and is a serious enough
violation to be just cause for the disciplinary suspension.

The appropriate remedy is to reinstate Grievant with back
pay effective April 9, 2015 conditioned on certification from a
drug treatment specialist in conjunction with the Employer's
Employee Health Department that she can successfully function
without taking drugs on a schedule that impairs her performance.


### III. Reasonable Accommodation

The Union argues that the Employer failed to provide a
reasonable accommodation when Grievant requested in July, 2014

9

-17-

to work one 75% sedentary shift per week or to work one less
shift per week. The Employer's response begs the question in two
ways. It did not engage in an adequate interactive process such
as asking her doctor if the 75% rule was a firm percentage or
one that could be approximated some weeks or if there were any
other accommodations that could meet the medical need such as an
assignment to education or quality control for part of her work
week. The Employer also did not apparently consider if the July
doctor's note rendered her medically determined to be unable to
return to her position which would trigger the accommodating
actions required by Article 23 H of the parties' Agreement. The
Employer simply told her to return to work only when she was no
longer subject to restrictions.

Obviously there can be no return to the 2014 period and,
with the passage of time between then and now, no way for me to
know from this record if ordering a proper interactive process
and contractually mandated consideration of alternative
positions with the Employer is meaningful. The issue of an
appropriate remedy will, therefore, be remanded to the parties.

10

-18-

AWARD

Having carefully considered the evidence offered and the arguments made, it is the Award of the Arbitrator that:

1. If considered as an investigatory suspension, the suspension of Grievant from January 15 to April 9, 2015 violated the Agreement.

2. The Employer is ordered to deem the suspension as a disciplinary suspension.

3. The Employer did not have just cause to discharge Grievant.

4. The Employer is ordered to reinstate Grievant effective April 9, 2015 if an evaluation by a mutually agreed upon drug treatment specialist in consultation with the Employer's Employee Health Department determines that she is able to work unimpaired by her medications.

5. The Employer is ordered to conform it's records to the findings in this Opinion and Award.

6. The Issue of an appropriate remedy for violation of the Employer's duty to engage in an interactive process and provide a possible reasonable accommodation is remanded to the parties.

7. I will retain jurisdiction in this matter solely to resolve any disputes that may arise regarding the remedies ordered or remanded. Either party may request

11

-19-

that I exercise this retained jurisdiction by giving

written notice to the other party and to me (email is

fine).


DATED: August 7, 2017                    Respectfully submitted,

*Sara Adler*

Sara Adler, Arbitrator



12

-20-

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 289-8525**

## NOTICE OF CASE ASSIGNMENT

Case Number: 56-2018-00507600-CU-PA-VTA

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this Notice of Case Assignment must be served on all named defendants/respondents with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Henry Walsh | Ventura | 42 |
| EVENT TYPE | | |
| | | |
| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
| | | |

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Court calendars vary from courtroom to courtroom. You may contact the clerk's office for more information when you need to schedule a hearing before the judicial officer.

**Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Per Local Rule 15.03, all ex parte documents must be filed in the courthouse where the ex parte application shall be heard.

**Noticed Motions**

Contact the clerk's office to reserve a date for a law and motion matter. Per Local Rule 3.19, all law and motion documents must be filed in the courthouse where the motion shall be heard.

**Other Information**

You can visit the court's website at www.ventura.courts.ca.gov for public access to non-confidential case information, local rules and forms, and other court information.

Clerk of the Court,

Date: 02/02/2018

By: _Nina Lemos_

Nina Lemos, Clerk

VEN-FNR063

NOTICE OF CASE ASSIGNMENT

-21-

Exhibit A    (Page 18 of 18)