SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>        Petitioners,<br><br>    v.<br><br>DIGNITY HEALTH, a California corporation; and DOES 1 through 5, Inclusive,<br><br>        Respondents. | Case No. 2:18-cv-02471-JFW(AGRx)<br><br>**JOINT STATEMENT PURSUANT TO STANDING ORDER ¶ 5(b) RE LOCAL RULE 7-3 PRE-FILING CONFERENCE**<br><br>Petition Served: February 2, 2018<br><br>Discovery Cut Off: TBD<br>Pre-Trial Conference: TBD<br>Trial Date: TBD<br><br>Honorable John F. Walter |

# JOINT STATEMENT

Pursuant to the Court's Standing Order, Paragraph 5(b), counsel for Respondent Dignity Health and counsel for Petitioner Veronica Flores submit this Joint Statement reporting on their Local Rule 7-3 pre-filing conference.

1. <u>Date</u>: On March 29, 2018, Defendant sent an email to Plaintiff requesting to schedule a meet and confer. Plaintiff sent a reply email stating that due to demands in other matters and the necessity to conduct legal research and analysis based on the authority Defendant's cited, Plaintiff would first be available to discuss the matter by telephone or in person on April 4, 2018 at 1:30 P.M. Defendant replied objecting to the delay and stating that it was necessary to meet and confer on or before April 2, 2018 because a responsive pleading to the complaint must be filed by that date but did not seek a stipulation for an extension of time to file a responsive pleading. On April 4, 2018, at approximately 1:18 P.M., Plaintiff sent an email to Defendant providing authority and analysis on the basis of which Plaintiff would oppose the motion to dismiss, and at approximately 1:40 P.M. placed a call to Defendant but received voicemail. Later that day, the conference took place. In view of Plaintiff's intention to file a motion for remand and to the need to engage in communications with the SEIU which may lead to the filing of an amended complaint that will resolve the dispute, Plaintiff offered a stipulation to extend the time for Defendant to respond to the complaint.

2. <u>Duration</u>: The conference lasted approximately 30 minutes.

3. <u>Communication Method</u>: The conference took place via telephone and was preceded by a series of emails exchanged regarding the parties' respective stances on the motion. Counsel for both parties were unable to meet in person due to the time constraints for filing the motion.

4. <u>Participants</u>:

   For Respondent: Lead counsel Daniel J. McQueen and Lindsay M. Holloman

For Petitioner: Lead counsel Samuel F. Galici

<u>Issues Discussed, Resolved, and Remaining</u>:

Flores petitions the Court for confirmation of an arbitration award and entry of judgment.

Respondent intends to file a motion to dismiss under Federal Code of Civil Procedure 12(b)(6) for failure to state a claim. Respondent's counsel explained its position that Flores lacked standing to confirm the arbitrator's award under either the Federal Arbitration Act or the California Arbitration Act because she was not a party to the arbitration. Only the Service Employees International Union Local 121RN ("Union") and Respondent were parties to the arbitration. Alternately, Defendant contends Flores cannot seek relief under section 301 of the Labor Management Relations Act ("LMRA") because she makes no contention the Union breached its duty of fair representation.

Flores' counsel disagreed with Respondent's counsel's legal grounds for dismissal. Flores' counsel believed that she has standing as a third-party beneficiary and union member to bring the petition or that the dispute can be resolved by the filing of an amended complaint

The parties were unable to resolve the above-mentioned issues. As such, Respondent intends to file its motion on April 9, 2018, the deadline to file a responsive pleading subject to Federal Rule of Civil Procedure 81(c)(2).

SMRH:485920922.1    JOINT STATEMENT PURSUANT TO STANDING ORDER ¶ 5(b) RE LOCAL RULE 7-3 PRE-FILING CONFERENCE

Dated: April 5, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Lindsay M. Holloman*
RICHARD J. SIMMONS
DANIEL J. McQUEEN
LINDSAY M. HOLLOMAN
KEAHN N. MORRIS

Attorneys for Defendant
DIGNITY HEALTH

Dated: April 5, 2018

By  */s/ Samuel F. Galici*
SAMUEL F. GALICI

Attorneys for Plaintiff
VERONICA FLORES