Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL F. GALICI
4333 Park Terrace Dr. Suite 120
Westlake Village, CA 91361
Phone:        (805) 654-1451
Facsimile:    (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Petitioner VERONICA FLORES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>Petitioner,<br><br>v.<br><br><br>DIGNITY HEALTH, *et al.*,<br><br>Respondents, | Case No. 2:18-cv-2471-JFW(AGRx)<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND AND FOR**<br><br>Date: May 7, 2018<br>Time: 1:30 P.M.<br>Place: Dept. 7B United States Courthouse<br>       350 W. First St., Los Angeles |

**INTRODUCTION**

**STATEMENT OF FACTS**

Petitioner Veronica Flores has been employed by Defendant Dignity Health as a Registered Nurse in the Emergency department of St. John's Hospital in Oxnard, California since 1994, a period of 23 years. She brings this petition pursuant to California Code of Civil Procedure §1285, *et seq.*, to confirm and reduce to judgment her award in the arbitration of her grievance against Respondent.

1

On April 9, 2015, Respondent terminated Petitioner's employment. (¶10) Her union, the Service Employees International Union (SEIU) filed a grievance on Petitioner's behalf that ultimately was arbitrated, and a decision was rendered by the arbitrator on August 7, 2017, requiring Petitioner's employment to be reinstated and awarding her back pay since the date of termination. Since the arbitrator's decision, Respondent has wholly failed to comply with it. (¶ 11- end of petition)

**LEGAL ARGUMENT**

**I.   The court is compelled to grant the petition upon determining that it is unnecessary to correct or vacate the awards.**

This petition shall be heard in a summary way by making and hearing of motions on no less than 10 days' notice of hearing. (Cal. Code Civ. Proc. §1290.2) The arbitrator shall not testify (with exceptions indisputably inapplicable here). Cal. Evid. Code §703.5. Any written letter to the court from the arbitrator is inadmissible as hearsay. *Id*.

The court is required to give preference to this petition over all other civil actions, except other petitions of this kind, and it must be quickly heard and determined. (Cal. Code Civ. Proc. §1291.2). The powers of the court are limited to confirming the award, correcting it and confirming it, or vacating the award or dismissing the proceeding. (Cal. Code Civ. Proc. §1286) The merits of arbitration controversies are not subject to review, either on questions of fact or law, and are subject to review only as provided by statute. *Harris v. Havenar*, 169 Cal.App.2d 531 (1959).

An arbitration award may only be corrected were miscalculation of figures or description of a person or property is evident, the arbitrator exceeded his or her powers, or the award is imperfect in form which does not affect the merits of the controversy. (Cal. Code Civ. Proc. §1286.6) An award may only be vacated based on fraud, corruption or other undue means or improprieties by the arbitrator and where the award cannot be corrected without affecting the merits of the decision. (Cal. Code Civ. Proc. §1286.2)

## II. The United States District Court does not have subject matter jurisdiction of this action because it is not brought under federal law, but, rather under a state statute and no provision of the collective bargaining agreement requires interpretation.

This is not a proceeding that involves any federal law. Respondent mischaracterizes the petition as an action for breach of contract and a breach of the union's duty of fair representation, which are plainly not alleged in the petition. In Respondent's Notice of Removal (dkt #1), it cites two cases in support of federal jurisdiction because the arbitration award was rendered pursuant to the collective bargaining agreement, neither of which are remotely on point.

First, the citation to *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987) addresses the limitation that the court may not review the merits of an arbitration decision. The second case is *Hayden v. Reicherd*, 957 F.2d 1506, 1509 (9th Cir. 1991). However, the identified page only refers to the general purposes of preemption while the decision was in plaintiff's favor finding that the suit was not preempted.

Finally, Defendant asserts supplemental jurisdiction, relying on *Nishimoto v. Federman-Backrach & Assoc.* 903 F.2d 709. 714 (9th Cir. 1990) where the court found a basis for pendent jurisdiction over state law claims and the claim under ERISA which had a common nucleus of facts. Defendant fails to identify any basis in this action for pendent jurisdiction and, in fact, none exist since both causes of action are brought under state law and neither required an interpretation of the collective bargaining agreement. In its Notice of Removal, Respondent failed to identify any provision of the collective bargaining agreement that it purports requires interpretation in order for court confirmation of the arbitrator's award.

In *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399 (1998), the plaintiff's union filed a grievance for termination without just cause. Plaintiff also filed a civil action under state law for retaliatory discharge. There the court held that while the state law action might involve the same facts as the contractual basis for termination for just case,

the resolution of the state claim did not require construing the collective bargaining agreement and there was no basis for federal subject matter jurisdiction.

> To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge (citation); this purely factual inquiry likewise does not turn on the meaning of any provision of a collective-bargaining agreement. Thus, the state-law remedy in this case is "independent" of the collective-bargaining agreement in the sense of "independent" that matters for § 301 pre-emption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement. *Id.,* at 407.

Subsequently in *Hawaiian Airlines v. Norris*, 512 U.S. 246, 266 (1994), the court held that the state tort claims "require only a purely factual inquiry into any retaliatory motive of the employer. *Id*.

> Returning to the action before us, the question under *Lingle* is whether respondent's state-law wrongful-discharge claims are independent of the CBA. Petitioners argue that resort to the CBA is necessary to determine whether respondent, in fact, was discharged. This argument is foreclosed by *Lingle* itself. *Lingle* teaches that the issue to be decided in this action -- whether the employer's actions make out the element of discharge under Hawaii law -- is a "purely factual question." [*Lingle*] 486 U.S. at 407. *Id.*

In *Espinal v. Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996), an action under the Railway Labor Act, the court, relying on *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, held, "In RLA cases then, as in LMRA cases, courts must look to the source of the right asserted by the plaintiff."

In *Huhmann v. Federal Express Corp.,* 874 F.3d 1102, 1106-1107. (9th Cir. 2017), a more recent RLA case, the court cited *Wolfe v. BNSF Ry. Co.*, 749 F.3d 859, 863-864 (9th Cir. 2014) holding that a claim is preempted by the RLA only when the "claim involves duties and rights created or defined by the CBA and is therefore dependent on the interpretation of a CBA. . . In contract, a . . . cause of action is not pre-empted by the RLA if it involves rights and obligations that exist independent of the CBA."

There is no nonfrivolous contention that has been put forward or can be asserted by Defendant to justify removal of this action.

**CONCLUSION**

For the foregoing reasons, this action should be remanded to state court and Defendant be obligated to pay Plaintiff's expenses and attorney fees incurred by reason of the removal.

                              LAW OFFICES OF SAMUEL F. GALICI
                              Attorneys for Plaintiff

DATED: April 6, 2018      By: _____/s/_____
                                    SAMUEL F. GALICI