SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:   415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES, an individual, | Case No. 2:18-cv-02471-JFW(AGRx) |
| Petitioner, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT DIGNITY HEALTH'S MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD** |
| DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive, | |
| Respondents. | **[FRCP 12(b)(6)]** |
| | Date:    May 14, 2018<br>Time:    1:30 p.m.<br>Judge:   John F. Walter<br>Crtrm:   7A |
| | [Filed concurrently with:  Notice of Motion; and [Proposed] Order] |

-1-

## I.  <u>INTRODUCTION</u>

Petitioner Veronica Flores is admittedly represented by the Service Employees International Union Local 121RN ("Union") in matters concerning her employment with Respondent Dignity Health.  Flores worked pursuant to a collective bargaining agreement ("CBA") between the Union and Dignity Health, which governed the terms and conditions of her employment.

Flores was terminated by Dignity Health on April 9, 2015.  The Union filed a grievance on Flores's behalf and represented her at arbitration.  On August 7, 2017, the arbitrator issued an award ordering that Flores be reinstated so long as a mutually agreed upon drug treatment specialist in consultation with Dignity Health's Employee Health Department determined that she is able to work unimpaired by her medications.  (<u>See</u> Dkt. No. 1-2 at Exh. 1, p. 11.)  The arbitrator retained jurisdiction over the award in order to resolve any disputes regarding the "remedies ordered or remanded."  <u>Id.</u> at p. 11-12.

Flores now seeks to confirm the arbitrator's award.  Her petition is flawed for at least two reasons.  Initially, Flores lacks standing to confirm the arbitrator's award under either the Federal Arbitration Act ("FAA") or the California Arbitration Act ("CAA") because she was not a party to the arbitration.  Only the Union and Dignity Health were parties to the arbitration.  Alternately, Flores cannot seek relief under section 301 of the Labor Management Relations Act ("LMRA") because she makes no contention the Union breached its duty of fair representation.

For these reasons, Dignity Health seeks an Order dismissing the Petition to Confirm the Arbitration Award.

## II.  <u>PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS</u>

On February 2, 2018, Flores filed a "Petition for Confirmation of Arbitration Award" in the Superior Court of California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA.  Dkt. No. 1-2 [Petition].

-2-

1    As her Petition confirms, at all material times, Flores was employed by

2  Dignity Health and worked under the terms of a CBA between it and the Union.

3  Dkt. No. 1-2 [Petition, ¶ 9]; Dkt. No. 1-5 [Declaration of Amy Mantell, Exh. A –

4  CBA ("CBA")].  The "preamble" of the CBA clearly states the agreement "is

5  between Dignity Health [] and Service Employees International Union Local

6  121RN."  CBA at p. 6.  Nowhere is Flores made a party to the CBA.

7    During and directly following her employment, the Union filed grievances

8  against Dignity Health on Flores's behalf claiming (among other grounds) that

9  Dignity Health lacked "just cause" under the CBA to terminate her employment.  Id.

10  at ¶¶ 11-13; Dt. No. 1-5 [CBA at p.11]. The Union submitted the grievances to

11  arbitration pursuant to the terms of the arbitration clause of the CBA and an

12  arbitration took place.  Dkt. No. 1-2 [Petition, ¶¶ 9, 11-13.].

13    On August 7, 2017, the arbitrator issued an Opinion and Award on the

14  grievances.  Therein, the arbitrator stated:  "The Undersigned was selected by *the*

15  *parties*, SEIU Local 121RN (Union) and Dignity Health, St. John's Regional

16  Medical Center (Employer), to hear and decide a grievance of Veronica Flores, RN

17  (Grievant)."  Id. at Exh. 1, p. 1 (emphasis added).  The arbitrator referred only to the

18  Union and Dignity Health as the "parties" to the arbitration.  She never referred to

19  Flores as a party to the arbitration.

20    In her Petition, Flores alleges the arbitrator found that Dignity Health did not

21  have just cause to terminate her employment under the CBA and ordered her

22  reinstatement.  Dkt. No. 1-2 [Petition, ¶ 11 and Exh. 1 at p. 11].  Flores also alleges

23  that since the award was issued, Dignity Health "has failed and refused to take

24  action to comply with it and has failed and refused to return Petitioner to

25  employment and to pay her the back pay and benefits as the arbitrator has awarded."

26  Id. at ¶¶ 10, 12.  At no point does Flores allege that the Union breached its duty of

27  fair representation.  Id.

