SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>Petitioner,<br><br>v.<br><br>DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive,<br><br>Respondents. | Case No. 2:18-cv-02471-JFW(AGRx)<br><br>**DEFENDANT DIGNITY HEALTH'S OPPOSITION TO MOTION TO REMAND PETITION TO ENFORCE**<br><br>Date: May 7, 2018<br>Time: 1:30 pm<br>Judge: John F. Walter<br>Courtroom: 7A |

## I. INTRODUCTION

Plaintiff Veronica Flores' motion to remand this matter should be denied because her claims are squarely preempted under Section 301 of the Labor Management Relations Act ("LMRA"). This action arises from the April 2015 termination by Defendant Dignity Health of Flores' employment as a registered nurse. Flores is admittedly represented by the Service Employees International Union Local 121RN ("Union") in matters concerning her employment with Dignity Health and was a Union shop steward. There is also no dispute that Flores worked pursuant to a collective bargaining agreement ("CBA") between the Union and Dignity Health, which governed the terms and conditions of her employment.

Flores was terminated by Dignity Health on April 9, 2015. The Union filed a grievance on Flores's behalf and represented her at the arbitration. On August 7, 2017, the arbitrator issued an award ordering that Flores be reinstated so long as a mutually agreed upon drug treatment specialist in consultation with Dignity Health's Employee Health Department determined that she is able to work unimpaired by her medications.

Flores now seeks to confirm the arbitrator's award. The LMRA governs actions brought by employees to vindicate their personal rights under a collective bargaining agreement. To enforce or challenge an arbitration proceeding where the sole parties were the union and the employer, an employee must bring an action under Section 301 of the LMRA. Flores' Petition is clearly founded upon a breach of the CBA and involves Flores' discipline and termination, a matter expressly held to be a proper subject of an employee's Section 301 suit. Alternatively, to the extent Flores claims she has standing to confirm the arbitrator's award under the CBA, the trier of fact must necessarily determine whether Flores was a party to the CBA. As a result, Plaintiff's Petition is preempted by Section 301 of the LMRA, conferring federal question jurisdiction upon this Court. For these reasons, remand should be denied.

## II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On February 2, 2018, Flores filed a "Petition for Confirmation of Arbitration Award" in the Superior Court of California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA. Dkt. No. 1-2 [Petition].

As her Petition confirms, at all material times, Flores was employed by Dignity Health and worked under the terms of a CBA between it and the Union. Dkt. No. 1-2 [Petition, ¶ 9]; Dkt. No. 1-5 [Declaration of Amy Mantell, Exh. A – CBA ("CBA")]. The "preamble" of the CBA states the agreement "is between Dignity Health [] and Service Employees International Union Local 121RN." CBA at p. 6. While the grievance procedure of the CBA allows individual grievances, the CBA allows only the Union to move a matter to arbitration under Article 29.E. Dignity Health contends that Flores is not a party under the CBA and has no standing to enforce the arbitrator's award. CBA at p. 108-109.

During and directly following her employment, the Union filed grievances against Dignity Health on Flores' behalf claiming (among other grounds) that Dignity Health lacked "just cause" under the CBA to terminate her employment. Dkt. No. 1-2 [Petition, ¶ 11-13]. The Union submitted the grievances to arbitration pursuant to the CBA and an arbitration took place. Dkt. No. 1-2, Exhibit A [Petition ¶¶ 8-9, 11-13].

On August 7, 2017, the arbitrator issued an Opinion and Award on the grievances. In her Petition, Flores alleges the arbitrator found that Dignity Health did not have just cause to terminate her employment under the CBA and ordered her reinstatement. Dkt. No. 1-2 [Petition, ¶ 11 and Exh. 1 at p. 11]. Flores also alleges that since the award was issued, Dignity Health "has failed and refused to take action to comply with it and has failed and refused to return Petitioner to employment and to pay her the back pay and benefits as the arbitrator has awarded." Id. at ¶¶ 10, 12. At no point does Flores allege that the Union breached its duty of fair representation. Id.

### III. ARGUMENT AND AUTHORITIES

#### A. Plaintiff Cannot Avoid Federal Jurisdiction By Artful Pleading

Normally, the presence or absence of federal-question jurisdiction is determined by examining the face of the complaint. Pursuant to the "well-pleaded complaint rule," if a federal question is not present on the face of the complaint itself, a federal court lacks jurisdiction. Plaintiff invokes this rule as her principal argument supporting remand. The well-pleaded complaint rule, however, is not applicable to the present case because of the corollary to that rule: the "complete preemption doctrine," which Plaintiff does not address.

The Supreme Court has concluded that the force of some federal statutes is so strong that they will completely preempt an area of state law. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987). Section 301 of the Labor LMRA is such a statute. In fact, the primary application of the "complete preemption doctrine" is in the context of Section 301. Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987). In examining the doctrine, the Ninth Circuit has repeatedly held that a plaintiff may not avoid federal jurisdiction "simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984). Instead, the court must look beyond the face of the complaint to determine whether the claims pled are really Section 301 claims "artfully pleaded" to avoid federal jurisdiction. Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987). If so, the "artful pleading" doctrine requires that the state law claims be recast as claims for breach of the CBA. Olguin, 740 F.2d at 1472. Thus, the Court may look beyond the four corners of the Complaint and examine the CBA to determine whether the resolution of Plaintiff's claims depends on its interpretation.

**B.      Federal Labor Law Preempts Flores' Petition**

Section 301 of the LMRA preempts Flores' claims. Section 301 represents a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." Allis-Chalmers v. Lueck, 471 U.S. 202, 209-210 (1985). The preemptive force of Section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement. Franchise Tax Bd. V. Laborers Vacation Trust, 463 U.S. 1, 23 (1982); Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1048 (9th Cir. 1987). Section 301 creates jurisdiction for federal district courts over "suits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562 (1976). Suits under Section 301 "encompass those seeking to vindicate 'uniquely personal' rights" under a collective bargaining agreement. Id. (quoting Smith v. Evening News Ass'n, 371 U.S. 195, 198-200 (1962)).

