SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

(Counsel continued on next page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>        Petitioners,<br><br>  v.<br><br>DIGNITY HEALTH, *et al.,*<br><br>        Respondents, | Case No.  2:18-cv-02471-JFW(AGRx)<br><br>**JOINT RULE 26(f) REPORT PRIOR TO SCHEDULING CONFERENCE**<br><br>Date: April 30, 2018<br>Time: 1:15 P.M.<br>Courtroom: 7A<br>350 W. 1st Street<br>Los Angeles, CA 90012 |

1  Samuel F. Galici, Esq. (102496)
2  LAW OFFICES OF SAMUEL F. GALICI
   4333 Park Terrace Dr. Suite 120
3  Westlake Village, CA 91361
4  Phone:       (805) 654-1451
   Facsimile:   (805) 654-1453
5  Email: sgalici@employeelawyers.net

6  Attorneys for Plaintiff VERONICA FLORES

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Court's Civil Minutes entered on April 4, 2018, Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties, Petitioner Veronica Flores and Respondent Dignity Health have held the required meeting of counsel and now jointly submit the following report.

## REQUIREMENTS OF THE COURT'S CIVIL MINUTES

**(1)   The basis for the court's subject matter jurisdiction over petitioner's claims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, the date by which service will be completed, and an explanation as to why service has not been completed;**

Petitioner disputes that this Court has subject matter jurisdiction. On April 6, 2018, Petitioner filed a motion for remand which is scheduled to be heard by the Court on May 7, 2018.

Respondent removed this case from the Superior Court of the State of California for the County of Ventura to this Court, and contends this Court has federal question subject matter jurisdiction over Petitioner's claims because they substantially depend on the interpretation of a collective bargaining agreement ("CBA") and are preempted under section 301 of the Labor Management Relations Act ("LMRA"). 19 U.S.C. § 185. Respondent also contends the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any remaining claims arising under California law because all of the claims arise out of a common nucleus of facts.

There are no issues with personal jurisdiction or venue. No parties remain to be served.

 **(2)   A brief chronology of the facts and a statement of the principal factual issues in dispute;**

**Brief chronology of facts:**

On April 9, 2015, Respondent terminated Petitioner's employment as a registered nurse at St. John's Regional Medical Center in Oxnard, California. Petitioner challenged the termination in grievance proceedings under the SEIU collective bargaining Agreement. On August 7, 2017, an arbitration award was rendered in the grievance proceedings, in which the arbitrator found, *inter alia*, that Respondent did not have just cause to discharge Petitioner and ordered Respondent to reinstate Petitioner effective April 9, 2015 if an evaluation by a mutually agreed upon drug treatment specialist in consultation with Respondent's Employee Health Department determines that she is able to work unimpaired by her medications.  As of this date, no drug treatment specialist has been selected, Plaintiff has not been returned to work and no back pay as ordered by the arbitrator has been paid.  (Dkt. #1-2)  On February 2, 2018, Petitioner filed a petition for confirmation of an arbitration award and entry of judgment pursuant to California Code of Civil Procedure §§ 1285 *et seq.* in the Superior Court for California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA (the "Petition").

**Principal factual issues in dispute:**

<u>Petitioner contends</u> that there are no factual disputes because the merits of arbitration controversies are not subject to review, either on questions of fact or law, and are subject to review only as provided by statute. *Harris v. Havenar*, 169 Cal.App.2d 531 (1959). The factual issue is whether or not there is an arbitration award subject to confirmation within the meaning of the statute.

<u>Respondent contends</u> Petitioner does not have standing to confirm the arbitration award under the Federal Arbitration Act ("FAA") or the California Arbitration Act ("CAA") because she is not a party to the arbitration or the underlying CBA.  Alternately, she cannot seek relief under section 301 of the LMRA because she makes no contention the Union breached its duty of fair representation.

