Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL F. GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:       (805) 654-1451
Facsimile:   (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Petitioner VERONICA FLORES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

VERONICA FLORES,

                Petitioner,

v.

DIGNITY HEALTH, *et al*.,

                Respondents,

Case No. 2:18-cv-2471-JFW(AGRx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO MOTION FOR REMAND**

Date: May 7, 2018
Time: 1:30 P.M.
Place: Dept. 7B United States Courthouse
      350 W. First St., Los Angeles

**I.     Petitioner has standing to bring this petition as the employee who was the subject of the arbitration as a third-party beneficiary.**

      The contention that Petitioner lacks standing by reason of not being a signatory to the CBA is fallacious because only a party to a civil action is entitled to a judgment. If the SEIU were to petition, it could not obtain an award in favor of VERONICA FLORES but only in the name of the SEIU making it unenforceable by FLORES for whose benefit it was made. Cal. Code Civ. Proc. §664; *Cameron v. Feather River Forest Homes*, 139

1

Cal.App. 373 (1934) (Purpose of every judgment is to establish the rights of parties not nonparties.)

The history of application of California Code of Civil Procedure §§1285 *et seq.* has been that employees for whose benefit an arbitration award was rendered have had standing to petition to confirm the award. See, *e.g.*, *MacDonald v. San Diego State University*, 111 Cal.Ap.3d 67 (1980) where the petitioner was the employee.

The only California case interpreting the statute to prohibit an employee to petition to confirm an arbitration award in his or her favor is *Melander v. Hughes*, 194 Cal.App.3d 542 (1987) that has not been followed in any subsequent California appellate decisions. *Boulton v. USAA Casualty Ins. Co.*, 167 Cal.App.4th 412, 424-425 (2008), held that an intended beneficiary may enforce an arbitration agreement, citing numerous cases.

> Based on our consideration of the above cases in the context of Code of Civil Procedure section 1281.2 petitions to compel arbitration, we conclude the instant case is analogous to those cases in which the trial court makes the preliminary determination whether the petitioner is a party to, or can otherwise enforce, an arbitration agreement. For example, in deciding a petition to compel arbitration, a trial court may decide, based on the evidence before it, that the petitioner is a third party beneficiary to an existing arbitration agreement and therefore may enforce that agreement. *Id.,* at 425.

The only federal case following the wrongly decided *Melander* decision is the Judge Real's unpublished and non-precedential decision in *Nash v. UPS*, 2012 WL 1253127, 2012 U.S. Dist. LEXIS 53182 (C.D. Cal. 2012) which also relies on *Andrus v. Conroy Co.*, 480 F.2d 604, 606 (9th Cir. 1973). *Andrus* was initiated in federal court and, therefore, was based on the FAA and the LMRA, not state law governing confirmation of arbitration awards. This is confirmed in the *Andrus'* reliance for its holding on *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir. 1965) that was an action under the LMRA which simply stands for the proposition that under circumstances of breach of the duty of fair representation, an employee may "step in the shoes of the union to sue" to vacate the arbitration award but cannot relitigate the merits of the award. It

only addresses claims under §301(a) of the LMRA. Thus, *Nash* solely relies on *Melander* for its holding that California Code of Civil Procedure §§1285 *et seq.* does not permit the employee who was harmed and was the subject of the arbitration to bring a petition to enforce the award absent being specifically named as a party in the arbitration proceeding. In light of *Boulton*, the decisions in *Melander* and *Nash* should be disregarded as erroneous statements of California law.

**CONCLUSION**

For the foregoing reasons, this action should be remanded to state court and Defendant be obligated to pay Plaintiff's expenses and attorney fees incurred by reason of the removal.

LAW OFFICES OF SAMUEL F. GALICI
Attorneys for Petitioner.

DATED:  April 19, 2018        By: _____/s/_____
                                        SAMUEL F. GALICI

3