Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL F. GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:      (805) 654-1451
Facsimile:   (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Petitioner VERONICA FLORES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>Petitioner,<br><br>v.<br><br>DIGNITY HEALTH, *et al.*,<br><br>Respondents, | Case No. 2:18-cv-2471-JFW(AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date: May 14, 2018<br>Time: 1:30 P.M.<br>Place: Dept. 7B United States Courthouse<br>350 W. First St., Los Angeles |

**STATEMENT OF FACTS**

　　Petitioner Veronica Flores has been employed by Defendant Dignity Health as a Registered Nurse in the Emergency department of St. John's Hospital in Oxnard, California since 1994, a period of 23 years. She brings this petition pursuant to California Code of Civil Procedure §1285, *et seq.*, to confirm and reduce to judgment her award in the arbitration of her grievance against Respondent.

1

On April 9, 2015, Respondent terminated Petitioner's employment. (¶10) Her union, the Service Employees International Union (SEIU) filed a grievance on Petitioner's behalf that ultimately was arbitrated, and a decision was rendered by the arbitrator on August 7, 2017, requiring Petitioner's employment to be reinstated and awarding her back pay since the date of termination. Since the arbitrator's decision, Respondent has wholly failed to comply with it. (¶ 11- end of petition)

## I.  Plaintiff has standing to bring this petition as a third party beneficiary.

The contention that Petitioner lacks standing by reason of not being a signatory to the CBA is fallacious because only a party to a civil action is entitled to a judgment. If the SEIU were to petition, it could not obtain an award in favor of VERONICA FLORES but only in the name of the SEIU making it unenforceable by FLORES for whose benefit it was made. Cal. Code Civ. Proc. §664; *Cameron v. Feather River Forest Homes*, 139 Cal.App. 373 (1934) (Purpose of every judgment is to establish the rights of parties not nonparties.)

The history of application of California Code of Civil Procedure §§1285 *et seq.* has been that employees for whose benefit an arbitration award was rendered have had standing to petition to confirm the award. See, *e.g.*, *MacDonald v. San Diego State University*, 111 Cal.Ap.3d 67 (1980) where the petitioner was the employee.

The only California case interpreting the statute to prohibit an employee to petition to confirm an arbitration award in his or her favor is *Melander v. Hughes*, 194 Cal.App.3d 542 (1987) that has not been followed in any subsequent California appellate decisions. *Boulton v. USAA Casualty Ins. Co.*, 167 Cal.App.4th 412, 424-425 (2008), held that an intended beneficiary may enforce an arbitration agreement, citing numerous cases.

> Based on our consideration of the above cases in the context of Code of Civil Procedure section 1281.2 petitions to compel arbitration, we conclude the instant case is analogous to those cases in which the trial court makes the preliminary determination whether the petitioner is a party to, or can otherwise enforce, an arbitration agreement. For example, in deciding a petition to compel arbitration, a trial court may decide, based on the evidence before it, that the petitioner is a third party beneficiary to an

2

existing arbitration agreement and therefore may enforce that agreement. *Id.,* at 425.

The only federal case following the wrongly decided *Melander* decision is the Judge Real's unpublished and non-precedential decision in *Nash v. UPS*, 2012 WL 1253127, 2012 U.S. Dist. LEXIS 53182 (C.D. Cal. 2012) which also relies on *Andrus v. Conroy Co.*, 480 F.2d 604, 606 (9th Cir. 1973). *Andrus* was initiated in federal court and, therefore, was based on the FAA and the LMRA, not state law governing confirmation of arbitration awards. This is confirmed in the *Andrus'* reliance for its holding on *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir. 1965) that was an action under the LMRA which simply stands for the proposition that under circumstances of breach of the duty of fair representation, an employee may "step in the shoes of the union to sue" to vacate the arbitration award but cannot relitigate the merits of the award. It only addresses claims under §301(a) of the LMRA. Thus, *Nash* solely relies on *Melander* for its holding that California Code of Civil Procedure §§1285 *et seq.* does not permit the employee who was harmed and was the subject of the arbitration to bring a petition to enforce the award absent being specifically named as a party in the arbitration proceeding. In light of *Boulton*, the decisions in *Melander* and *Nash* should be disregarded as erroneous statements of California law.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss should be denied in its entirety. Alternatively, Petitioner seeks leave to amend.

                               LAW OFFICES OF SAMUEL F. GALICI
                               Attorneys for Petitioner.

DATED: April 19, 2018    By: _____/s/_____
                                     SAMUEL F. GALICI