SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES, an individual, | Case No. 2:18-cv-02471-JFW(AGRx) |
| Petitioner, | **REPLY IN SUPPORT OF DIGNITY HEALTH'S MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD** |
| v. | |
| DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive, | **[FRCP 12(b)(6)]** |
| Respondents. | Date: May 14, 2018<br>Time: 1:30 p.m.<br>Judge: John F. Walter<br>Crtrm: 7A |

## I. INTRODUCTION

Petitioner Veronica Flores's Opposition is based on a fundamental misunderstanding of how Labor Management Relations Act ("LMRA") preemption works. Section 301 of the LMRA governs actions brought by employees to vindicate their personal rights under a collective bargaining agreement ("CBA") even if those actions were initially brought in state court.

Flores is admittedly represented by the Service Employees International Union Local 121RN ("Union") in matters concerning her employment with Respondent Dignity Health. Flores worked pursuant to a CBA between the Union and Dignity Health, which governed the terms and conditions of her employment.

The Union filed a grievance on Flores's behalf and represented her at arbitration. On August 7, 2017, the arbitrator issued an award ordering that Flores be reinstated so long as a mutually agreed upon drug treatment specialist in consultation with Dignity Health's Employee Health Department determined that she is able to work unimpaired by her medications. (See Dkt. No. 1-2 at Exh. 1, p. 11.) The arbitrator retained jurisdiction over the award in order to resolve any disputes regarding the "remedies ordered or remanded." Id. at p. 11-12.

Flores seeks to confirm an arbitrator's award. Her petition is flawed for at least two reasons. Initially, Flores does not set forth any factual allegations in her Petition claiming the Union violated its duty of fair representation. Thus, this Court should dismiss the Petition for failure to state a claim and lack of standing under Section 301 of the LMRA. Alternatively, Flores lacks standing to confirm the arbitrator's award under either the Federal Arbitration Act ("FAA") or the California Arbitration Act ("CAA") because she was not a party to the arbitration. For these reasons, Dignity Health seeks an Order dismissing the Petition to Confirm the Arbitration Award.

## II. PETITIONER LACKS STANDING UNDER THE LMRA

Flores erroneously argues the LMRA does not govern this matter because it was initiated in state court. Flores does not cite a single decision in support of her extraordinary claim. Her assertion is at odds with decades of Ninth Circuit and Supreme Court precedent. The Supreme Court has recognized that there are "some federal statutes that have such 'extraordinary pre-emptive power' that they 'convert [] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Retail Prop. Trust v. United Bhd. Of Carpenters, 768 F.3d 938, 946 (9th Cir. 2014). "Once an area of state law has been completely preempted, any claim purportedly based on that purported state law is considered, from its inception, a federal claim and therefore arises under federal law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). Thus, "[w]hen a plaintiff raises such a completely preempted state law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law." Retail Prop. Trust, 768 F.3d at 947. The Ninth Circuit has recognized that:

> [c]omplete preemption is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim. Complete preemption is a limited doctrine that applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action.

Id. (internal quotation marks and citations omitted). The Supreme Court has recognized that Section 301 of the LMRA is one of these instances of "complete jurisdiction." Id. (citing Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 558-62 (1968). See also voluminous cases cited on pages 5-6 of Dignity Health's Opposition to Remand Petition finding subject matter jurisdiction over petition to confirm or enforce arbitration under Section 301 of the LMRA. Dkt. No. 18.

To confirm or challenge an arbitration award where the sole parties to the arbitration were the union and the employer, an employee must bring a so-called "hybrid" action under section 301 of the LMRA alleging *both* that the employer violated the CBA *and* that the union breached its duty of fair representation. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 163-165 (1985).  A union breaches its duty of fair representation when it acts in a "discriminatory, dishonest, arbitrary, or perfunctory" manner.  Id. at 164.  "[U]nless an employee can show that he was not fairly represented by the union, grievance and arbitration is the employee's *exclusive remedy* for breach of the agreement." Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984) (emphasis added), abrogated on other grounds by Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985).

