**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 18-2471-JFW(AGRx)**                              Date: May 11, 2018

Title:    Veronica Flores -*v*- Dignity Health, et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PETITIONER:** | **ATTORNEYS PRESENT FOR RESPONDENT:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING RESPONDENT DIGNITY HEALTH'S MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD [filed 4/6/2018; Docket No. 16]**

                                                           **ORDER DENYING AS MOOT PETITIONER VERONICA FLORES' MOTION FOR REMAND [filed 4/6/2018; Docket No. 15]**

On April 6, 2018, Respondent Dignity Health ("Dignity Health") filed a Motion to Dismiss Petition to Confirm Arbitration Award. On April 19, 2018, Petitioner Veronica Flores ("Petitioner") filed her Opposition. On April 30, 2018, Dignity Health filed its Reply.

In addition, on April 6, 2018, Petitioner filed a Motion for Remand. On April 13, 2018, Dignity Health filed its Opposition. On April 19, 2018, Petitioner filed her Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for May 14, 2018 are hereby vacated and the matters taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Dignity Health, a California corporation, is the fifth largest health system in the United States and the largest hospital provider in California. Dignity Health operates 358 hospitals, care centers, and clinics in California, including St. John's Regional Medical Center ("SJRMC") in Oxnard, California. Petitioner, a citizen of California, was employed by Dignity Health for 23 years as a

Registered Nurse in the Emergency Department of SJRMC.  During her employment, she was a member of the Service Employees International Union ("SEIU") and worked under the terms of a Collective Bargaining Agreement ("CBA") between SEIU and Dignity Health.

In February of 2014, Petitioner complained about insufficient staffing of nurses, and she also completed an "Assignment Dispute Objection" form ("Dispute Form"), which is a form created by the SEIU.  Specifically, Petitioner complained that SJRMC was violating a state law that requires hospitals to adhere to particular nurse to patient ratios, including staffing one nurse for every one patient placed on a "5150" psychiatric hold.  The Dispute Form was submitted to SJRMC's nursing supervisor, the director of the department, and an SEIU representative.  It was also faxed to the State Department of Health Services, the Board of Registered Nursing, the Board of Vocational Nursing and Psychiatric Treatment, and Cal-OSHA.  As a result, Dignity Health and state officials investigated Petitioner's complaint.

On April 1, 2014, Petitioner had a disagreement with her supervisor, Sherry Sterling, about whether Petitioner had submitted her Mandatory Nursing Review—which nurses were required to complete yearly.  Near the end of Petitioner's shift, Debbie Gaultieri, Nurse Supervisor, instructed Petitioner to report to Sterling's office for a meeting.  During the meeting, Gaultieri told Petitioner that other nurses had reported concerns about Petitioner's patient care and suspected that Petitioner may be under the influence.  As a result, Petitioner was told she would need to take a drug test.  Petitioner stated that she had not taken any medications that day, but had taken prescription pills the night before for neck injuries she suffered in 2007 and 2010.  Petitioner was immediately suspended and escorted by security to another facility to undergo a drug test.

During her suspension, Petitioner met with representatives from Dignity Health and the SEIU several times regarding her work performance.  Petitioner's suspension lasted 57 days, and she returned to work on May 27, 2014.  While Petitioner was suspended and shortly after she returned to work, the SEIU filed grievances on Petitioner's behalf related to Dignity Health's failure to return her to work within fourteen days and failure to progressively discipline her in accordance with the terms of the CBA.

On July 16, 2014, Petitioner provided Dignity Health with a doctor's note, which required one of her three weekly shifts to be sedentary.  Her request for reasonable accommodation was subsequently denied, and she was placed on involuntary leave without pay from July 17, 2014 until August 1, 2014.  She returned to work on August 5, 2014 and provided Dignity Health with documentation indicating that she could fully resume her regular work duties.

On April 9, 2015, Dignity Health terminated Petitioner's employment.  On April 24, 2015, the SEIU filed a grievance on her behalf for wrongful termination in violation of the terms of the CBA. The parties proceeded to arbitration.  On August 7, 2017, the arbitrator entered an award in favor of Petitioner and ordered Dignity Health to reinstate Petitioner, subject to specific conditions, and provide her with back pay.

On February 2, 2018, Petitioner filed a Petition for Confirmation of Arbitration Award and Entry of Judgment, pursuant to Code of Civil Procedure Sections 1285 *et seq.*  On March 27, 2018, Dignity Health removed the action to this Court.

