Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL F. GALICI
4333 Park Terrace Dr. Suite 120
Westlake Village, CA 91361
Phone:       (805) 654-1451
Facsimile:   (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Plaintiff VERONICA FLORES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>                    Petitioner,<br><br>v.<br><br><br><br>DIGNITY HEALTH, *et al.*,<br><br>                    Respondents, | Case No. 2:18-cv-2471-JFW(AGRx)<br><br><br><br>**JOINT STATEMENT RE: PRE-FILING CONFERENCE FOR MOTION FOR NEW TRIAL** |

Petitioner VERONICA FLORES and Respondent DIGNITY HEALTH hereby submit their joint statement confirming compliance with Standing Order 5(b) and L.R. 7-3.

1.    <u>Date</u>: On June 4, 2018, Petitioner sent a letter by email attachment to Respondent seeking a conference of counsel on her intended motion for new trial or to alter or amend judgment setting forth the grounds for the motion and the statutes, rules and caselaw supporting them. In the letter, Petitioner requested a telephone conference. On June 5, 2018, the conference of counsel was held.

-1-

2.  <u>Duration</u>: The conference lasted approximately 7 minutes.

3.  <u>Communication Method</u>: The conference took place by telephone.

4.  <u>Participants</u>:

    For Plaintiff: Samuel F. Galici, Plaintiff's lead counsel

    For Respondent: Lindsay M. Holloman, Defendant's counsel.

<u>Issues Discussed, Resolved and Remaining</u>:

1.  Petitioner's Contentions:  Petitioner asserted that 28 USC §1447(c) expressly does not permit the district court to make substantive ruling in a case in which it has no subject matter jurisdiction. Despite that the Ninth Circuit attempted to carve out a "futility" exception where the plaintiff or petitioner lacks standing or where the state court also lacks jurisdiction in *Bell v. City of Kellog*, 922 F.2d 1418 (9th Cir. 1991), the Supreme Court rejected it in *Int'l Primate Prot. League v. Adm'rs. Of Tulane Educ. Fund*, 500 U.S. 72, 89, which was followed in *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197-1199 (9th Cir. 2016). Remand is mandatory even where plaintiff or petitioner lacks standing in both federal and state court. *Id*.; *Advocates for Individuals with Disabilities, LLC v. WSA*, 210 F.Supp.3d 1213, *1224 (D. Ariz. 2016). Petitioner further asserted that the relief sought by the motion would be to set aside the judgment, remand the case to state court and award attorney fees, contending that neither a showing of bad faith nor a lack of substantial justification is necessary for the court to award fees and costs under Section 1447(c). See, *Moore v. Permanente Medical Group, Inc*., 981 F.2d 443, 447 (9th Cir. 1992). The district court may award costs and fees even when a defendant's removal, while "fairly supportable," is wrong as a matter of law. See *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 at n.6 (9th Cir. 2000). Petitioner maintains that it was an abuse of discretion to fail to grant attorney fees on the motion for remand. Petitioner also challenges the court's dismissal of the action with prejudice and without leave to amend. This prevents her from filing her case in state court

-2-

and litigating the dispute regarding her lack of standing in the state courts where it belongs. See, *Randolph v. Ing Life Ins. & Annity Co.*, 486 F.Supp.2d 1, 11 (D. DC. 2007) ("Cognizant of the fact that the Superior Court for the District of Columbia may also conclude that Plaintiffs lack the requisite standing to pursue their claims in that forum, the Court shall leave such a decision to the discretion of the Superior Court, and remand this case pursuant to 28 U.S.C. § 1447(c).") It also prevents her from amending her petition to add a claim for breach of the duty of fair representation by the SEIU which would provide a basis for federal jurisdiction. The fact that the SEIU failed to file a petition to confirm the arbitration award by now, almost a years since the arbitration award, even though there has been no performance by Dignity Health in compliance with the award is itself a strong basis for asserting the breach of the duty of fair representation. Petitioner responded that, still, the only ruling authorized by §1447(c) is remand, not dismissal.

Respondent's Contentions:  Respondent contends that the Court properly exercised jurisdiction in dismissing the Petition to Confirm the Arbitration Award on the basis that Petitioner lacked standing confirm the award because she was not party to the underlying collective bargaining agreement.  Respondent further contends that Petitioner's intent to refile the petition in state court would be precluded by the doctrines of res judicata and collateral estoppel.

The parties were unable to resolve these issues.

LAW OFFICES OF SAMUEL F. GALICI
Attorneys for Petitioner

DATED:  June 5, 2018          By: _____/S/_____
                                          SAMUEL F. GALICI

-3-

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RICHARD J. SIMMONS, DANIEL J. McQUEEN
LINDSAY M. HOLLOMAN, KEAHN N. MORRIS
Attorneys for Respondent

DATED:  June 7, 2018          By: _____ /s/*Lindsay M. Holloman*_____
                                    LINDSAY M. HOLLOMAN

-4-