1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    RICHARD J. SIMMONS, Cal. Bar No. 72666
3   DANIEL J. McQUEEN, Cal. Bar No. 217498
    LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
4   333 South Hope Street, 43rd Floor
    Los Angeles, California 90071-1422
5   Telephone:  213.620.1780
    Facsimile:   213.620.1398
6
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7     A Limited Liability Partnership
      Including Professional Corporations
8   KEAHN N. MORRIS, Cal. Bar No. 273013
    Four Embarcadero Center, 17th Floor
9   San Francisco, California 94111-4109
    Telephone:  415.434.9100
10  Facsimile:   415.434.3947

11  Attorneys for Respondent
    DIGNITY HEALTH

12

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16  VERONICA FLORES, an individual,    | Case No. 2:18-cv-02471-JFW(AGRx)

17              Petitioner,            | **OPPOSITION TO MOTION FOR
                                       | NEW TRIAL**
18          v.

19  DIGNITY HEALTH, a California       | Date:     July 9, 2018
    corporation, and DOES 1 through 5, | Time:     1:30 p.m.
20  Inclusive,                         | Judge:    John F. Walter
                                       | Crtrm:    7A
21              Respondents.

22

23

24

25

26

27

28

SMRH:486730138.2                          OPPOSITION TO MOTION FOR NEW TRIAL

# I.  INTRODUCTION

Petitioner Veronica Flores claims the Court lacked subject matter jurisdiction over this matter and, thus, improperly ruled on Respondent's motion to dismiss. Flores is incorrect.  To grant the present motion for a new trial, the Court would need to conclude it previously erred when finding that it had jurisdiction under the Federal Arbitration Act and the Labor Management Relations Act.  However, as the Court has already concluded, such jurisdiction existed.

On the merits, the Court also correctly determined that Flores lacked standing to enforce the arbitration award under both state and federal law because, unlike the Union and Respondent, she was not a party to the arbitration.

Flores also claims the Court abused its discretion by dismissing the action with prejudice, denying her the opportunity to amend her complaint to include a claim against the Union for breach of the duty of fair representation.  However, Flores ignores she originally had that opportunity but declined to:  (1)  include the claim in her original complaint; or (2) amend her complaint to include such a claim after the issue was explicitly noted in Respondent's motion to dismiss.  Thus, Flores waived that right.

Finally, Flores contends the Court abused its discretion by denying her request for attorneys' fees.  However, in order to award such fees, the Court had to substantively rule on Flores' motion for remand, which it did not.  Instead, it denied the motion as moot.  In any event, Dignity Health acted in good faith in removing the action.  As such Flores' motion for new trial should be denied.

# II.  PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On February 2, 2018, Flores filed a "Petition for Confirmation of Arbitration Award" in the Superior Court of California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA.  Dkt. No. 1-2 [Petition].

1   As her Petition confirms, at all material times, Flores was employed by
2   Dignity Health and worked under the terms of a CBA between it and the Union.
3   Dkt. No. 1-2 [Petition, ¶ 9]; Dkt. No. 1-5 [Declaration of Amy Mantell, Exh. A –
4   CBA].  The "preamble" of the CBA states the agreement "is between Dignity Health
5   [] and Service Employees International Union Local 121RN."  CBA at p. 6.  While
6   the grievance procedure of the CBA allows individual grievances, the CBA allows
7   *only* the Union to move a matter to arbitration.  CBA at p. 108-109.
8   During and directly following her employment, the Union filed grievances
9   against Dignity Health on Flores' behalf claiming – among other things – that
10   Dignity Health lacked "just cause" under the CBA to terminate her employment.
11   Dkt. No. 1-2 [Petition, ¶ 11-13].  The Union submitted the grievances to arbitration
12   pursuant to the CBA and an arbitration took place.  Dkt. No. 1-2, Exhibit A [Petition
13   ¶¶ 8-9, 11-13].
14   On August 7, 2017, the arbitrator issued an Award on the grievances.  In her
15   Petition, Flores alleges the arbitrator found that Dignity Health did not have just
16   cause to terminate her employment under the CBA and ordered her reinstatement.
17   Dkt. No. 1-2 [Petition, ¶ 11 and Exh. 1 at p. 11].  Flores also alleges that since the
18   award was issued, Dignity Health "has failed and refused to take action to comply
19   with it and has failed and refused to return Petitioner to employment and to pay her
20   the back pay and benefits as the arbitrator has awarded."  Id. at ¶¶ 10, 12.  At no
21   point does Flores allege that the Union breached its duty of fair representation.  Id.
22   On April 6, 2018, Dignity Health filed a motion to dismiss Flores' Petition.
23   On May 11, 2018, the Court entered an Order granting Dignity Health's motion and
24   denying Flores' motion for remand as moot.  Dkt. No. 32 [Order].
25
26
27
28

# III.  ARGUMENT

**A.    Flores' Motion Should Be Denied Because The Court Had Jurisdiction**

Flores argues that where a court finds it lacks subject matter jurisdiction, the court is not authorized to dismiss the action.  However, here, the Court previously determined it had jurisdiction under at least two federal statutes:  the Federal Arbitration Act ("FAA") and the Labor Management Relations Act ("LMRA").  (See Dkt. No. 32 [Order Granting Motion to Dismiss].)  This finding was correct.

