Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL F. GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:        (805) 654-1451
Facsimile:    (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Petitioner VERONICA FLORES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

VERONICA FLORES,

               Petitioner,

v.

DIGNITY HEALTH, *et al*.,

               Respondents,

Case No. 2:18-cv-2471-JFW(AGRx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR NEW TRIAL**

Date: July 30, 2018
Time: 1:30 P.M.
Place: Dept. 7B United States Courthouse
     350 W. First St., Los Angeles

# TABLE OF CONTENTS

Introduction …………………………………………………………………… 1

Statement of Facts ………………………………………………….. 2

Legal Argument …………………………………………………. 2

  **I.**  MOTION FOR NEW TRIAL STANDARDS …………………………….. 2

  **II.**  WHERE THE DISTRICT COURT FINDS IT LACKS SUBJECT MATTER
JURISDICTION AFTER REMOVAL, THE ACTION MUST BE REMANDED
TO STATE COURT UPON MOTION FOR REMAND AND THE COURT IS
NOT AUTHORIZED TO TAKE ANY OTHER ACTION, INCLUDING
DISMISSAL OF THE ACTION ………………..……………………….. 4

  **III.**  THE PETITION IN THIS ACTION CREATED NO SUBJECT MATTER
JURISDICTION AND NONE EXISTS BECAUSE THE PETITION DOES
NOT RAISE A SUBSTANTIAL QUESTION OF FEDERAL LAW …………. 8

  **IV.**  NEITHER THE LMRA OR THE FAA PREEMPT STATE LAW GOVERNING
THE CONFIRMATION OF ARBITRATION DECISIONS ARISING FROM
COLLECTIVE BARGAINING AGREEMENTS …………………………... 12

  **V.**  IT CANNOT BE DETEMINED WITH ABSOLUTE CERTAINTY THAT
THE STATE COURT WOULD FIND THAT PETITIONER LACKS
STANDING…………………………………………………………………... 13

  **VI.**  IT WAS AN ABUSE OF DISCRETION TO DISMISS THE PETITION
WITH PREJUDICE AND WITHOUT LEAVE TO AMEND, BARRING
PETITIONER FROM BRINGING AN ACTION FOR CONFIRMATION
OF THE ARBITRATION DECISION BASED ON THE UNION'S BREACH
OF THE DUTY OF FAIR REPRESENTATION ……………………… 19

  **VII.**  IT WAS AN ABUSE OF DISCRETION FOR THE COURT DENY
PETITIONER ATTORNEY FEES ………………………………….. 21

CONCLUSION …………………………………………………… 21

i

# TABLE OF AUTHORITIES

<u>CASES</u>

*Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ………….   3

*Advocates for Individuals with Disabilities LLC v. WSA* ………………………… 6-7
    210 F. Supp. 3d 1213 (D. Ariz. 2016)

*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) ……………… 12-13

*Andrus v. Conroy Co.*, 480 F.2d 604, 606 (9th Cir. 1973) ………………………… 18

*ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ………………………………   5

*Balcorta v. Twentieth Century Fox Film Corp.* …………………………………..   21
    208 F.3d 1102, 1106 at n.6 (9th Cir. 2000).

*Bell v. City of Kellogg,* 922 F.2d 1418, 1424 (9th Cir. 1991) …………………… 4-7

*Boulton v. USAA Casualty Ins. Co.*, 167 Cal.App.4[th] 412, 424-425 (2008) ……. 13-19

*Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997) ………   5

*Cable Connection, Inc. v. DIRECTV, Inc.*, 44 Cal.4[th] 1334, 1350-1351 (2008) ….  13

*Cameron v. Feather River Forest Homes*, 139 Cal.App. 373, 378 (1934) ……….  17

*Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833-834 (9th Cir. 2004) ……….  9-11

*Circuit City Stores v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) …………………  9, 12

*City of Hope v. Bryan Cave, L.L.P.*, 102 Cal.App.4th 1356, 1371(2002) ………...  15

*Coalition to Defend Affirmative Action v. Brown* …………………………………   3
    674 F.3d 1128, 1133 (9th Cir. 2012)

*Dryer v. Los Angeles Rams*, 40 Cal.3d 406, 418 (1985) ………………………….  14

*Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996) ………………………….   6

*Flores v. Evergreen at San Diego, LLC* …………………………………………..  15
    148 Cal.App.4th 581, 586–587, 594 (2007)

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) …… 8, 9

*Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* …………………………..   9
    7 F.3d 882, 884 (9th Cir. 1993)

*Gaus v. Miles, Inc.,* 980 F.2d 564, 565 (9th Cir. 1992) …………………………..   6

*Gonzales v. Crosby*, 545 U.S. 524, 534 (2005) …………………………………...   3

*Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir. 1965) ..   18

*Harris v. Superior Court,* 188 Cal.App.3d 475, 478 (1986) ……………………..   14

*Hill v. Vanderbilt Capital Advisors, LLC* ……………………………………… 6, 7
   702 F.3d 1220, 1225-26 (10th Cir. 2012*)*

*International Primate Protection League v. Administrators*
   *of Tulane Educational Fund*, 500 U.S. 72, 88-89 ……………………………. 5-6

*Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.* ……………………………….. 17-18
   160 Cal.App.2d 290, 296-297 (1958);

*Johnson v. IRS*, 888 F. Supp. 1495, 1503 (C.D. Cal. 1994) ……………………...   3

*Kieslich v. United States*, 258 F.3d 968, 970 (9th Cir. 2001) ……………………..   4

*Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ……………. 3-4

*Lingle v. Norge Civ. Of Magic* Chef, 486 U.S. 399 (1988) ………………………   10

*Luong v. Circuit City Stores, Inc.* 368 F.3d 1109, 1111 (9th Cir. 2004) ………….   9

*MacDonald v. San Diego State University*, 111 Cal.Ap.3d 67 (1980) …… 13-14, 17, 19

