SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
LINDSAY M. HOLLOMAN, Cal. Bar No. 271266
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>        Petitioner,<br><br>      v.<br><br>DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive,<br><br>        Respondents. | Case No. 2:18-cv-02471-JFW(AGRx)<br><br>**OPPOSITION TO MOTION FOR NEW TRIAL**<br><br>Date: July 30, 2018<br>Time: 1:30 p.m.<br>Judge: John F. Walter<br>Crtrm: 7A |

-1-

# I.  **INTRODUCTION**

Petitioner Veronica Flores claims the Court lacked subject matter jurisdiction over this matter and, thus, improperly ruled on Respondent's motion to dismiss. Flores is incorrect.  To grant the present motion for a new trial, the Court would need to conclude it previously erred when finding that it had jurisdiction under the Labor Management Relations Act.  However, as the Court has already concluded, such jurisdiction existed.

On the merits, the Court also correctly determined that Flores lacked standing to enforce the arbitration award under both state and federal law because, unlike the Union and Respondent, she was not a party to the arbitration.

Flores also claims the Court abused its discretion by dismissing the action with prejudice, denying her the opportunity to amend her complaint to include a claim against the Union for breach of the duty of fair representation.  However, Flores ignores she originally had that opportunity but declined to:  (1)  include the claim in her original complaint; or (2) amend her complaint to include such a claim after the issue was explicitly noted in Respondent's motion to dismiss.  Thus, Flores waived her right to amend in this particular lawsuit.  That being said, nothing in the Court's prior order dismissing Flores' claims *against Respondent* precludes Flores from filing a *new* lawsuit solely *against the Union*.

Finally, Flores contends the Court abused its discretion by denying her request for attorneys' fees.  However, in order to award such fees, the Court had to substantively rule on Flores' motion for remand, which it did not.  Instead, it denied the motion as moot.  Further, as evidenced by the Court's ruling in its favor, Dignity Health acted in good faith in seeking dismissal.  As such Flores' motion for new trial should be denied.

/ / /

/ / /

/ / /

OPPOSITION TO MOTION FOR NEW TRIAL

## II.  PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On February 2, 2018, Flores filed a "Petition for Confirmation of Arbitration Award" in the Superior Court of California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA.  Dkt. No. 1-2 [Petition].

As her Petition confirms, at all material times, Flores was employed by Dignity Health and worked under the terms of a CBA between it and the Union. Dkt. No. 1-2 [Petition, ¶ 9]; Dkt. No. 1-5 [Declaration of Amy Mantell, Exh. A – CBA].  The "preamble" of the CBA states the agreement "is between Dignity Health [] and Service Employees International Union Local 121RN."  CBA at p. 6.  While the grievance procedure of the CBA allows individual grievances, the CBA allows *only* the Union to move a matter to arbitration.  CBA at p. 108-109.

During and directly following her employment, the Union filed grievances against Dignity Health on Flores' behalf claiming – among other things – that Dignity Health lacked "just cause" under the CBA to terminate her employment. Dkt. No. 1-2 [Petition, ¶ 11-13].  The Union submitted the grievances to arbitration pursuant to the CBA and an arbitration took place.  Dkt. No. 1-2, Exhibit A [Petition ¶¶ 8-9, 11-13].

On August 7, 2017, the arbitrator issued an Award on the grievances.  In her Petition, Flores alleges the arbitrator found that Dignity Health did not have just cause to terminate her employment under the CBA and ordered her reinstatement. Dkt. No. 1-2 [Petition, ¶ 11 and Exh. 1 at p. 11].  Flores also alleges that since the award was issued, Dignity Health "has failed and refused to take action to comply with it and has failed and refused to return Petitioner to employment and to pay her the back pay and benefits as the arbitrator has awarded."  Id. at ¶¶ 10, 12.  At no point does Flores allege that the Union breached its duty of fair representation.  Id.

On April 6, 2018, Dignity Health filed a motion to dismiss Flores' Petition. On May 11, 2018, the Court entered an Order granting Dignity Health's motion and denying Flores' motion for remand as moot.  Dkt. No. 32 [Order].

OPPOSITION TO MOTION FOR NEW TRIAL

# III.  ARGUMENT

**A.**     **Flores' Motion Should Be Denied Because The Court Had Jurisdiction**

Flores argues that where a court finds it lacks subject matter jurisdiction, the court is not authorized to dismiss the action.  However, here, the Court previously determined it had jurisdiction under the Labor Management Relations Act ("LMRA").  (See Dkt. No. 32 [Order Granting Motion to Dismiss].)  This finding was correct.

Section 301 of the LMRA represents a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts."  Allis-Chalmers v. Lueck, 471 U.S. 202, 209-210 (1985).  The preemptive force of Section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement.  Franchise Tax Bd. V. Laborers Vacation Trust, 463 U.S. 1, 23 (1982); Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1048 (9th Cir. 1987).  Section 301 creates jurisdiction for federal district courts over "suits for violation of contracts between an employer and a labor organization representing employees."  29 U.S.C. § 185.  See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562 (1976).  Suits under Section 301 "encompass those seeking to vindicate 'uniquely personal' rights" under a collective bargaining agreement.  Id. (quoting Smith v. Evening News Ass'n, 371 U.S. 195, 198-200 (1962)).

