Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL F. GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:       (805) 654-1451
Facsimile:   (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Petitioner VERONICA FLORES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>　　　　　　Petitioner,<br><br>v.<br><br><br>DIGNITY HEALTH, *et al*.,<br><br>　　　　　　Respondents, | Case No. 2:18-cv-2471-JFW(AGRx)<br><br>**REPLY TO OPPOSITION TO MOTION FOR NEW TRIAL**<br><br>Date: July 30, 2018<br>Time: 1:30 P.M.<br>Place: Dept. 7B United States Courthouse<br>　　　350 W. First St., Los Angeles |

　　　Petitioner, Veronica Flores, hereby replies to Respondent's Opposition to her Motion for New Trial.

　　　Respondent opposes the Motion for New Trial on the grounds that (1) the court has subject matter jurisdiction under the LMRA even though Petitioner did not sue under the LMRA, (2) Petitioner does not have standing under the California Arbitration Act to bring the Petition and remand would be futile, (3) Petitioner missed her opportunity to allege a breach of the duty of fair representation by the SEIU in the original Petition and having failed to do so waived her right to amend, and (4) the request for attorney fees

1

made in the Motion for Remand was properly not considered because the matter was properly deemed moot and the removal was not in bad faith.

I. RESPONDENT CONCEDES THAT THE COURT DOES NOT HAVE JURISDICTION OVER THIS ACTION UNDER THE CALIFORNIA ARBITRATION ACT AND THAT PETITIONER DID NOT ALLEGE A BREACH OF THE DUTY OF FAIR REPRESENTATION IN THE PETITION.

Respondent does not contend that the Court has subject matter jurisdiction over this action under the California Arbitration Act (CAA), Cal. Code Civ. Proc. §1285 *et seq.*, and has not opposed the Motion for New Trial on the grounds that the Court has jurisdiction under the CAA. Rather, Respondent contends that this Court has jurisdiction under the LMRA despite that Respondent concedes that the Petition does not contain a claim for breach of the duty of fair representation by the SEIU. Respondent incorrectly states that the Court in ruling on the Motion to Dismiss found jurisdiction under the LMRA, which is nowhere stated in the Order granting the Motion to Dismiss and denying the Motion for Remand as moot. (Dkt. No. 32.)

Respondent further concedes that the Petition was filed solely under the CAA and not under the LMRA. Respondent ignores the axiom that federal subject matter jurisdiction is determined based on the allegations of the petition, as held by *Purdy v Monex International, Ltd.* 867 F.2d 1521, 1523 (5th Cir. 1989), cited in the moving papers but of which Respondent makes no mention. Respondent contends that this action necessarily turns on some construction of federal law without any basis whatsoever to do so. Respondent's contention that this Petition is preempted by the LMRA is directly contrary to *Circuit City Stores v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002), holding, "States may regulate contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of *any* contract.' 9 U.S.C. § 2 (emphasis added)." The

CAA is not preempted by the FAA. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989).

Respondent's reliance for preemption on *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 is misplaced. "Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of federal labor law." *Id.*, at 211. There the Court found that the plaintiff's suit against his employer for bad-faith failure to pay benefits was preempted because it could turn on an interpretation of what benefits were due under the CBA, and it was not a petition to confirm an arbitration award. *Id.*, at 220.

In *Espinal v. Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996), the Ninth Circuit held that an employee's disability discrimination claim under FEHA was not preempted, relying on *Lingle v. Norge Civ. Of Magic Chef*, 486 U.S. 399 (1988), where the plaintiff's union filed a grievance for termination without just cause and Lingle filed a civil action under state law for retaliatory discharge, and the court held that while the retaliatory discharge action might involve the same facts as the contractual basis for termination for just case in the grievance proceedings, the resolution of the state claim did not require construing the collective bargaining agreement and there was no basis for federal subject matter jurisdiction. Indeed, this Court's denied of the Motion to Dismiss Flores' statutory tort state law action for whistleblower retaliation and ordered remand for this very reason, citing *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007), and *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). (Case No. 2-18-cv-2464-JFW-AGR, Dkt. No. 36, pp. 3-4.)

For the standard as to when a state law claim is preempted, *Espinal* relied on *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514 (9th Cir. 1995).

> To determine whether the asserted state-law right was independent of the CBA, *Jimeno* undertook the following three-part analysis: (1) Does the CBA contain provisions that govern the actions giving rise to the state

claim? (2) Is the state statute "sufficiently clear" so that the claim can be evaluated without consideration of overlapping provisions in the CBA? (3) Has the state shown an intent not to allow the statute to be altered or removed by private contract? *Id. at 1523* (quoting *Miller v. AT & T Network Sys., 850 F.2d 543, 548 (9th Cir. 1988))*. Under this analysis, "[a] state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.'" *Id.* (quoting *Miller, 850 F.2d at 548*). Guided by this framework, we conclude Espinal's discrimination claims are not preempted. *Id.*, at 1457.

In this case, the answers to "(1)" and "(2)" are both yes. Respondent fails to address the holding in *Lingle* (cited in the moving papers) or the Ninth Circuit standard set forth in *Espinal, Jimeno* and *Miller,* and with respect to preemption of a petition to confirm an arbitration award under the CAA, Respondent fails to address the holding in *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833-834 (9th Cir. 2004), where the Ninth Circuit found subject matter jurisdiction lacking in a petition removed from the California Superior Court under an agreement that was expressly governed by the California Arbitration Act. Petitioner argues in her Memorandum of Points and Authorities in Support of Motion for New Trial that the Ninth Circuit in *Carter* reasoned that Sections 9 and 10 of the FAA (providing for federal court to confirm and vacate arbitration awards, respectively) do not does not create federal subject matter jurisdiction even when the underlying arbitration involves a federal question. "[T]he the presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA." *Id.*, at 836. Federal subject matter jurisdiction "may still lie if the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law". *Id.* (Dkt. No. 39-1, 10:11-19.)

