UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 18-2471-JFW(AGRx)** | Date: July 26, 2018 |
| Title: | Veronica Flores -v- Dignity Health, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING MOTION FOR NEW TRIAL [filed 6/28/18; Docket No. 39]

On June 28, 2018, Petitioner Veronica Flores ("Flores") filed a Motion for New Trial ("Motion"). On July 9, 2018, Respondent Dignity Health ("Dignity Health") filed its Opposition. On July 16, 2018, Flores filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 30, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Pursuant to Federal Rule of Civil Procedure 59, a district court is empowered to grant a new trial on all or part of the issues. Fed. R. Civ. P. 59(a). Rule 59 also authorizes a district court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Rule 59 does not specify the grounds on which a motion for new trial or to alter or amend a judgment may be granted. *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003). Rather, Rule 59(a) merely states that "[t]he court may . . . grant a new trial on all or some of the issues . . . for any reason for which a new trial [or rehearing] has heretofore been granted . . . in federal court." Rule 59(e) simply states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Because specific grounds for a motion for a new trial or to alter or amend a judgment are not listed in the rule, district courts enjoy considerable discretion in granting or denying motions made pursuant to Rule 59. *Jorgensen v. Cassidy*, 320 F.3d 906, 918 (9th Cir. 2002); *see also Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (holding that "[a] district court's denial of a motion for a new trial or to amend a judgment pursuant to Federal Rule of Civil Procedure 59 is reviewed for abuse of discretion").

Under Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final

judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

For the reasons stated in Dignity Health's Opposition, Flores's Motion is **DENIED**. The Court adopts and signs, as modified, Dignity Health's proposed Statement of Decision Denying Motion for New Trial, lodged with the Court on July 18, 2018.

IT IS SO ORDERED.