28

### III.   ARGUMENT AND AUTHORITIES

**A.   Legal Standard**

Under 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is proper where there is a "lack of a cognizable legal theory" or there is an "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In order to survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's factual allegations must add up to "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To determine whether a complaint can survive a Rule 12(b)(6) motion, a court must accept well-pled factual allegations as true and construe them in the light most favorable to the plaintiff. Usher v. City of Los Angeles, 828 F.2d 556 561 (9th Cir. 1987).  However, "the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 129 S.Ct. at 1949-50; see also Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

**B.   Flores Lacks Standing To Confirm The Arbitrator's Award**

Under section 9 of the FAA, "any *party* to the arbitration may apply to the court ... for an order confirming the award." 9 U.S.C. § 9 (emphasis added).  As demonstrated, the only parties to the arbitration were the Union and Dignity Health. See Dkt. No. 1-2 [Petition, Exh. 1, p. 1].  Because Flores was not a party to the arbitration, she lacks standing to confirm the award under the FAA.  See Local 13,

-4-

1  *Int'l Longshoremen's and Warehousemen's Union v. Pac. Mar. Assoc.*, 441 F.2d
2  1061, 1064 (9th Cir. 1971) (holding that a plaintiff could not move to vacate an
3  arbitration award under the FAA because he was not a party to the arbitration);
4  *Dwyer v. Eagle Marine Servs. Ltd., Oakland*, 2011 WL 2600916, at *4 (N.D. Cal.
5  June 30, 2011) (same) ; *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 131 (4th Cir.
6  2002) ("An individual employee represented by a union ... generally does not have
7  standing to challenge, modify, or confirm an arbitration award because he was not a
8  party to the arbitration."); *Local 399 Staff Union v. SEIU, United Healthcare*
9  *Workers – West*, Case No. CV 12-816 (PSG)(VBKx) (C.D. Cal. Aug. 10, 2012)
10 ("Because Petitioner was not a party to the arbitration, she lacks standing to confirm
11 the award under the FAA…. Therefore, the motion to dismiss on the basis that
12 Petitioner lacks standing under the FAA to confirm the arbitration award is
13 GRANTED."). Here, since Flores was not a party to the arbitration, she cannot seek
14 to confirm the arbitrator's award under the FAA and a dismissal is warranted.

15      The same result occurs under the CAA. Flores requests confirmation under
16 California Code of Civil Procedure section 1285, a provision of the CAA. See Dkt.
17 No. 1-2 [Petition]. Precisely like the FAA, the CAA provides that "[a]ny *party* to an
18 arbitration in which an award has been made may petition the court to confirm,
19 correct or vacate the award." Cal. Code Civ. Proc. § 1285 (emphasis added); see
20 also *Melander v. Hughes Aircraft Co.*, 194 Cal.App.3d 542, 547-48 (1987) ("Since
21 appellant was not a party to the agreement between his union and his employer, he
22 does not have standing to vacate the arbitration award.") Again, Flores was not a
23 party to the arbitration. See Dkt. No. 1-2 [Petition, Exh. 1, p. 1]. Accordingly,
24 under the CAA, she lacks standing to confirm the arbitrator's award and her Petition
25 should be dismissed.

26
27
28

1  **C.**    **Petitioner Cannot Seek Relief Under The LMRA Because She Does Not**

2         **Contend The Union Violated Its Duty Of Fair Representation**

3         The LMRA governs actions brought by employees to vindicate their personal

4  rights under a CBA.  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 985 (9th

5  Cir. 2007).  To confirm or challenge an arbitration award where the sole parties to

6  the arbitration were the union and the employer, an employee must bring a so-called

7  "hybrid" action under section 301  of the LMRA alleging *both* that the employer

8  violated the CBA and that the union breached its duty of fair representation.

9  DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 163-165 (1985).  A

10  union breaches its duty of fair representation when it acts in a "discriminatory,

11  dishonest, arbitrary, or perfunctory" manner.  Id. at 164.

12         Importantly, "unless an employee can show that he was not fairly represented

13  by the union, grievance and arbitration is the employee's *exclusive remedy* for

14  breach of the agreement."  Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468,

15  1472 (9th Cir. 1984) (emphasis added), abrogated on other grounds by Allis-

16  Chalmers Corp. v. Lueck, 471 U.S. 202 (1985).  Thus, "if there is no claim that the

17  union breached its duty of fair representation, an individual employee represented

18  by a union generally does not have standing to challenge an arbitration proceeding

19  to which the union and the employer were the only parties."  Katir v. Columbia

20  Univ., 15 F.3d 23, 24-25 (2nd Cir. 1994) (dismissal granted where the employee

21  failed to raise any allegations of unfair representation); see also Ortiz v. United

22  Parcel Service, Inc., 736 F.Supp.2d 428, 431 (D.P.R. 2010) (same).

23         Here, Flores does not set forth any factual allegations in her Petition claiming

24  the Union violated its duty of fair representation.  Thus, as in Katir and Ortiz, this

25  Court should dismiss the Petition for failure to state a claim and lack of standing.

26

27

28

SMRH:485848724.3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT
DIGNITY HEALTH'S MOTION TO DISMISS

1

### V.  <u>CONCLUSION</u>

2          Based on the foregoing, the Court should grant Respondent Dignity Health's

3   motion to dismiss.

4

5   Dated:  April 6, 2018

6                                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                          By

9                                     RICHARD J. SIMMONS
10                                    DANIEL J. McQUEEN
                                      LINDSAY M. HOLLOMAN
11                                    KEAHN N. MORRIS

12
                                      Attorneys for Respondent
13                                    DIGNITY HEALTH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28