Here, because Flores' claim is "clearly founded upon an alleged breach of the collective bargaining agreement" in that she contends Dignity Health has breached the CBA by failing to abide by the arbitrator's award, this Court has subject matter jurisdiction over this petition to confirm or enforce the arbitration award. This alone is sufficient to find jurisdiction under Section 301 of the LMRA. Sheet Metal Workers Intl Assn Local Union No. 359 v. Madison Indus. Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1996) (district court had jurisdiction under LMRA to address petition to enforce arbitration decision); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960) (federal courts have jurisdiction over enforcement of arbitration awards under LMRA); Diaz v. Schwerman Trucking Co., 709 F.2d 1371, 1371-1372 (11th Cir. 1983) (LMRA governs employee's petition to enforce arbitration decision); Sanders v. Pechiney Rolled Products, LLC, 259 F.Supp.2d 463, 467-468 (W.V.A. 2003) (LMRA grants federal jurisdiction over employee's petition to enforce arbitrator's award); Nash v.

1 | UPS, 2012 U.S. Dist. LEXIS 53182, *2 (C.D. Cal. 2012) (LMRA governs petition
2 | to vacate arbitration decision initially filed under California law).
3 |       The LMRA also preempts any state law cause of action whose resolution
4 | requires the interpretation of a collective bargaining agreement. See Lingle v.
5 | Norge Division of Magic Chef, 486 U.S. 399, 405-06(1988) ("if the resolution of a
6 | state-law claim depends upon the meaning of a collective-bargaining agreement, the
7 | application of state law ... is pre-empted"). To confirm or challenge an arbitration
8 | award where the sole parties to the arbitration were the union and the employer, an
9 | employee must bring a so-called "hybrid" action under section 301 of the LMRA
10 | alleging *both* that the employer violated the CBA and that the union breached its
11 | duty of fair representation. DelCostello v. International Bhd. of Teamsters, 462 U.S.
12 | 151, 163-165 (1985). A union breaches its duty of fair representation when it acts in
13 | a "discriminatory, dishonest, arbitrary, or perfunctory" manner. Id. at 164.
14 | Importantly, "unless an employee can show that he was not fairly represented by the
15 | union, grievance and arbitration is the employee's *exclusive remedy* for breach of
16 | the agreement." Olguin, 740 F.2d at 1472 (italics added), abrogated on other
17 | grounds by Allis-Chalmers Corp., supra. Thus, "if there is no claim that the union
18 | breached its duty of fair representation, an individual employee represented by a
19 | union generally does not have standing to challenge an arbitration proceeding to
20 | which the union and the employer were the only parties." Katir v. Columbia Univ.,
21 | 15 F.3d 23, 24-25 (2nd Cir. 1994). See also Nash, 2012 U.S. Dist. LEXIS 53182, *2
22 | ("an employee whose claims are arbitrated under a collective bargaining agreement
23 | between a union and employer has no standing to bring an action" concerning the
24 | arbitration award "since the employee was not a party to the contract under which
25 | the arbitration proceeded" unless they bring a hybrid claim under Section 301 of the
26 | LMRA); Walker v. SEIU, United Healthcare Workers – West, Case No. CV 12-816
27 | (PSG) (VBKx) (C.D. Cal. August 10, 2012) (same); Ortiz v. United Parcel Service,
28 | Inc., 736 F.Supp.2d 428, 431 (D.P.R. 2010) (same).

-6-

SMRH:485965545.1      DEFENDANT DIGNITY HEALTH'S OPPOSITION TO MOTION TO REMAND PETITION TO ENFORCE

|    |                                                                                                    |
|----|----------------------------------------------------------------------------------------------------|
| 1  | Here, Flores does not set forth any factual allegations in her Petition claiming                   |
| 2  | the Union violated its duty of fair representation. Thus, to gain standing to confirm              |
| 3  | the award, Flores must argue that the CBA contains a provision expressly giving her                |
| 4  | the right to submit disputes to arbitration under the CBA. Accordingly, the trier of               |
| 5  | fact must necessarily look to and interpret the CBA in order to determine whether                  |
| 6  | Flores is a party and/or has the right to submit her dispute to arbitration under the              |
| 7  | CBA. Additionally, the trier of fact may be asked to interpret the CBA to determine                |
| 8  | whether the arbitrator's decision "drew is essence" from the contract, meaning that                |
| 9  | the arbitrator's decision is a plausible interpretation of the contract, thus warranting           |
| 10 | enforcing or modifying the arbitrator's award. <u>Enterprise Wheel & Car Corp.</u>, 363            |
| 11 | U.S. at 597; <u>Madison Indus. Inc. of Ariz.</u>, 84 F.3d at 1190; <u>Hawaii Teamsters and</u>     |
| 12 | <u>Allied Workers Union, Local 996 v. United Parcel Service</u>, 241 F.3d 1177, 1178               |
| 13 | (9th Cir. 2001). As a result, Plaintiff's Petition is preempted by <u>Section 301</u> of the       |
| 14 | LMRA, conferring federal question jurisdiction upon this Court.                                    |

### IV. CONCLUSION

For all of the foregoing reasons, Dignity Health respectfully requests that Plaintiff's motion be denied.

Dated: April 13, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Lindsay M. Holloman*
RICHARD J. SIMMONS
DANIEL J. McQUEEN
LINDSAY M. HOLLOMAN
KEAHN N. MORRIS

Attorneys for Respondent
DIGNITY HEALTH