**(3)   A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions;**

Petitioner contends that the legal issues in this case are limited to confirming the arbitration award and that a Scheduling Order is unwarranted and inapplicable to this action. Rule 16(b), L.C. 16-11-16-12. Petitioner seeks confirmation of the arbitration award and entry of judgment. This petition shall be heard in a summary way by making and hearing of motions on no less than 10 days' notice of hearing. (Cal. Code Civ. Proc. §1290.2) The arbitrator shall not testify (with exceptions indisputably inapplicable here). Cal. Evid. Code §703.5. Any written letter to the court from the arbitrator is inadmissible as hearsay. *Id.*

The court is required to give preference to this petition over all other civil actions, except other petitions of this kind, and it must be quickly heard and determined. (Cal. Code Civ. Proc. §1291.2). The powers of the court are limited to confirming the award, correcting it and confirming it, or vacating the award or dismissing the proceeding. (Cal. Code Civ. Proc. §1286) The merits of arbitration controversies are not subject to review, either on questions of fact or law, and are subject to review only as provided by statute. Harris v. Havenar, 169 Cal.App.2d 531 (1959).

An arbitration award may only be corrected were miscalculation of figures or description of a person or property is evident, the arbitrator exceeded his or her powers, or the award is imperfect in form which does not affect the merits of the controversy. (Cal. Code Civ. Proc. §1286.6) An award may only be vacated based on fraud, corruption or other undue means or improprieties by the arbitrator and where the award cannot be corrected without affecting the merits of the decision. (Cal. Code Civ. Proc. §1286.2)

The contention that Petitioner lacks standing by reason of not being a signatory to the CBA is fallacious because only a party to a civil action is entitled to a judgment. If the SEIU were to petition, it could not obtain an award in favor of

1  VERONICA FLORES but only in the name of the SEIU making it unenforceable by
2  FLORES for whose benefit it was made. Cal. Code Civ. Proc. §664; *Cameron v.*
3  *Feather River Forest Homes*, 139 Cal.App. 373 (1934) (Purpose of every judgment
4  is to establish the rights of parties not nonparties.)
5         The history of application of California Code of Civil Procedure §§1285 *et*
6  *seq*. has been that employees for whose benefit an arbitration award was rendered
7  have had standing to petition to confirm the award. See, *e.g*., *MacDonald v. San*
8  *Diego State University*, 111 Cal.Ap.3d 67 (1980) where the petitioner was the
9  employee. The only California case interpreting the statute to prohibit an employee
10 to petition to confirm an arbitration award in his or her favor is *Melander v. Hughes*,
11 194 Cal.App.3d 542 (1987) that has not been followed in any subsequent published
12 California appellate decisions, and was disapproved of in the only published
13 decision addressing it, in light of the right of a third-party beneficiary to bring an
14 action under a contract. *Boulton v. USAA Casualty Ins. Co.*, 167 Cal.App.4th 412,
15 424-425 (2008). The only federal case following the wrongly decided *Melander*
16 decision is the Judge Real's unpublished and non-precedential decision in *Nash v.*
17 *UPS* which also relies on *Andrus v. Conroy Co.*, 480 F.2d 604, 606 (9th Cir. 1973)
18 whose holding was limited to the principle that a fairly represented employee cannot
19 attack an arbitration decision made in the context of a collective bargaining by
20 challenging the arbitrator's jurisdiction but may attack the decision in federal court
21 on the grounds of fraud or breach of the duty of fair representation or that the
22 arbitration was a sham. That decision does not support the principle that the state
23 statute is preempted.
24        The fact that the Federal Arbitration Act confers jurisdiction on the federal
25 court to enforce arbitration agreements does not mean that the FAA preempts state
26 law laws compelling arbitration and granting state court jurisdiction to confirm an
27 arbitration award by an enforceable judgment. *Allied-Bruse Terminix Cos. v.*
28 *Dobson*, 513 U.S. 265, at 272 and 280 (1995) holds that the basic purpose of the

FAA is to overcome federal and state courts' refusal to enforce agreements to arbitrate and does not preempt state laws. Likewise, merely because the LMRA provides a means of confirming an arbitration award by a judgment where there is a breach of the duty of fair representation does not preempt the California statutory scheme for confirming an arbitration award. Respondents' remaining case authority is inapplicable because it either concerns the FAA or the LMRA basis for enforcing arbitration agreements in federal court.