Thus, "if there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." Katir v. Columbia Univ., 15 F.3d 23, 24-25 (2nd Cir. 1994) (dismissal granted where the employee failed to raise any allegations of unfair representation); see also Nash v. UPS, 2012 U.S. Dist. LEXIS 53182, *2 (C.D. Cal. 2012) ("an employee whose claims are arbitrated under a collective bargaining agreement between a union and employer has no standing to bring an action" concerning the arbitration award "since the employee was not a party to the contract under which the arbitration proceeded" unless they bring a hybrid claim under Section 301 of the LMRA); Walker v. SEIU, United Healthcare Workers – West, Case No. CV 12-816 (PSG) (VBKx) (C.D. Cal. August 10, 2012) (same); Ortiz v. United Parcel Service, Inc., 736 F.Supp.2d 428, 431 (D.P.R. 2010) (same).

Here, Flores does not set forth any factual allegations in her Petition claiming the Union violated its duty of fair representation.  Thus, this Court should dismiss the Petition for failure to state a claim and lack of standing.

### III. FLORES LACKS STANDING UNDER THE FAA

Flores similarly argues the FAA does not govern this matter because it was initiated in state court. Once again, Flores does not cite a single case in support of her proposition. Nor does she attempt to distinguish the voluminous cases cited in Dignity Health's Motion to Dismiss, several of which were initially filed in state court. See, e.g., Local 399 Staff Union v. SEIU, United Healthcare Workers – West, Case No. CV 12-816 (PSG)(VBKx) (C.D. Cal. Aug. 10, 2012) (Court dismissed petition to enforce "[b]ecause Petitioner was not a party to the arbitration" and lacked "standing to confirm the award under the FAA" after removing petition to enforce based on Section 301 of the LMRA); see also Local 13, Int'l Longshoremen's and Warehousemen's Union v. Pac. Mar. Assoc., 441 F.2d 1061, 1064 (9th Cir. 1971) (holding that a plaintiff could not move to vacate an arbitration award under the FAA because he was not a party to the arbitration); Dwyer v. Eagle Marine Servs. Ltd., Oakland, 2011 WL 2600916, at *4 (N.D. Cal. June 30, 2011) (same); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 131 (4th Cir. 2002) ("An individual employee represented by a union ... generally does not have standing to challenge, modify, or confirm an arbitration award because he was not a party to the arbitration."). As demonstrated, the only parties to the arbitration were the Union and Dignity Health. See Dkt. No. 1-2 [Petition, Exh. 1, p. 1]. Thus, because Flores was not a party to the arbitration, she lacks standing to confirm the award under the FAA and a dismissal is warranted.

### IV. FLORES LACKS STANDING UNDER THE CAA

Even assuming *arguendo* the CAA applies as Flores contends, the same result occurs. Flores requests confirmation under California Code of Civil Procedure section 1285, a provision of the CAA. See Dkt. No. 1-2 [Petition]. Precisely like the FAA, the CAA provides that "[a]ny *party* to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." Cal. Code Civ. Proc. § 1285 (emphasis added). See also Melander v. Hughes Aircraft

-5-

Co., 194 Cal.App.3d 542, 547-48 (1987) ("Since appellant was not a party to the agreement between his union and his employer, he does not have standing to vacate the arbitration award.")  Again, Flores was not a party to the arbitration.  See Dkt. No. 1-2 [Petition, Exh. 1, p. 1].  While Flores acknowledges the California Court of Appeal's decision in Melander, she remarkably claims Melander was "wrongly decided."  This assertion is baseless.  Melander remains good law in California and is supported by the weight of federal decisions interpreting Section 301 and the FAA.  While Flores cites to two California appellate decisions as purported support for her proposition that Melander is no longer good law, MacDonald v. San Diego State University, 111 Cal.App.3d 67 (1980) and Boulton v. USAA Casualty Ins. Co.,167 Cal.App.4th 412 (2008), these cases did not cite to or attempt to distinguish Melander.  This is because both of these decisions have nothing to do with claims arising under collective bargaining agreements, much less an employee's standing to enforce an arbitration award when (as here) their unions have decided not to.  Accordingly, under the CAA, Flores lacks standing to confirm the arbitrator's award and her Petition should be dismissed.

## V. CONCLUSION

Based on the foregoing, the Court should grant Respondent Dignity Health's motion to dismiss.

Dated:  April 30, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     s/ Lindsay Holloman
RICHARD J. SIMMONS
DANIEL J. McQUEEN
LINDSAY M. HOLLOMAN
KEAHN N. MORRIS
Attorneys for Respondent
DIGNITY HEALTH