On April 6, 2018, Dignity Health filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Petitioner lacks standing to pursue this action.

## II.    LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Tech., Inc. v. High-Line Med. Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Tech.*, 922 F. Supp. at 304 (citing *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.    DISCUSSION

Dignity Health argues that this action must be dismissed because Petitioner lacks standing to petition the Court to confirm the arbitration award.  Petitioner argues that she has

standing to bring this action under California Code of Civil Procedure Section 1285 because she is a third party beneficiary of the arbitration agreement.[1]

Section 1285 of the California Code of Civil Procedure provides that "any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." Pursuant to Section 1280(e) a "party to the arbitration" is a party to the arbitration agreement: (1) who seeks to arbitrate a controversy pursuant to the agreement; (2) against whom such arbitration is sought pursuant to the agreement; or (3) who is made a party to such arbitration by order of the neutral arbitrator upon such party's application, upon the application of any other party to the arbitration or upon the neutral arbitrator's own determination.

Under California law, "when an employee grievance is arbitrated under the terms of a collective-bargaining agreement between an employer and a union, the individual employee does not have standing to petition to vacate [or confirm] an award unless the collective-bargaining agreement contains a provision expressly giving employees themselves the right to submit disputes to arbitration", or "the arbitrator has made the employee a party to the arbitration under Code of Civil Procedure [S]ection 1280 subdivision 3." *Melander v. Hughes Aircraft Co.*, 194 Cal. App. 3d 542, 543–44 (1987).

It is undisputed that the only parties to the CBA are SEIU and Dignity Health. *See* Docket No. 1-5. The CBA provides that the SEIU may submit a written request to resolve a dispute in arbitration. *Id.* at 114. Petitioner has not identified any provision of the CBA that expressly or impliedly provides employees the right to submit a dispute to arbitration. In addition, there is nothing in the arbitrator's opinion that suggests that Petitioner was made a party to the arbitration proceeding within the meaning of Section 1280(e). Accordingly, the Court concludes that Petitioner has failed to demonstrate that she was a party to the arbitration within the meaning of Section 1285.

Petitioner argues that even if she was not a formal party to the arbitration, the Court should conclude she has standing to petition the Court to enforce the arbitration award because she is a third-party beneficiary of the arbitration agreement. *See Bouton v. USAA Cas. Ins. Co.*, 167 Cal. App. 412 (2008). According to Petitioner, she sought (through the SEIU) to arbitrate her dispute with Dignity Health, she was the subject of the arbitration, and she suffered actual harm; therefore, she is entitled to enforce the arbitration award. However, Petitioner's argument directly contradicts and ignores California and Ninth Circuit case law, which clearly establishes that an individual employee does not have standing to petition to vacate or confirm an arbitration award unless the relevant CBA expressly provides the employee with a right to submit a dispute to arbitration or the employee is a party to the arbitration under Section 1280. *Melander*, 194 Cal. App. 3d at 543–44;

---

[1] Dignity Health also argues that Petitioner lacks standing to assert her claims under the Labor Management Relations Act (the "LMRA") and the Federal Arbitration Act (the "FAA"). Although Petitioner did not address these arguments in her Opposition, the Court has considered these arguments and concludes that Petitioner lacks standing under the LMRA and FAA because she was not a party to the CBA or the arbitration proceeding and did not assert a claim against the SEIU for breach of its duty of fair representation. *See e.g., Meeks v. HMS Host*, 2011 WL 5416191, at *3 (N.D. Cal. Nov. 8, 2011), *aff'd* 519 Fed. App'x. 513 (9th Cir. 2013).

Initials of Deputy Clerk _sr_

*See e.g., Meeks v. HMS Host*, 519 Fed. App'x. 513, 514 (9th Cir. 2013) (citing *Melander* for the proposition that "only a party to the arbitration agreement has standing to petition to vacate an arbitration decision, and that the employee-union member lacked standing to attack the arbitration award"). Moreover, Petitioner's reliance on the *Bouton* decision to support her argument is unpersuasive because that decision is not binding on this Court and it is factually distinguishable. Accordingly, the Court concludes that Petitioner lacks standing to enforce the arbitration award. Because Petitioner cannot demonstrate that she has standing, the Court concludes that granting leave to amend would be futile.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dignity Health's Motion to Dismiss, and the Petition to Confirm Arbitration Award is **DISMISSED** without leave to amend. In light of the Court's ruling, Petitioner's Motion for Remand is **DENIED** as **MOOT**.


IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_