Section 301 of the LMRA represents a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts."  Allis-Chalmers v. Lueck, 471 U.S. 202, 209-210 (1985).  The preemptive force of Section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement.  Franchise Tax Bd. V. Laborers Vacation Trust, 463 U.S. 1, 23 (1982); Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1048 (9th Cir. 1987).  Section 301 creates jurisdiction for federal district courts over "suits for violation of contracts between an employer and a labor organization representing employees."  29 U.S.C. § 185.  See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562 (1976).  Suits under Section 301 "encompass those seeking to vindicate 'uniquely personal' rights" under a collective bargaining agreement.  Id. (quoting Smith v. Evening News Ass'n, 371 U.S. 195, 198-200 (1962)).

Here, because Flores' claim is "clearly founded upon an alleged breach of the collective bargaining agreement" in that she contends Dignity Health breached the CBA by failing to abide by the arbitrator's award, this Court had subject matter jurisdiction over her petition to confirm or enforce the arbitration award.  See, e.g., Sheet Metal Workers Intl Assn Local Union No. 359 v. Madison Indus. Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1996) (district court had jurisdiction under LMRA to address petition to enforce arbitration decision); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960) (federal courts

-4-

1  have jurisdiction over enforcement of arbitration awards under LMRA); <u>Diaz v.</u>
2  <u>Schwerman Trucking Co.</u>, 709 F.2d 1371, 1371-1372 (11th Cir. 1983) (LMRA
3  governs employee's petition to enforce arbitration decision); <u>Sanders v. Pechiney</u>
4  <u>Rolled Products, LLC</u>, 259 F.Supp.2d 463, 467-468 (W.V.A. 2003) (LMRA grants
5  federal jurisdiction over employee's petition to enforce arbitrator's award); <u>Nash v.</u>
6  <u>UPS</u>, 2012 U.S. Dist. LEXIS 53182, *2 (C.D. Cal. 2012) (LMRA governs petition
7  to vacate arbitration decision initially filed under California law).

8          Thus, Flores' motion for new trial should be denied because to grant it, the
9  Court would have to concede it did not have jurisdiction, which the Court already
10 correctly determined it did.

11 **B.     <u>Flores Was Not A Party To The Arbitration, Thus She Lacked Standing</u>**
12         **<u>To Confirm The Arbitration Award</u>**

13         Flores ineffectively argues that a state court may have ruled differently than
14 this Court as to whether she has standing to enforce or confirm the arbitration
15 award.  Flores' argument ignores the fact that this Court correctly exercised subject
16 matter jurisdiction when it determined that under *both* California Code of Civil
17 Procedure Section 1285 and the FAA, Flores lacked such standing.  Dkt. No. 32
18 [Order Granting Motion to Dismiss].  As the Court found, "an individual employee
19 does not have standing to petition to vacate or confirm an arbitration award unless
20 the relevant CBA expressly provides the employee with a right to submit a dispute
21 to arbitration or the employee is a party to the arbitration under Section 1280."  <u>Id.</u>
22 at 4-5 (citing <u>Melander v. Hughes Aircraft Co.</u>, 194 Cal.App.3d 542, 543-544
23 (1987).  The Court also cited to a Ninth Circuit case for the same proposition.  <u>See</u>
24 <u>e.g.</u>, <u>Meeks v. HMS Host</u>, 519 Fed.App'x. 513, 514 (9th Cir. 2013) ("only a party to
25 the arbitration agreement has standing to petition to vacate an arbitration decision,
26 and that the employee-union member lacked standing to attack the arbitration
27 award").

28

SMRH:486730138.2

1    Despite the Court's express disapproval of <u>Bouton</u> as both unpersuasive and

2    distinguishable on the facts, Flores still primarily relies on the case to argue that she

3    has standing as a third-party beneficiary.  <u>Bouton v. USAA Cas. Ins. Co.</u>, 167

4    Cal.App.4th 412 (2008).  <u>Bouton</u> remains inapposite.  It is well settled under federal

5    and state law that an individual must be a party to the underlying arbitration in order

6    to confirm the arbitration award.

7    Under Section 9 of the FAA, "any *party* to the arbitration may apply to the

8    court ... for an order confirming the award." (emphasis added).  As demonstrated,

9    the only parties to the arbitration were the Union and Dignity Health.  <u>See</u> Dkt. No.