*McMullen v. Fluor Corp.*, 81 Fed. Appx. 197, 199 (9th Cir. 2003) ……………..   20

*Melander v. Hughes*, 194 Cal.App.3d 542 (1987) ………………………………... 18-19

*Meeks v. HMS Host*, 519 Fed.Appx. 513, 514 (9th Cir. 2013) ……………………   19

*Merrell Dow Pharm. Inc. v. Thompson*, 463 U.S. 1, 9 (1983) ……………………. 8, 9

*Miller v. Gammie,* 335 F.3d 889, 899 (9th Cir. 2003) …………………………….   6

*Montes v. San Joaquin Cmty, Hosp.*, 2014 U.S. Dist. LEXIS 11252, *13 ……….   13
   (|E.D. Cal. 2014)

*Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) ...   21

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* ……………. 8, 9
   460 U.S. 1, 25, n. 32 (1983)

*Nash v. UPS*, 2012 WL 1253127 ……………………………………………… 18-19
   2012 U.S. Dist. LEXIS 53182 (C.D. Cal. 2012)

*O'Malley v. Wilshire Oil Co.*, 59 Cal.2d 482, 491 (1963) ………………………   11

*Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193 (9th Cir. 2016) ……………….. 4-7

*Purdy v. Monex International, Ltd.* (1989, CA5 Tex) …………………………… 11

iii

867 F.2d 1521, 1523, *reh den* (5th Cir. 1989), and *cert den* (1989) 493 US 863

*Randolph v. Ing Life Ins. & Annuity Co.* ……………………………………… 7, 20
    486 F Supp 2d 1, 11(D. Dist. Col. 2007)

*In re Read-Rite Corp.*, 335 F.3d 843, *2 (9th Cir. July 3, 2003) ………………  20

*Rodriguez v. Cnty. of L.A.*, 96 F. Supp. 3d 990, 1004 (C.D. Cal. 2014) …………   3

*Resolution Trust Corp. v. Bayside Developers* ………………………………..   4
    43 F.3d 1230, 1234 (9th Cir. 1994)

*Rowe v. Exline*, 153 Cal.App.4th 1276, 1284 (2007) ………………………………   14

*Sanchez v. Borelli*, 2016 U.S. Dist. LEXIS 105525, *7 (D. Nev. 2016) …………  8-9

*Santa Clara-San Benito etc. Elec. Contractors' Assn. v. Local Union NO. 332* …   11
    40 Cal.App.3d 431, 437 (1974)

*Shriver v. Superior Court of Sonoma County*, 48 Cal.App. 576, 584-585 (1920) …  17

*Smith v. Microskills San Diego L.P.*, 153 Cal.App.4th 892, 896–900 (2007) ……9, 14-15

*Southland Corp. v. Keating*, 465 U.S. 1, 15 fn. 9 (1984) …………………………… 8, 9, 13

*Shriver v. Superior Court of Sonoma County*, 48 Cal.App. 576, 584-585 (1920) ..  17

*United States v. Morton*, 467 U.S. 822, 828 (1984) ………………………………   4

*United States v. Park Place Assocs.*, 563 F.3d 907, 918-919 (9th Cir. 2009) …….   8

*United States v. United Mine Workers of America*, 330 U.S. 258 (1947) ………..   3

*Valencia v. Smyth*, 185 Cal. App.4[th] 153, 162-163 (2010) ………………………   13

*Valley Casework, Inc. v. Comfort Construction, Inc.* …………………………….8, 14, 15
    76 Cal.App.4th 1013, 1021 (1999)

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.* ……………... 8, 13
    489 U.S. 468, 474 (1989)

*Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990) ………………………………   3

*Wharf v. Burlington N. R.R.*, 60 F.3d 631, 637 (9th Cir. 1995) …………………..  2-3

FEDERAL RULES
    Federal Rules of Civil Procedure
Rule 59 ……………………………………………………………………..   2
Rule 59(a)(1)(B) ……………………………………………………………… 2-3

iv

Rule 60 ……………………………………………………………….. 2, 3

Rule 60(b)(4) ……………………………………………………….   3

Rule 60(b)(6) ……………………………………………………….   3

FEDERAL STATUTES

Federal Arbitration Act (FAA) …………………………… 8-10, 12-13, 18

9 U.S.C. §2 …………………………………………………………   9

9 U.S.C. §9 …………………………………………………………   9

9 U.S.C. §10 ……………………………………………………….   9

Labor Management Relations Act ……………………………… 12, 18, 19

Labor Management Relations Act §301(a) ……………………………   18

28 U.S.C. §1441(a) ……………………………………………….   6

28 U.S.C. §1331 …………………………………………………… 8, 9

28 U.S.C. §1447 ……………………………………………………   4

28 U.S.C. §1447(c) ……………………………………………… 4, 7-8

CALIFONIA STATUTES

Code Civ. Proc. §664 ………………………………………………   17

Code Civ. Proc. §1280(e)(1)………………………………………… 16-17

Code Civ. Proc. §1280(e)(3)…………………………………………   16

Code Civ. Proc. §1281.2 ……………………………………………   15

California Arbitration Act, Cal. Code Civ. Proc. §§ 1285 *et seq.* 1, 9-11, 13, 15-16, 18, 21

Code Civ. Proc. §1286 ………………………………………………   11, 12

Code Civ. Proc. §1287.4 ……………………………………………   16

Cal. Code Civ. Proc. §1559 ………………………………………… 15, 17

v

## INTRODUCTION

Petitioner filed the within petition solely under the California Arbitration Act, Cal. Code Civ. Proc. §§ 1285 *et seq.* ("CAA") Respondent removed the action to federal court contending that the court has jurisdiction because the arbitration award arose from a labor-management dispute under the parties' collective bargaining agreement giving the federal court exclusive jurisdiction under the Labor Management Relations Act. Respondent maintained that Petitioner does not have standing under the CAA because the underlying grievance was brought by the labor organization and would only have standing if she amended her complaint to allege a breach of the duty of fair representation by the SEIU. Petitioner promptly filed a motion for remand and attorney fees and maintained that the basis for removal was wholly without merit because the arbitration decision was not subject to review on the merits. Respondent filed a motion to dismiss and Petitioner opposed it contending that the court is statutorily mandated to remand the action on a finding of lack of subject matter jurisdiction, and that she has standing under California law.