Here, because Flores' claim is "clearly founded upon an alleged breach of the collective bargaining agreement" in that she contends Dignity Health breached the CBA by failing to abide by the arbitrator's award, this Court had LMRA subject matter jurisdiction over her petition to confirm or enforce the arbitration award.  See, e.g.,   Sheet Metal Workers Intl Assn Local Union No. 359 v. Madison Indus. Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1996) (district court had jurisdiction under LMRA to address petition to enforce arbitration decision); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597

1   (1960) (federal courts have jurisdiction over enforcement of arbitration awards

2   under LMRA); <u>Diaz v. Schwerman Trucking Co.</u>, 709 F.2d 1371, 1371-1372 (11th

3   Cir. 1983) (LMRA governs employee's petition to enforce arbitration decision);

4   <u>Sanders v. Pechiney Rolled Products, LLC</u>, 259 F.Supp.2d 463, 467-468 (W.V.A.

5   2003) (LMRA grants federal jurisdiction over employee's petition to enforce

6   arbitrator's award); <u>Nash v. UPS</u>, 2012 U.S. Dist. LEXIS 53182, *2 (C.D. Cal.

7   2012) (LMRA governs petition to vacate arbitration decision initially filed under

8   California law).

9       Flores relies heavily on <u>Carter v. Health Net of Cal., Inc.</u> for the proposition

10  that because the Federal Arbitration Act ("FAA") alone does not convey federal

11  subject matter jurisdiction, an independent basis is needed.  (Dkt. No. 39-1 [Motion]

12  at 8:16-10:19.)  <u>Carter v. Health Net of Cal., Inc.</u>, 374 F.3d 830, 833-34 (9th Cir.

13  2004).  By making this argument, Flores ignores that LMRA preemption applies

14  here because her petition to confirm the arbitration award necessarily requires the

15  court to interpret the underlying CBA.  Indeed, the core of Plaintiff's petition is her

16  contention that Respondent is in breach of the CBA because it has allegedly failed to

17  abide by an arbitrator's order.  This contention necessarily requires the Court to

18  interpret the CBA to determine if Respondent is in breach of the same.  Thus, the

19  LMRA provides jurisdiction.

20      Thus, Flores' motion for new trial should be denied because to grant it, the

21  Court would have to concede it did not have jurisdiction, which the Court already

22  correctly determined it did.

23  **B.   <u>Flores Was Not A Party To The Arbitration, Thus She Lacked Standing</u>**

24  **<u>To Confirm The Arbitration Award</u>**

25      Flores ineffectively argues that a state court *might* have ruled differently than

26  this Court as to whether she has standing to enforce or confirm the arbitration

27  award.  Flores' argument ignores the fact that this Court correctly determined that

28  under *both* California Code of Civil Procedure Section 1285 and the FAA, Flores

1  lacked standing to bring her petition to confirm.  Dkt. No. 32 [Order Granting

2  Motion to Dismiss].  As the Court found, "an individual employee does not have

3  standing to petition to vacate or confirm an arbitration award unless the relevant

4  CBA expressly provides the employee with a right to submit a dispute to arbitration

5  or the employee is a party to the arbitration under Section 1280."  Id. at 4-5 (citing

6  Melander v. Hughes Aircraft Co., 194 Cal.App.3d 542, 543-544 (1987).  The Court

7  also cited to a Ninth Circuit case for the same proposition.  See e.g., Meeks v. HMS

8  Host, 519 Fed.App'x. 513, 514 (9th Cir. 2013) ("only a party to the arbitration

9  agreement has standing to petition to vacate an arbitration decision, and that the

10 employee-union member lacked standing to attack the arbitration award").

11      Despite the Court's express disapproval of Bouton as both unpersuasive and

12 distinguishable on the facts, Flores still primarily relies on the case to argue that she

13 has standing as a third-party beneficiary.  Bouton v. USAA Cas. Ins. Co., 167

14 Cal.App.4th 412 (2008).  Bouton remains inapposite.  It is well settled under federal

15 and state law that an individual must be a party to the underlying arbitration in order

16 to confirm the arbitration award.

17      Under Section 9 of the FAA, "any *party* to the arbitration may apply to the

18 court ... for an order confirming the award." (emphasis added).  As demonstrated,

19 the only parties to the arbitration were the Union and Dignity Health.  See Dkt. No.