The only holding in *Carter* addressed by Respondent is that the FAA alone does not create federal subject matter jurisdiction and an independent basis for jurisdiction is necessary. Respondent then argues in a circular fashion, to wit: "By making this

argument, Flores ignores that LMRA preemption applies here because her petition to confirm the arbitration award necessarily requires the court to interpret the underlying CBA. Indeed, the core of Plaintiff's petition is her contention that Respondent is in breach of the CBA because it has allegedly failed to abide by an arbitrator's order. This contention necessarily requires the Court to interpret the CBA to determine if Respondent is in breach of the same. Thus, the LMRA provides jurisdiction." (Dkt. No. 43, 10:8-19.) This is abjectly incorrect since the arbitration proceeding already decided the contract dispute.

The foregoing reasoning by Respondent is directly contrary to *Carter's* holding that the petition to confirm the arbitration award there, which was based on the CAA, "was insufficient to give the district court jurisdiction over this case." (*Carter*, at 837.) Respondent made no showing that the Petition in this action presents a "substantial question of federal law" to be determined in this action.

II. RESPONDENT FAILS TO REBUT PETITIONER'S CONTENTION THAT AUTHORITY EXISTS FOR THE VENTURA COUNTY SUPERIOR COURT TO FIND THAT PETITIONER HAS STANDING TO PETITION TO CONFIRM THE ARBITRATION AWARD UNDER THE CAA.

Whether Petitioner is a party to the arbitration under the CAA is a question of state law. *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 474 ("The interpretation of private contracts is ordinarily a question of state law, which this Court does not sit to review."); 9 U.S.C. §2; *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) (States may regulate contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause "upon such grounds as exist at law or in equity for the revocation of *any* contract.")

Respondent acknowledges the existence of the decision in *Boulton v. USAA Cas. Ins. Co.*, 167 Cal. App.4th 312 (2008) with respect to a third-party beneficiary having the clearly established right to petition to confirm an arbitration award rendered in his or her

favor. The decision is subsequent to and directly contrary to *Melander v. Hughes Aircraft Co.*, 194 Cal.App.3d 542, 543-544 (1987).

Respondent ignores Petitioner's contentions that she may be deemed a party to the arbitration under the CAA by the California courts and that *Boulton* is in harmony with the definition of "party" in Cal. Code Civ. Proc. §1280(e). First, subsection 1280(e)(3), providing a person becomes a party when made a party by petition to the arbitrator, may be deemed to have been intended to apply only to third parties who seek intervention not the employee for whom the arbitration is brought. Second, nothing in the CAA states that a third-party beneficiary, who would have standing to enforce every other kind of contract, does not have standing to petition to confirm an arbitration award expressly made in his or her favor. Third, there is nothing in the CAA which states that in a petition by an employee covered by a CBA who obtained an arbitration award in his or her favor does not have a sufficient identity of parties. Fourth, only a party to an action may obtain a judgment in that action. If the SEIU is a party to the arbitration but Petitioner is not and suit is brought to confirm the arbitration award by the SEIU, judgment cannot be entered in favor of Petitioner under California law.

Respondent has failed to demonstrate that it is certain that the California courts would not determine Petitioner to have standing under the CAA to confirm the arbitration award. Absent such a showing, remand is mandatory even if the futility exception is still good law. *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991).

III. RESPONDENT MAKES CONTRADICTORY ARGUMENTS REGARDING LEAVE TO AMEND.

In its opposition, Respondent argues that Petitioner does not have standing to bring the petition under the LMRA, while also arguing that Petitioner lacks standing under the CAA but would have standing under §301 of the LMRA by including a claim for breach of the duty of fair representation by the SEIU. This illustrates the total lack of merit to and sincerity of Respondent's opposition to the Motion for New Trial and the contention that further amendment would be futile.

IV. THE COURT ERRED IN FAILING TO GRANT THE MOTION FOR REMAND AND ABUSED ITS DISCRETION IN FAILING TO AWARD ATTORNEY FEES EVEN ABSENT BAD FAITH IN THE REMOVAL OF THE ACTION.

In the moving papers, Petitioner argues that neither a showing of bad faith nor a lack of substantial justification is necessary for the court to award fees and costs under 28 U.S.C. §1447(c), citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). She further argues that the court may award costs and fees even when a defendant's removal, while "fairly supportable," is wrong as a matter of law, citing *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 at n. 6 (9th Cir. 2000). (Dkt. No. 39-1, 20:27-21:6.)

Respondent opposes solely arguing that the denial of attorney fees was not an abuse of discretion because the Motion for Remand was moot, which merely begs the question, and that there is no evidence that the removal was in bad faith, but fails to cite any authority. Thus, Respondent concedes that, if the Court is compelled by law to remand the action under retaliatory discharge 28 U.S.C. §1447(c), then attorney fees are awardable.

CONCLUSION

For the foregoing reasons, the Motion for New Trial should be granted setting aside the order dismissing the case and denying remand as moot, and remand the action and award attorney fees.

LAW OFFICES OF SAMUEL F. GALICI
Attorneys for Petitioner

DATED: July 16, 2018        By: _____/s/_____
                                 SAMUEL F. GALICI