<u>Respondent contends</u> Petitioner does not have standing to confirm the arbitration award under either federal or state law, the FAA or CAA.  <u>See</u> <u>Local 13, Int'l Longshoremen's and Warehousemen's Union v. Pac. Mar. Assoc.</u>, 441 F.2d 1061, 1064 (9th Cir. 1971) (holding that an employee could not move to vacate an arbitration award under the FAA because he was not a party to the arbitration); <u>Bryant v. Bell Atl. Md., Inc.</u>, 288 F.3d 124, 131 (4th Cir. 2002) ("An individual employee represented by a union ... generally does not have standing to challenge, modify, or confirm an arbitration award because he was not a party to the arbitration."); <u>Local 399 Staff Union v. SEIU, United Healthcare Workers – West</u>, Case No. CV 12-816 (PSG)(VBKx) (C.D. Cal. Aug. 10, 2012) ("Because Petitioner was not a party to the arbitration, she lacks standing to confirm the award under the FAA….  Therefore, the motion to dismiss on the basis that Petitioner lacks standing under the FAA to confirm the arbitration award is GRANTED.").  <u>See</u> also <u>Melander v. Hughes Aircraft Co.</u>, 194 Cal.App.3d 542, 547-48 (1987) (same).

Likewise, Petitioner cannot seek relief under the LMRA because she does not contend the Union violated its duty of fair representation.  <u>See</u> <u>DelCostello v. International Bhd. of Teamsters</u>, 462 U.S. 151, 163-165 (1985); <u>Olguin v. Inspiration Consol. Copper Co.</u>, 740 F.2d 1468, 1472 (9th Cir. 1984) ("unless an employee can show that he was not fairly represented by the union, grievance and arbitration is the employee's exclusive remedy for breach of the agreement.").

**(4)  All prior and pending motions, their current status, and any anticipated motions;**

On April 6, 2018, Petitioner filed a Motion for Remand and Respondent filed a Motion to Dismiss the Petition under Federal Rules of Civil Procedure 12(b)(6). The Motion for Remand is set for hearing on May 7, 2018, and the Motion to Dismiss, on May 14, 2018. The Parties do not anticipate filing any other motions at this time.

**(5)  The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;**

At this time, the Parties do not anticipate adding or dismissing any parties, claims, or defenses. The Parties propose July 2, 2018 as the deadline to add parties and/or amend the pleadings.

**(6)  Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made;**

Petitioner:  This petition shall be heard in a summary way by making and hearing motions on no less than 10 days' notice of hearing. (Cal. Code Civ. Proc. §1290.2)

Respondent:  Not applicable.

**(7)  Discovery taken to date, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);**

Not applicable.

**(8)  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;**

Related case Veronica Flores v. Dignity Health, Case No. 2:18-cv-02464-JFW(AGRx) is also before this Court.

**(9) All relief sought by the complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established;**

<u>Petitioner</u> is seeking the following: Petitioner seeks confirmation of the arbitration award, which does not specify any monetary sums.

<u>Respondent</u> contends that Petitioner is not entitled to seek confirmation of the arbitration award or any damages whatsoever.

**(10) Whether each party has filed the "Certification as to Interested Parties or Persons" required by the Local Rules. In addition, each party must restate in the joint report the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding;**

Petitioner filed a Certification and Notice of Interested Parties on April 19, 2018.

Respondent filed a Certification and Notice of Interested Parties on March 27, 2018. (Dkt. No. 4.) In accordance with Federal Rules of Civil Procedure Rule 7.1 and Local Rule 7-1, Petitioner and Respondent are the sole interested parties at this time.