10   1-2 [Petition, Exh. 1, p. 1].  Because Flores was not a party to the arbitration, she

11   lacks standing to confirm the award under the FAA.  <u>See</u> <u>Int'l Longshoremen's and</u>

12   <u>Warehousemen's Union v. Pac. Mar. Assoc.</u>, 441 F.2d 1061, 1064 (9th Cir. 1971);

13   <u>Dwyer v. Eagle Marine Servs. Ltd., Oakland</u>, 2011 WL 2600916, at *4 (N.D. Cal.

14   June 30, 2011); <u>Bryant v. Bell Atl. Md., Inc.</u>, 288 F.3d 124, 131 (4th Cir. 2002);

15   ("An individual employee represented by a union ... generally does not have

16   standing to challenge, modify, or confirm an arbitration award because he was not a

17   party to the arbitration."); <u>Local 399 Staff Union v. SEIU, United Healthcare</u>

18   <u>Workers – West</u>, Case No. CV 12-816 (PSG)(VBKx) (C.D. Cal. Aug. 10, 2012)

19   ("Because Petitioner was not a party to the arbitration, she lacks standing to confirm

20   the award under the FAA.").  Here, since Flores was not a party to the arbitration,

21   she does not have standing to confirm the arbitrator's award under the FAA.

22   The same result occurs under the Section 1285 of the Code of Civil

23   Procedure (i.e., the California Arbitration Act).  Precisely like the FAA, Section

24   1285 provides that "[a]ny *party* to an arbitration in which an award has been made

25   may petition the court to confirm, correct or vacate the award."  C.C.P. § 1285

26   (emphasis added); <u>see also</u> <u>Melander</u>, 194 Cal.App.3d at 547-548 (1987) ("Since

27   appellant was not a party to the agreement between his union and his employer, he

28   does not have standing to vacate the arbitration award.")  Again, Flores was not a

OPPOSITION TO MOTION FOR NEW TRIAL

1  party to the arbitration.  <u>See</u> Dkt. No. 1-2 [Petition, Exh. 1, p. 1].  Accordingly,

2  under Section 1285, she also lacks standing to confirm the arbitrator's award.

3  As such, whether this case was before this Court or a state court, there is no

4  doubt that Flores lacked standing to confirm the arbitration award.

5  **C.**    **<u>The Court Did Not Abuse Its Discretion By Dismissing The Petition With</u>**

6  **<u>Prejudice And Denying Flores Leave to Amend</u>**

7  Flores claims the Court abused its discretion by dismissing her Petition with

8  prejudice and without leave to amend.  Flores argues the Court's actions unfairly

9  preclude her from amending her petition to allege the Union breached its duty of fair

10  representation.  However, the Court has already made a determination on this very

11  issue.  As explained in the order granting dismissal, "A Court does not need to grant

12  leave to amend in cases where the Court determines that permitting a plaintiff to

13  amend would be an exercise in futility."  <u>See</u>, <u>e.g.</u>, <u>Rutman Wine Co. v. E. & J.</u>

14  <u>Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not

15  an abuse of discretion where the pleadings before the court demonstrate that further

16  amendment would be futile."); Dkt. No. 32 [Order Granting Motion to Dismiss] at

17  3.  Here, as previously determined, Flores does not have standing to confirm the

18  arbitration award.  Thus, any amendment would be futile.  <u>Id.</u> at 5 (finding that

19  because the "Petitioner cannot demonstrate that she has standing, the Court

20  concludes that granting leave to amend would be futile.").

21  Moreover, Flores knew of the opportunity to file a claim for breach of the

22  duty of fair representation against the Union when she filed her petition initially, and

23  certainly had ample opportunity to seek leave to amend the petition to include such a

24  claim once Respondent raised the issue in its motion to dismiss.  She chose not to

25  and thus waived the opportunity.  As such, the Court did not abuse its discretion by

26  dismissing the petition with prejudice and denying leave to amend.

27  / / /

28  / / /

-7-

**D.**     **The Court Did Not Abuse Its Discretion By Denying Fees**

Lastly, Flores argues the Court abused its discretion by denying her attorneys' fees. However, Flores ignores that the Court did not make a substantive ruling on her motion for remand, which contained her request for attorneys' fees. The Court only denied Flores' motion for remand as moot because it granted Dignity Health's motion to dismiss. See Dkt. No. 32 at 5. Thus, the Court could not have abused its discretion since it never substantively ruled on Flores' motion for remand in the first place. In any event, there is no evidence to suggest that Dignity Health's removal of the action was raised in bad faith. As the Court concluded, jurisdiction existed. Thus, the Court did not abuse its discretion.

## IV.  CONCLUSION

For all of the foregoing reasons, Dignity Health respectfully requests that Flores' motion be denied.

Dated:  June 18, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _Lindsay Holloman_
_____
RICHARD J. SIMMONS
DANIEL J. McQUEEN
LINDSAY M. HOLLOMAN
KEAHN N. MORRIS

Attorneys for Respondent
DIGNITY HEALTH

-8-