The court granted the motion to dismiss without leave to amend, foreclosing Petitioner's opportunity to amend by alleging a breach of the duty of fair representation by the SEIU, and denied the motion to remand and for attorney fees as moot. By this motion, Petitioner seeks the setting aside of the judgment, remand to state court and attorney fees on the grounds that the judgment is void for lack of subject matter jurisdiction. Petitioner should be allowed to proceed to a final decision in state court on her standing under the CAA, and if she is foreclosed from proceeding by a state court decision based on lack of standing, she would then have the opportunity to file a Petition in federal court for confirmation of the award based on the union's breach of the duty of fair representation. In all fairness, Petitioner must have a means by which to enforce the arbitration award and compel compliance by Respondent which has wholly failed to comply with it.

1

**STATEMENT OF FACTS**

Petitioner Veronica Flores was employed by Respondent Dignity Health as a Registered Nurse at St. John's Regional Medical Center in Oxnard California and was a member of the Service Employees International Union Local 121RN (SEIU). (¶ 9)[1] On April 9, 2015, Respondent terminated Petitioner's employment. (¶ 10) On April 24, 2015, the SEIU filed a grievance for the termination that resulted in an arbitrator's decision on August 7, 2017 finding that Respondent did not have just cause to terminate Petitioner's employment. (¶¶ 11, 14)[2]

On February 2, 2018, Petitioner filed this action to confirm the arbitration award and for entry of judgment in the Ventura County Superior Court. On March 27, 2018 Respondent removed this action to this Court. (Dkt. # 1, 1-2)

On April 6, 2018, Petitioner filed a Motion for Remand on the grounds that the Petition is brought entirely under California Code of Civil Procedure section 1285, *et seq.*, a state statutory scheme for confirmation of arbitration awards by the superior court and for the entry of judgment and that the federal district court lacks subject matter jurisdiction. (Dkt. # 15)

Also, on April 6, 2018, Respondent filed a Motion to Dismiss under Rule 12(b)(6). (Dkt. # 16)

On May 11, 2018, the court granted the motion to dismiss without leave to amend and denied the motion for remand as moot. (Dkt. #32)

**LEGAL ARGUMENT**

I.     MOTION FOR NEW TRIAL STANDARDS

The standards for granting new trials are essentially the same under Rules 59 and 60. *Wharf v. Burlington N. R.R.*, 60 F.3d 631, 637 (9th Cir. 1995). Rule 59(a)(1)(B) allows

---

1. The "¶" symbol refers to paragraphs of the Petition for Conformation of Arbitration Award and Entry of Judgment. (Dkt. #1-2)
2. Paragraph 14 of the Petition is mis-numbered paragraph 11.

the court to grant a new trial "for any of the reasons for which new trials have heretofore been granted." Rule 60(b)(6) allows the court to grant a new trial for any reason that justifies relief. Under Rule 60(b)(4), the court is specifically authorized to grant a motion for new trial on the grounds of lack of subject matter jurisdiction. *Rodriguez v. Cnty. of L.A.*, 96 F. Supp. 3d 990, 1004 (C.D. Cal. 2014); *Gonzales v. Crosby*, 545 U.S. 524, 534 (2005) (Rule 60 "preserves parties' opportunity to vacatur of a judgment that is void for lack of subject matter jurisdiction.")

> A court may provide relief from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). "Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction." *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990); *see also Gonzalez v. Crosby*, 545 U.S. 524, 534, 162 L. Ed. 2d 480, 494, 125 S. Ct. 2641, 2649 (2005) (noting that Rule 60(b)(4) "preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction")

> *Rodriguez v. Cnty. of L.A.*, 96 F. Supp. 3d 990, 1004 (C.D. Cal. 2014)

The district court has jurisdiction to determine whether it has subject matter jurisdiction. *Johnson v. IRS*, 888 F. Supp. 1495, 1503 (C.D. Cal. 1994), citing *United States v. United Mine Workers of America*, 330 U.S. 258 (1947). Once the court finds that it lacks subject matter jurisdiction, it lacks the power to make judgments related to the merits of the action. "Consequently, a judge who concludes that subject matter jurisdiction is lacking has no power to rule alternatively on the merits of a case." *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990).

The standard for review of a dismissal with prejudice is abuse of discretion. *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012). Dismissal without granting leave to amend is reviewed for abuse of discretion. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). Likewise, the standard for review of a district court's attorney fee order is abuse of discretion. *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (Leave to amend may be denied if a

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.)

II.   WHERE THE DISTRICT COURT FINDS IT LACKS SUBJECT MATTER JURISDICTION AFTER REMOVAL, THE ACTION MUST BE REMANDED TO STATE COURT UPON MOTION FOR REMAND AND THE COURT IS NOT AUTHORIZED TO TAKE ANY OTHER ACTION, INCLUDING DISMISSAL OF THE ACTION.

Removal of a case to federal court is an exercise of federal subject matter jurisdiction. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1234 (9th Cir. 1994). Parties cannot waive objections to subject matter jurisdiction. *Kieslich v. United States,* 258 F.3d 968, 970 (9th Cir. 2001).

The authorized options available to the district court in ruling on a motion for remand is governed by 28 U.S.C.S. §1447. Subsection 1447(c) provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In *United States v. Morton*, 467 U.S. 822, 828 (1984), the court defined federal subject matter jurisdiction as "the court's authority to hear a given type of case."

In *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991), this Circuit adopted a futility exception to §1447(c), holding that the court is not mandated to remand the action were there is "absolute certainty that remand would be futile."