20 1-2 [Petition, Exh. 1, p. 1].  Because Flores was not a party to the arbitration, she

21 lacks standing to confirm the award under the FAA.  See Int'l Longshoremen's and

22 Warehousemen's Union v. Pac. Mar. Assoc., 441 F.2d 1061, 1064 (9th Cir. 1971);

23 Dwyer v. Eagle Marine Servs. Ltd., Oakland, 2011 WL 2600916, at *4 (N.D. Cal.

24 June 30, 2011); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 131 (4th Cir. 2002);

25 ("An individual employee represented by a union ... generally does not have

26 standing to challenge, modify, or confirm an arbitration award because he was not a

27 party to the arbitration."); Local 399 Staff Union v. SEIU, United Healthcare

28 Workers – West, Case No. CV 12-816 (PSG)(VBKx) (C.D. Cal. Aug. 10, 2012)

1   ("Because Petitioner was not a party to the arbitration, she lacks standing to confirm

2   the award under the FAA.").  Here, since Flores was not a party to the arbitration,

3   she does not have standing to confirm the arbitrator's award under the FAA.

4        The same result occurs under the Section 1285 of the Code of Civil

5   Procedure (i.e., the California Arbitration Act).  Precisely like the FAA, Section

6   1285 provides that "[a]ny *party* to an arbitration in which an award has been made

7   may petition the court to confirm, correct or vacate the award."  C.C.P. § 1285

8   (emphasis added); <u>see also</u> <u>Melander</u>, 194 Cal.App.3d at 547-548 (1987) ("Since

9   appellant was not a party to the agreement between his union and his employer, he

10  does not have standing to vacate the arbitration award.")  Again, Flores was not a

11  party to the arbitration.  <u>See</u> Dkt. No. 1-2 [Petition, Exh. 1, p. 1].  Accordingly,

12  under Section 1285, she also lacks standing to confirm the arbitrator's award.

13       As such, whether this case was before this Court or a state court, there is no

14  doubt that Flores lacked standing to confirm the arbitration award.

15  **C.**   <u>**The Court Did Not Abuse Its Discretion By Dismissing The Petition With**</u>

16       <u>**Prejudice And Denying Flores Leave to Amend**</u>

17       Flores claims the Court abused its discretion by dismissing her Petition with

18  prejudice and without leave to amend.  Flores argues the Court's actions unfairly

19  preclude her from amending her petition to allege the Union breached its duty of fair

20  representation.  However, the Court has already made a determination on this very

21  issue.  As explained in the order granting dismissal, "A Court does not need to grant

22  leave to amend in cases where the Court determines that permitting a plaintiff to

23  amend would be an exercise in futility."  <u>See</u>, <u>e.g.</u>, <u>Rutman Wine Co. v. E. & J.</u>

24  <u>Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not

25  an abuse of discretion where the pleadings before the court demonstrate that further

26  amendment would be futile."); Dkt. No. 32 [Order Granting Motion to Dismiss] at

27  3.  Here, as previously determined, Flores does not have standing to confirm the

28  arbitration award.  Thus, any amendment would be futile.  <u>Id.</u> at 5 (finding that

1  because the "Petitioner cannot demonstrate that she has standing, the Court

2  concludes that granting leave to amend would be futile.").

3       Moreover, Flores knew of the opportunity to file a claim for breach of the

4  duty of fair representation against the Union when she filed her petition initially, and

5  certainly had ample opportunity to seek leave to amend the petition to include such a

6  claim once Respondent raised the issue in its motion to dismiss.  She chose not to

7  and thus waived the opportunity.  As such, the Court did not abuse its discretion by

8  dismissing the petition with prejudice and denying leave to amend.

9       Finally, the Court's order only relates to Flores' claims against Respondent.

10 Nothing in the order prevents Flores from filing a new lawsuit for breach of the duty

11 of fair representation against the Union.  Thus, Flores has a potential remedy

12 available to her if she chooses to exercise it.

13 **D.**      **The Court Did Not Abuse Its Discretion By Denying Fees**

14      Lastly, Flores argues the Court abused its discretion by denying her attorneys'

15 fees.  However, Flores ignores that the Court did not make a substantive ruling on

16 her motion for remand, which contained her request for attorneys' fees.  The Court

17 only denied Flores' motion for remand as moot because it granted Dignity Health's

18 motion to dismiss.  <u>See</u> Dkt. No. 32 at 5.  Thus, the Court could not have abused its

19 discretion since it never substantively ruled on Flores' motion for remand in the first

20 place.  In any event, there is no evidence to suggest that Dignity Health's removal of

21 the action was raised in bad faith.  As the Court concluded, jurisdiction existed.

22 Thus, the Court did not abuse its discretion.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

OPPOSITION TO MOTION FOR NEW TRIAL

1

## IV.  CONCLUSION

2          For all of the foregoing reasons, Dignity Health respectfully requests that

3   Flores' motion be denied.

4

5   Dated:  July 9, 2018

6                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                        By

9                               RICHARD J. SIMMONS
10                              DANIEL J. McQUEEN
11                              LINDSAY M. HOLLOMAN
                                KEAHN N. MORRIS
12
13                              Attorneys for Respondent
                                DIGNITY HEALTH
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:486971666.1                              OPPOSITION TO MOTION FOR NEW TRIAL