**(11) An appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date;**

Not applicable.

**(12) Whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial;**

Not applicable.

**(13)   Efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects;**

The Parties briefly engaged in settlement discussions on April 4, 2018 but were not successful in resolving the matter.  Petitioner represents that she will submit a settlement demand within ten days of filing this report.  The Parties have agreed to ADR Procedure No. 1 and will appear before Magistrate Judge Alicia G. Rosenberg.  The Parties will contact Magistrate Judge Rosenberg's courtroom deputy and arrange a date and time for the settlement conference.

**(14)   Whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation;**

The Parties agree that the case is not complex.

**(15)   What motions the parties are likely to make that may be dispositive or partially dispositive;**

On April 6, 2018, Petitioner filed a Motion for Remand and Respondent filed a Motion to Dismiss the Petition under Federal Rules of Civil Procedure 12(b)(6).  The Motion for Remand is set for hearing on May 7, 2018, and the Motion to Dismiss, on May 14, 2018.

**(16)   Any unusual legal issues presented by the case; and**

The Parties are not presently aware of any unusual legal issues.

**(17)   Proposals regarding severance, bifurcation, or other ordering of proof.**

The Parties do not intend to request severance, bifurcation, or other ordering of proof.

**REQUIREMENTS OF RULE 26(f).**

A.   <u>Discovery Plan</u>:

**<u>Discovery Plan, Including Expert Discovery Proposal and Proposed Discovery Cut-Off</u>:**

Not applicable.

B. <u>Discovery Cut-Off</u>:  Not applicable.

C. <u>Expert Discovery</u>:  Not applicable.

D. <u>Dispositive Motions</u>:  Not applicable.

E. <u>Settlement/Alternative Dispute Resolution (ADR)</u>:  The Parties have agreed to ADR Procedure No. 1 and will appear before Magistrate Judge Alicia G. Rosenberg.  The Parties will contact Magistrate Judge Rosenberg's courtroom deputy and arrange a date and time for the settlement conference.

F. <u>Trial Estimate</u>:  Not applicable.

G. <u>Trial Counsel</u>:  Not applicable.

H. <u>Independent Expert or Master</u>:  Not applicable.

I. <u>Timetable</u>:  Not applicable.

J. <u>Other Issues</u>: The Parties have not currently identified any such issues.

**REQUIREMENTS OF LOCAL RULE 26-1.**

1. **Complex Cases**

The case is not complex and does not require reference to the procedures set forth in the Manual on Complex Litigation.

2. **Motion Schedule**

On April 6, 2018, Petitioner filed a Motion for Remand and Respondent filed a Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6).  The Motion for Remand is set for hearing on May 7, 2018, and the Motion to Dismiss, on May 14, 2018.  No further motions are anticipated by either party.

3. **ADR**

The Parties briefly engaged in settlement discussions on April 4, 2018, but were not successful in resolving the matter.  Petitioner represents that she will submit a settlement demand within ten days of filing this report.  The Parties have agreed to ADR Procedure No. 1 and will appear before Magistrate Judge Alicia G.

Rosenberg. The Parties will contact Magistrate Judge Rosenberg's courtroom deputy and arrange a date and time for the settlement conference.

4. **Trial Estimate**

Not applicable.

5. **Additional Parties**

The Parties do not anticipate the appearance of any additional parties.

6. **Expert Witnesses**

Not applicable.

Dated: April 19, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Lindsay Holloman_____
RICHARD J. SIMMONS
DANIEL J. McQUEEN
LINDSAY M. HOLLOMAN
KEAHN N. MORRIS

Attorneys for Respondent
DIGNITY HEALTH

LAW OFFICES OF SAMUEL F. GALICI
Attorneys for Petitioner

DATED: April 19, 2018   By: _____/s/ Samuel Galici_____
SAMUEL F. GALICI