However, that decision has been effectively overruled. In *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193 (9th Cir. 2016), the Ninth Circuit effectively reversed the *Bell* decision, holding that upon determining that it lacked jurisdiction based on the plaintiff's lack of standing, the district court had no alternative but to remand the case back to state court. The court reasoned that it is "axiomatic that federal courts are courts of limited jurisdiction" and where federal and state courts have concurrent jurisdiction, "a plaintiff may chose a court in which she files suit". While procedural defects in removal are

4

subject to waiver by not making a timely motion for remand, the same is not true as to defects of subject matter jurisdiction. *Id.*, at 1195-1196.

> Defects of subject-matter jurisdiction, however, are another matter. In an ordinary removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *§ 1447(c)* (emphasis added). No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court. (Citation omitted.) Moreover, the district court generally *must* remand the case to state court, rather than dismiss it. *Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).* <u>Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter.</u> State courts are not bound by the constraints of Article III. *ASARCO Inc. v. Kadish, 490 U.S. 605, 617, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989)*
>
> *Polo*, at 1196 (underlining added).

*Polo* demonstrates that six years after deciding *Bell*, the Ninth Circuit did not follow Bell's futility exception to a lack of subject matter jurisdiction, and reversed a dismissal and ordered remand, holding in *Bruns*, "Section 1447(c) is mandatory, not discretionary." *Bruns*, at 1257.

In *Polo*, the Ninth Circuit specifically addressed the decision in *Bell*, stating it "may no longer be good law".

> In *International Primate Protection League v. Administrators of Tulane Educational Fund*, decided a few months after we decided *Bell*, the Supreme Court declined to apply a futility exception to the remand rule. *500 U.S. 72, 88-89, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991)*. <u>Although the Court did not reject the futility doctrine outright, it did take note of "the literal words of *§ 1447(c)*, which, on their face, give no discretion to dismiss rather than remand an action."</u> *Id. at 89* (quotation marks and alteration

5

omitted). In the wake of *International Primate*, a number of other circuits have expressly rejected the futility doctrine. *See Hill v. Vanderbilt Capital Advisors, LLC, 702 F.3d 1220, 1225-26 (10th Cir. 2012)* (collecting cases). But Polo has not argued that *Bell* is no longer controlling law, and we decline to so hold *sua sponte. Cf. Miller v. Gammie, 335 F.3d 889, 899 (9th Cir. 2003)* (considering when a panel may overrule prior circuit authority). *Polo*, at 1197-1198 (underlining added.)

In *Miller v. Gammie*, the Ninth Circuit followed *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) which held that a circuit precedent "can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." *Id*., at 899.

Generally, an action is removable to federal court only if it might have been brought there originally. *28 U.S.C.* §1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.,* 980 F.2d 564, 565 (9th Cir. 1992).

The issue of plaintiff's standing was raised in *Advocates for Individuals with Disabilities LLC v. WSA*, 210 F. Supp. 3d 1213 (D. Ariz. 2016) where the court nevertheless ordered remand.

The Ninth Circuit has suggested that remand may not be necessary where it would be futile, that is, where the plaintiff clearly would lack standing in state court as well. *Bell v. City of Kellogg, 922 F.2d 1418, 1424 (9th Cir. 1991)*. But the Supreme Court and Ninth Circuit have cast doubt on this possible course of action. The Supreme Court has noted that the literal words of *§ 1447(c)*, on their face, give no discretion to dismiss rather than remand an action. *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 89, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991)*

6

(internal quotation omitted). The Ninth Circuit has also noted that "the *Bell* rule has been questioned, and may no longer be good law." *Polo, 2016 U.S. App. LEXIS 15180, 2016 WL 4394586, at \*4*; *see also Hill v. Vanderbilt Capital Advisors, LLC, 702 F.3d 1220, 1226 (10th Cir. 2012).*

*Advocates for Individuals with Disabilities, at 25-26*

In *Advocates for Individuals with Disabilities*, the court found that the plaintiff organization did not have Article III standing to bring the action on behalf of its members but ordered remand, following *Polo*.

The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." *28 U.S.C.A. § 1447(c)*. This applies to cases that lack standing. *Polo v. Innoventions Int'l, LLC, . . . 833 F.3d 1193 . . . at [1196] (9th Cir. Aug. 18, 2016)* ("a removed case in which the plaintiff lacks Article III standing must be remanded to state court under *§ 1447(c)*").

*Advocates for Individuals with Disabilities*, at 1224.

In *Polo,* the lack of subject matter jurisdiction was based on plaintiff's standing. The court found that the plaintiff did not have Article III standing but that the plaintiff likely retained standing under California law under the California Consumer Legal Remedies Act and it could not be said that the remand would be futile.

Even if there is no likelihood that the state court would find petitioner has standing, the action must, nevertheless, be remanded because where the federal court lacks jurisdiction because the issue of whether the state court also lacks jurisdiction is a decision that should be made by the state court. *Randolph v. Ing Life Ins. & Annuity Co.,* 486 F Supp 2d 1, 11(D. Dist. Col. 2007) (suit in which current and former employees of District of Columbia asserted claims for violation of right to privacy, negligence, and gross negligence in connection with theft of computer in which insurer had stored employees' personal information, was remanded, pursuant to 28 USCS § 1447(c), to

7

District of Columbia court from which it was removed after court determined that standing was lacking; dismissal was not proper because even if District of Columbia court also held that employees lacked standing, that determination was for District of Columbia court to make under remand mandate of § 1447(c).)

III.  THE PETITION IN THIS ACTION CREATED NO FEDERAL SUBJECT MATTER JURISDICTION AND NONE EXISTS BECAUSE THE PETITION DOES NOT RAISE A SUBSTANTIAL QUESTION OF FEDERAL LAW.

28 U.S.C. §1331 vests federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction [,]" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 . . . (1986) (footnote omitted), a case is deemed to "arise under" federal law "where the vindication of a right under state law necessarily turns on some construction of federal law ..." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 . . . (1983). *Sanchez v. Borelli*, 2016 U.S. Dist. LEXIS 105525, *7 (D. Nev. 2016).

"While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U. S. C. § 1331 or otherwise. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp*., 460 U.S. 1, 25, n. 32 (1983)". *Southland Corp. v. Keating*, 465 U.S. 1, 15 fn. 9 (1984).

"An action under the FAA is an action in contract to enforce the arbitration provision. See *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 . . . (1989) (the FAA was created 'to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and place such agreements upon the same footing as other contracts' (internal citations and quotations omitted))." *United States v. Park Place Assocs.*, 563 F.3d 907, 918-919 (9th Cir. 2009).

Accordingly, as in any contract dispute, to be brought in federal court an action under the FAA must have an independent basis for jurisdiction. See *Luong v. Circuit City Stores, Inc.* 368 F.3d 1109, 1111 (9th Cir. 2004).")

In the well-reasoned decision in *Sanchez v. Borelli*, 2016 U.S. Dist. LEXIS, \*3-4 (D. Nev. 2016), the court held that federal court is one of limited jurisdiction; the court possesses only that power authorized by the Constitution or a statute; it is presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing subject matter jurisdiction is on the party asserting it. 28 U.S.C. §1331 vests federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction [,]" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 . . . (1986) (footnote omitted), a case is deemed to "arise under" federal law "where the vindication of a right under state law necessarily turns on some construction of federal law ..." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 . . . (1983). *Sanchez v. Borelli*, supra, at \*7.

> It is well settled that federal courts must have an independent basis for federal jurisdiction to hear claims under the FAA, *see, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 . . . (1984), and that 9 U.S.C. § 10 does not provide it, *see Garrett* [*v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*], 7 F.3d [882] at 884 [9th Cir. 1993] . . . . Nor does § 10 create federal question jurisdiction even when the underlying arbitration involves a federal question. [Citations.]. In sum, a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition.

In *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833-834 (9th Cir. 2004) the Ninth Circuit found subject matter jurisdiction lacking in a petition removed from the California Superior Court under an agreement that was expressly governed by the California Arbitration Act.

The Carters' petition to confirm the award was brought in California Superior Court, and primarily invoked provisions of the California Arbitration Act. The Carters' only reference to a federal statute was their previously discussed request for attorney's fees, which was insufficient to give the district court jurisdiction over the case. No other federal question was raised by the Carters' petition. *Id*., at 837

A petition that is originally brought in the district court under the FAA to confirm or vacate an arbitration award must establish an independent basis for jurisdiction. "In this case, where the petitions to confirm and vacate the arbitration award are brought under a state arbitration statute, it is even clearer that the parties must establish either diversity or federal question jurisdiction before a federal court may hear their claims." *Id.,* at 834.

The court explained that Ninth Circuit caselaw holds that Sections 9 and 10 of the FAA providing for federal court to confirm and vacate arbitration awards, respectively, do not does not create federal subject matter jurisdiction even when the underlying arbitration involves a federal question. "[T]he the presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA." *Id*., at 836. Federal subject matter jurisdiction "may still lie if the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law". *Id*.

In *Lingle v. Norge Civ. Of Magic Chef*, 486 U.S. 399 (1988), the plaintiff's union filed a grievance for termination without just cause. Plaintiff also filed a civil action under state law for retaliatory discharge. There the court held that while the state law action might involve the same facts as the contractual basis for termination for just case, the resolution of the state claim did not require construing the collective bargaining agreement and there was no basis for federal subject matter jurisdiction.

Section 9 of the FAA (9 U.S.C. §9) provides that the district court is authorized to confirm an arbitration award only where the parties have agreed to court confirmation in their arbitration agreement, and in those cases the district court does not have exclusive

jurisdiction. *Purdy v Monex International, Ltd.* (1989, CA5 Tex) 867 F.2d 1521, 1523, *reh den* (5th Cir. 1989), and *cert den* (1989) 493 US 863. (In order for the district court to have jurisdiction, "a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition." Provision that if no court is specified in agreement of parties to arbitrate than application for enforcement of award may be made to United States Court in and for district within which award was made, does not establish exclusive forum for suits upon arbitral awards.)

> The petitions at issue in this case do not raise substantial questions of federal law. The Certificate of Insurance states that the California Arbitration Act "governs any motion to vacate, modify or correct an award issued in connection with the policy." The Carters' petition to confirm the award was brought in California Superior Court, and primarily invoked provisions of the California Arbitration Act. The Carters' only reference to a federal statute was their previously discussed request for attorney's fees, which was insufficient to give the district court jurisdiction over the case. No other federal question was raised by the Carters' petition.

*Id.*, at 837

In this action, the petition raises no substantial federal question and this Court lacks subject matter jurisdiction. The petition is brought under the California Arbitration Act., under which the powers of the trial court are limited to confirming the award, correcting it and confirming it, or vacating the award or dismissing the proceeding. (Cal. Code Civ. Proc. §1286) The merits of arbitration controversies are not subject to review, either on questions of fact or law, and are subject to review only as provided by statute. *Harris v. Havenar*, 169 Cal.App.2d 531 (1959); *O'Malley v. Wilshire Oil Co.*, 59 Cal.2d 482, 491 (1963); /*Santa Clara-San Benito etc. Elec. Contractors' Assn. v. Local Union NO. 332,* 40 Cal.App.3d 431, 437 (1974) ("Courts may not examine the merits of the controversy, the sufficiency of the evidence supporting the award, or the reasoning supporting the decision. [Citation.] A court may not set aside an arbitration award even if the arbitrator made an error in law or fact. [Citations.]")

## IV.   NEITHER THE LMRA NOR THE FAA PREEMPT STATE LAW GOVERNING THE CONFIRMATION OF ARBITRATION DECISIONS ARISING FROM COLLECTIVE BARGAINING AGREEMENTS.

Petitioner has not brought suit under the LMRA for breach of contract. Nor has Petitioner brought this action under Section 9 of the FAA. Neither the LMRA nor the FAA preempt state law governing the confirmation of arbitration decisions arising from collective bargaining agreements. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) so holds, explaining that the basic purpose of the FAA is to overcome federal and state courts' refusal to enforce agreements to arbitrate and does not preempt state laws.

This is not a case challenging an arbitration decision but one to confirm it. The arbitrator's finding that Respondent lacked "just cause" to terminate Petitioner's employment is not subject to review in this action. Merely because the LMRA provides a means of confirming an arbitration award by a federal court judgment where there is a breach of the duty of fair representation does not preempt the California statutory scheme for confirming an arbitration award arising from a CBA.

The California statutory scheme does not require the petition to contain allegations that the SEIU violated its duty of fair representation. Because the merits of the arbitration decision in this case are not subject to review in this action, the only factual issue presented is whether the arbitration decision was duly made, and no interpretation of the CBA is required or otherwise "implicated" to grant federal jurisdiction. (Cal. Code Civ. Proc. §1286)

Neither the LMRA nor the FAA preempt state law governing the confirmation of arbitration decisions arising from collective bargaining agreements. *Circuit City Stores v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002). "States may regulate contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of *any*

12

contract.' 9 U.S.C. § 2 (emphasis added)." *Allied-Bruce*, at 281; *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 ("The interpretation of private contracts is ordinarily a question of state law, which this Court does not sit to review."); *Securities Industry Asso. v. Connolly*, 883 F.2d 1114, 1117-1118 (1st Cir. 1989) ("Congress did not want the FAA to occupy the entire field of arbitration law. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468 . . . (1989) . . ."

In *Volt,* the court found the California Arbitration Act is not preempted by the FAA . *Volt*, at 475.

In the seminal case of *Southland Corp. v. Keating*, 465 U.S. 1, 14-15 (1984) the court made clear that state actions to enforce arbitration agreements under state statutes are not preempted by the FAA. The question of preemption of the California Arbitration Act was presented in *Cable Connection, Inc. v. DIRECTV, Inc.*, 44 Cal.4th 1334, 1350-1351 (2008), where the court held that the California Arbitration Act is not preempted by federal law and that contract provisions are enforceable under state law.

In *Montes v. San Joaquin Cmty, Hosp.*, 2014 U.S. Dist. LEXIS 11252, *13 (|E.D. Cal. 2014) the plaintiff sued for violations of the FMLA and the California Family Rights Act and defendant moved to compel arbitration under an agreement that expressly provided that the arbitration could be brought either under the FAA or the California Arbitration Act. The court held the moving party could elect either forum, following *Valencia v. Smyth*, 185 Cal. App.4th 153, 162-163 (2010).

V.   IT CANNOT BE DETEMINED WITH ABSOLUTE CERTAINTY THAT THE STATE COURT WOULD FIND THAT PETITIONER LACKS STANDING.

Support exists under California statutes and caselaw for Petitioner's standing to bring a petition under the California Arbitration Act. *Boulton v. USAA Casualty Ins. Co.*, 167 Cal.App.4th 412, 424-425 (2008) (an intended beneficiary may enforce an arbitration agreement); *MacDonald v. San Diego State University*, 111 Cal.Ap.3d 67 (1980)

13

(petitioner was the employee who was the subject of the arbitration and there was no dispute regarding petitioner's standing).

In *Boulton*, petitioner brought a petition to compel arbitration of his claim against an insurance company for underinsured motorist benefits under an automobile insurance policy issued to petitioner's sister, not him. The policy defined the insured as the named insured or any family member. Arbitration of the dispute was mandated by Section 11480.2 of the California Insurance Code and the mandate becomes an implied provision of every California automobile insurance policy. The trial court dismissed the action on the ground that whether petitioner was an insured under the policy was not subject to arbitration and the Court of Appeal reversed. The Court of Appeal defined the issue on appeal as whether the court or the arbitrator should decide petitioner's standing. In so doing, "a trial court must make preliminary factual determinations whether (1) there is an arbitration agreement; and (2) the petitioner is a party to that agreement or can otherwise enforce that agreement." *Id.*, at 423.

> "As a general matter, only signatories to an arbitration agreement may enforce it. [Citation.]" (*Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1284 . . .) However, there are exceptions to that general rule for nonsignatory persons who are agents or alter egos of a signatory party or intended third party beneficiaries of an arbitration agreement. (See, e.g., *Rowe*, at pp. 1282–1285 [nonsignatory petitioners could enforce arbitration agreement as alter egos of corporate signatory party]; *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, 418 . . . [nonsignatory persons alleged to be agents of signatory party may enforce arbitration agreement]; *Valley Casework, Inc. v. Comfort Construction, Inc.* (1999) 76 Cal.App.4th 1013, 1021 . . . ["[I]n many cases, nonparties to arbitration agreements are allowed to enforce those agreements where there is sufficient identity of parties."]; *Harris v. Superior Court* (1986) 188 Cal.App.3d 475, 478 . . . ["[A] nonsignatory beneficiary of an arbitration clause is entitled to require arbitration."]; cf. *Smith v. Microskills San Diego L.P.* (2007) 153 Cal.App.4th 892, 896–900 . . . [nonsignatory petitioner was neither an agent nor an intended third party beneficiary and therefore could not

14

enforce arbitration agreement]; *Flores v. Evergreen at San Diego, LLC* (2007) 148 Cal.App.4th 581, 586–587, 594 . . . [nonsignatory respondent wife was not bound by arbitration agreement because her signatory husband was not her agent].)

In particular, one court stated: "[A] person who can show he is a third party beneficiary of an arbitration agreement may be entitled to enforce that agreement. [Citation.]" (*Valley Casework*, supra, 76 Cal.App.4th at pp. 1021–1022; see also Civ. Code, § 1559 ["A contract, made expressly for the benefit of a third person, may be enforced by him … ."].) Accordingly, in a case where persons "did not prove [to the trial court] they were intended beneficiaries under the [arbitration agreement], there was no error in denying their petitions for arbitration. [Citation.]" (*City of Hope v. Bryan Cave, L.L.P.*, supra, 102 Cal.App.4th [1356] at p. 137. [(2002)]).

*Id*., at 424.

The court then specifically held that a petitioner has standing to enforce an arbitration agreement if he or she is a third-party beneficiary.

Based on our consideration of the above cases in the context of Code of Civil Procedure section 1281.2 petitions to compel arbitration, we conclude the instant case is analogous to those cases in which the trial court makes the preliminary determination whether the petitioner is a party to, or can otherwise enforce, an arbitration agreement. For example, in deciding a petition to compel arbitration, a trial court may decide, based on the evidence before it, that the petitioner is a third party beneficiary to an existing arbitration agreement and therefore may enforce that agreement. That preliminary finding by a trial court on the petitioner's "standing" to compel arbitration of a controversy is one properly made in the proceedings on a petition to compel arbitration.

*Id.*, at 425.

Since *Boulton* holds that a third-party beneficiary of an arbitration agreement may enforce it under the California Arbitration Act, the holding fully applies to a petition

15

brought by a union member of an arbitration under a collective bargaining agreement. There is no exception in the CAA for arbitrations under CBAs.

*Boulton*, and the numerous California cases on which it relies, must be read in harmony with the provisions of California Code of Civil Procedure section 1287.4 of the California Arbitration Act, which provides that a petition to confirm an arbitration award may be filed by any party to the arbitration. Section 1280(e) defines "party to the arbitration" to mean a party to the arbitration agreement: (1) who seeks to arbitrate a controversy pursuant to the agreement, (2) against whom such arbitration is sought pursuant to the agreement; or (3) who is made a party to such arbitration by order of the neutral arbitrator upon such party's application, upon the application of any other party to the arbitration or upon the neutral arbitrator's own determination.

First, it is in harmony because an employee covered by a CBA who petitions to confirm an arbitration award in his or her favor is the person who sought to arbitration through her union under the CBA under §1280(e)(1). The provision contained in §1280(e)(3) that the arbitrator made the petitioner a party upon his or her application, addresses cases in which intervention is appropriate and it seems absurd that an employee covered by a CBA who obtains an arbitration award in his or her favor is not a party. It is also consistent with California law providing that only parties can obtain a court judgment in their favor and inconsistent with the CAA provision for confirmation of awards and enforceable judgments.

Second, nothing in the CAA states that a third-party beneficiary, who would have standing to enforce every other kind of contract, does not have standing to petition to confirm an arbitration award expressly made in his or her favor. Third, there is nothing in the CAA which states that in a petition by an employee covered by a CBA who obtained an arbitration award in his or her favor does not have a sufficient identity of parties.

In order for the arbitration decision to be confirmed, judgment must be entered naming Petitioner as a party. Section 1287.4 provides that if the arbitration award is confirmed, a judgment shall be entered in conformity therewith and it may be enforced

like any other judgment. A judgment in a civil case may only be entered in favor or against a party to the action, not a third party. (Cal. Code Civ. Proc. §664; *Shriver v. Superior Court of Sonoma County*, 48 Cal.App. 576, 584-585 (1920) [judgment must be entered in favor of the party securing the verdict]; *Cameron v. Feather River Forest Homes*, 139 Cal.App. 373, 378 (1934) ["As the purpose of every judgment should be to limit litigation and clearly establish the rights of the parties as found by the courts to exist, and having done that, nothing should be entered therein either limiting the rights of the parties not involved in the action, or that may arise in the future, or be interfered with hereafter, especially when such language can only be productive of uncertainty or confusion."])

California Code of Civil Procedure Section 1285 provides that a petition to confirm an arbitration award may be filed by any party to the arbitration. Section 1280(e) defines "party to the arbitration" to mean a party to the arbitration agreement: (1) who seeks to arbitrate a controversy pursuant to the agreement, (2) against whom such arbitration is sought pursuant to the agreement; or (3) who is made a party to such arbitration by order of the neutral arbitrator upon such party's application, upon the application of any other party to the arbitration or upon the neutral arbitrator's own determination.

Petitioner here is clearly the one who sought to arbitrate the controversy and has standing pursuant to §1280(e)(1). Moreover, Petitioner is the employee who was the subject of the arbitration who suffered actual harm. As such, the her right to bring the petition as a third-party beneficiary under California law appears to be clearly established. (Cal. Code Civ. Proc. §1559; *Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.*, 160 Cal.App.2d 290, 296-297 (1958); *Boulton v. USAA Casualty Ins. Co.*, 167 Cal.App.4th 412, 424-425 (2008) (an intended beneficiary may enforce an arbitration agreement); *MacDonald v. San Diego State University*, 111 Cal.Ap.3d 67 (1980)

(petitioner was the employee who was the subject of the arbitration and there was no dispute regarding petitioner's standing).

> The action by a third party beneficiary for the breach of the promisor's engagement does not rest on the ground of any actual or supposed relationship between the parties but on the broad and more satisfactory basis that the law, operating on the acts of the parties, creates the duty, establishes a privity, and implies the promise and obligation on which the action is founded. [Citation.] [¶] It is not necessary that the beneficiary be named and identified as an individual; a third party may enforce a contract if he can show he is a member of a class for whose benefit it was made. [Citation omitted.]

> *Johnson v. Holmes Tuttle Lincoln-Mercury, supra,* at 296-297.

The only California case interpreting the California Arbitration Act, Code Civ. Proc. §§ 1285 *et seq.*, to prohibit an employee to petition to confirm an arbitration award in his or her favor is *Melander v. Hughes*, 194 Cal.App.3d 542 (1987) that has not been followed in any subsequent California appellate decisions. *Boulton v. USAA Casualty Ins. Co.*, 167 Cal.App.4th 412, 424-425 (2008), held that an intended beneficiary may enforce an arbitration agreement, citing numerous cases.

The only federal case following the wrongly decided *Melander* decision is the decision in *Nash v. UPS*, 2012 WL 1253127, 2012 U.S. Dist. LEXIS 53182 (C.D. Cal. 2012) which also relies on *Andrus v. Conroy Co.*, 480 F.2d 604, 606 (9th Cir. 1973). *Andrus* was initiated in federal court and, therefore, was based on the FAA and the LMRA, not state law governing confirmation of arbitration awards. This is confirmed in the *Andrus'* reliance for its holding on *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir. 1965) that was an action under the LMRA which simply stands for the proposition that under circumstances of breach of the duty of fair representation, an employee may "step in the shoes of the union to sue" to vacate the arbitration award but cannot relitigate the merits of the award. It only addresses claims under §301(a) of the

18

LMRA. Thus, *Nash* solely relies on *Melander* for its holding that California Code of Civil Procedure §§1285 *et seq.* does not permit the employee who was harmed and was the subject of the arbitration to bring a petition to enforce the award absent being specifically named as a party in the arbitration proceeding. In light of *Boulton* and *MacDonald,* the decisions in *Melander* and *Nash* are likely to be disregarded by the California courts and not followed as erroneous statements of California law.

Respondent's reliance on *Meeks v. HMS Host*, 519 Fed.Appx. 513, 514 (9th Cir. 2013) is misplaced. There, the petition was not for confirmation of an arbitration award but to vacate the award. It followed *Melander* for its holding that an employee governed by a CBA cannot attack a final arbitration decision against him or her because it may only be attacked on the grounds of fraud, deceit or breach of the duty of fair representation unless the grievance procedure was a sham, substantially inadequate or substantially unavailable."

VI.   IT WAS AN ABUSE OF DISCRETION TO DISMISS THE PETITION WITH PREJUDICE AND WITHOUT LEAVE TO AMEND, BARRING PETITIONER FROM BRINGING AN ACTION FOR CONFIRMATION OF THE ARBITRATION DECISION BASED ON THE UNION'S BREACH OF THE DUTY OF FAIR REPRESENTATION.

Petitioner also challenges the court's dismissal of the action with prejudice and without leave to amend. One of the reasons the court gave for concluding that Petitioner lacks standing under the LMRA and FAA is because she "did not assert a claim against SEIU for breach of its duty of fair representation." The facts before the court were that the arbitration award was rendered in August 2017 and in the six-month interlude between the award and the filing of this petition on February 2, 2018, Respondent failed to return Petitioner to work and failed to pay her backpay and otherwise did not comply with the arbitration decision, yet the SEIU failed to bring a petition to confirm arbitration. (¶ 12)

19

It is axiomatic that a party must have the opportunity to amend a petition or complaint to overcome deficiencies in it. *McMullen v. Fluor Corp.*, 81 Fed. Appx. 197, 199 (9th Cir. 2003) (because plaintiff has a reasonable chance of successfully stating a claim by amendment, leave to amend should have been granted); *In re Read-Rite Corp*., 335 F.3d 843, *2 (9th Cir. July 3, 2003) ("Leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts.")

The dismissal with prejudice prevents Petitioner from filing her case in state court and litigating the dispute regarding her lack of standing in the state courts where it belongs. See, *Randolph v. Ing Life Ins. & Annity Co*., 486 F.Supp.2d 1, 11 (D. DC. 2007) ("Cognizant of the fact that the Superior Court for the District of Columbia may also conclude that Plaintiffs lack the requisite standing to pursue their claims in that forum, the Court shall leave such a decision to the discretion of the Superior Court, and remand this case pursuant to 28 U.S.C. § 1447(c).")

It also prevents her from amending her petition to add a claim for breach of the duty of fair representation by the SEIU which would provide a basis for federal jurisdiction. The fact that the SEIU failed to file a petition to confirm the arbitration award by now, almost a year since the arbitration award, even though there has been no performance by Dignity Health in compliance with the award is itself a strong basis for asserting the breach of the duty of fair representation.

Petitioner specifically sought leave to amend in its opposition to the motion to dismiss so she would have the opportunity to amend her petition or to later file such a petition if she is barred by lack of standing to bring the action in state court under the California Arbitration Act.

VII.  IT WAS AN ABUSE OF DISCRETION FOR THE COURT DENY PETITIONER ATTORNEY FEES.

The relief sought by the motion is to set aside the judgment, remand the case to state court and award attorney fees, contending that neither a showing of bad faith nor a lack

20

of substantial justification is necessary for the court to award fees and costs under Section 1447(c). See, *Moore v. Permanente Medical Group, Inc*., 981 F.2d 443, 447 (9th Cir. 1992). The court may award costs and fees even when a defendant's removal, while "fairly supportable," is wrong as a matter of law. See *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 at n.6 (9th Cir. 2000). Petitioner maintains that it was an abuse of discretion to fail to grant attorney fees on the motion for remand.

**CONCLUSION**

After a long and involved battle, Petitioner succeeded in her arbitration and is entitled to reinstatement and backpay, and in all fairness she should be entitled to enforce the arbitration award as a court judgment, whether as a third-party beneficiary under the California Arbitration Act or based on the breach of the duty of fair representation by the union. For the foregoing reasons, the dismissal with prejudice should be set aside. This Court has no jurisdiction over this petition and it must be remanded, and petitioner should be awarded her attorney fees.

LAW OFFICES OF SAMUEL F. GALICI
Attorneys for Petitioner

DATED:  June 28, 2018        By: _____/s/_____
                                     SAMUEL F. GALICI

21