NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>    Petitioner,<br><br>    v.<br><br>DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive,<br><br>    Respondents. | Case No. 2:18-cv-02471-JFW(AGRx)<br><br>**STATEMENT OF DECISION DENYING MOTION FOR NEW TRIAL** |

## I. INTRODUCTION

In her Motion for New Trial, Petitioner Veronica Flores ("Flores") argues the Court lacked subject matter jurisdiction over this matter and, thus, improperly ruled on Respondent's Motion to Dismiss. However, the Court already concluded that subject matter jurisdiction existed under the Labor Management Relations Act ("LMRA").

Flores also argues the Court abused its discretion by dismissing the action with prejudice, denying her the opportunity to amend her Complaint to include a claim against the Service Employees International Union ("Union") for breach of the duty of fair representation. However, Flores originally had that opportunity but declined to: (1) include the claim in her original Complaint; or (2) amend her Complaint to include such a claim after the issue was explicitly noted in Dignity Health's Motion to Dismiss. Thus, Flores waived her right to amend in this action.

Finally, Flores argues the Court abused its discretion by denying her request for attorneys' fees. However, in order to award such fees, the Court had to substantively rule on Flores' Motion for Remand, which it did not. Instead, it denied the motion as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2018, Flores filed a "Petition for Confirmation of Arbitration Award" in the Superior Court of California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA. Dkt. No. 1-2 [Petition].

As her Petition confirms, at all material times, Flores was employed by Dignity Health and worked under the terms of a CBA between it and the Union. Dkt. No. 1-2 [Petition, ¶ 9]; Dkt. No. 1-5 [Declaration of Amy Mantell, Exh. A – CBA]. The "preamble" of the CBA states the agreement "is between Dignity Health . . . and Service Employees International Union Local 121RN." CBA at p. 6. Although the grievance procedure of the CBA allows individual grievances, the CBA allows only the Union to move a matter to arbitration. CBA at p. 108-109.

During and directly following her employment, the Union filed grievances against Dignity Health on Flores's behalf claiming, among other things, that Dignity Health lacked "just cause" under the CBA to terminate her employment. Dkt. No. 1-2 [Petition, ¶ 11-13]. The Union submitted the grievances to arbitration pursuant to the CBA and an arbitration was conducted. Dkt. No. 1-2, Exhibit A [Petition ¶¶ 8-9, 11-13].

On August 7, 2017, the arbitrator issued an award on the grievances. In her Petition, Flores alleges the arbitrator found that Dignity Health did not have just cause to terminate her employment under the CBA and ordered her reinstatement. Dkt. No. 1-2 [Petition, ¶ 11 and Exh. 1 at p. 11]. Flores also alleges that because the award was issued, Dignity Health "has failed and refused to take action to comply with it and has failed and refused to return Petitioner to employment and to pay her the back pay and benefits as the arbitrator has awarded." *Id.*, ¶¶ 10, 12. At no point does Flores allege that the Union breached its duty of fair representation. *Id.*

On April 6, 2018, Dignity Health filed a Motion to Dismiss Flores's Petition. On May 11, 2018, the Court entered an Order granting Dignity Health's motion and denying Flores's Motion for Remand as moot. Dkt. No. 32 [Order].

### III. DISCUSSION

**A. THE COURT HAD JURISDICTION UNDER THE LMRA**

Flores argues that where a court finds it lacks subject matter jurisdiction, the court is not authorized to dismiss the action. However, in this case, the Court previously determined it had jurisdiction under the LMRA. *See* Dkt. No. 32 [Order Granting Motion to Dismiss].

Section 301 of the LMRA represents a "congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers v. Lueck*, 471 U.S. 202, 209-210 (1985). The preemptive force of Section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement.

*Franchise Tax Bd. V. Laborers Vacation Trust*, 463 U.S. 1, 23 (1982); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987).  Section 301 creates jurisdiction for federal district courts over "suits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).  Suits under Section 301 "encompass those seeking to vindicate 'uniquely personal' rights" under a collective bargaining agreement.  *Id.* (*quoting Smith v. Evening News Ass'n,* 371 U.S. 195, 198-200 (1962)).

      Flores's claim is "clearly founded upon an alleged breach of the collective bargaining agreement" because she contends that Dignity Health breached the CBA by failing to abide by the arbitrator's award.  Accordingly, this Court had LMRA subject matter jurisdiction over her petition to confirm or enforce the arbitration award.  *See, e.g., Sheet Metal Workers Intl Assn Local Union No. 359 v. Madison Indus. Inc. of Ariz.*, 84 F.3d 1186, 1190 (9th Cir. 1996) (holding that district court had jurisdiction under LMRA to address petition to enforce arbitration decision); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960) (holding that federal courts have jurisdiction over enforcement of arbitration awards under LMRA); *Diaz v. Schwerman Trucking Co.*, 709 F.2d 1371, 1371-1372 (11th Cir. 1983) (holding that the LMRA governs employee's petition to enforce arbitration decision); *Sanders v. Pechiney Rolled Products, LLC*, 259 F.Supp. 2d 463, 467-468 (W.V.A. 2003) (holding that the LMRA grants federal jurisdiction over employee's petition to enforce arbitrator's award); *Nash v. UPS*, 2012 U.S. Dist. LEXIS 53182, *2 (C.D. Cal. 2012) (holding that the LMRA governs petition to vacate arbitration decision initially filed under California law).

      Flores relies heavily on *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833-34 (9th Cir. 2004), for the proposition that because the Federal Arbitration Act ("FAA") alone does not convey federal subject matter jurisdiction, an independent basis is needed.  Dkt. No. 39-1 [Motion] at 8:16-10:19.  However, Flores ignores

that LMRA preemption applies in this case because her petition to confirm the arbitration award necessarily requires the Court to interpret the underlying CBA. Indeed, the core of Flores's petition is her contention that Dignity Health is in breach of the CBA because it has allegedly failed to abide by an arbitrator's order. This contention necessarily requires the Court to interpret the CBA to determine if Dignity Health breached it.

Accordingly, there is subject matter jurisdiction pursuant to the LMRA.

### B. PETITIONER LACKED STANDING TO ENFORCE THE ARBITRATION AWARD

Flores ineffectively argues that a state court might have ruled differently than this Court as to whether she has standing to enforce or confirm the arbitration award. However, this Court concluded that under both California Code of Civil Procedure Section 1285 and the FAA, Flores lacked standing to bring her petition. Dkt. No. 32 [Order Granting Motion to Dismiss]. Specifically, the Court concluded that "an individual employee does not have standing to petition to vacate or confirm an arbitration award unless the relevant CBA expressly provides the employee with a right to submit a dispute to arbitration or the employee is a party to the arbitration under Section 1280." *Id*. at 4-5 (*citing Melander v. Hughes Aircraft Co.*, 194 Cal. App. 3d 542, 543-544 (1987); *Meeks v. HMS Host*, 519 Fed. App'x. 513, 514 (9th Cir. 2013) (holding that "only a party to the arbitration agreement has standing to petition to vacate an arbitration decision, and that the employee-union member lacked standing to attack the arbitration award").

Despite the Court's express disapproval of *Bouton v. USAA Cas. Ins. Co.*, 167 Cal. App. 4th 412 (2008), as both unpersuasive and distinguishable on the facts, Flores still primarily relies on the case to argue that she has standing as a third-party beneficiary. *Bouton* remains inapposite. It is well settled under federal and state law that an individual must be a party to the underlying arbitration in order to confirm the arbitration award.

-5-
STATEMENT OF DECISION DENYING MOTION FOR NEW TRIAL

For example, under Section 9 of the FAA, "any party to the arbitration may apply to the court ... for an order confirming the award." In this case, the only parties to the arbitration were the Union and Dignity Health. *See* Dkt. No. 1-2 [Petition, Exh. 1, p. 1]. Because Flores was not a party to the arbitration, she lacks standing to confirm the award under the FAA. *See Int'l Longshoremen's and Warehousemen's Union v. Pac. Mar. Assoc.*, 441 F.2d 1061, 1064 (9th Cir. 1971); *Dwyer v. Eagle Marine Servs. Ltd., Oakland*, 2011 WL 2600916, at *4 (N.D. Cal. June 30, 2011); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 131 (4th Cir. 2002); ("An individual employee represented by a union ... generally does not have standing to challenge, modify, or confirm an arbitration award because he was not a party to the arbitration."); *Local 399 Staff Union v. SEIU, United Healthcare Workers – West,* Case No. CV 12-816 (PSG) (VBKx) (C.D. Cal. Aug. 10, 2012) ("Because Petitioner was not a party to the arbitration, she lacks standing to confirm the award under the FAA").

Flores also lacks standing under the Section 1285 of the Code of Civil Procedure (*i.e.*, the California Arbitration Act). Like the FAA, Section 1285 provides that "[a]ny party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." C.C.P. § 1285 (emphasis added); *see also Melander*, 194 Cal. App. 3d at 547-548 (1987) ("Since appellant was not a party to the agreement between his union and his employer, he does not have standing to vacate the arbitration award"). Again, Flores was not a party to the arbitration. *See* Dkt. No. 1-2 [Petition, Exh. 1, p. 1]. Accordingly, under Section 1285, she also lacks standing to confirm the arbitrator's award.

Accordingly, whether this case was before this Court or a state court, Flores lacked standing to confirm the arbitration award.

### C. THE COURT DID NOT ABUSE ITS DISCRETION BY DISMISSING THE PETITION WITH PREJUDICE AND DENYING LEAVE TO AMEND

Flores claims the Court abused its discretion by dismissing her Petition with prejudice and without leave to amend. Flores argues the Court's actions unfairly preclude her from amending her petition to allege the Union breached its duty of fair representation. However, the Court has already made a determination on this issue. As explained in the order granting dismissal, "[a] Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility." *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."); Dkt. No. 32 [Order Granting Motion to Dismiss] at 3. In this case, because Flores does not have standing to confirm the arbitration award, any amendment would be futile. *Id.* at 5 (finding that because the "Petitioner cannot demonstrate that she has standing, the Court concludes that granting leave to amend would be futile").

Moreover, Flores was certainly aware that she could have alleged a claim for breach of the duty of fair representation against the Union when she filed her petition initially, and certainly had ample opportunity to seek leave to amend the petition to include such a claim once Dignity Health raised the issue in its Motion to Dismiss. She chose not to and, thus, waived the opportunity.

Accordingly, the Court did not abuse its discretion by dismissing the petition with prejudice and denying leave to amend.

### D. THE COURT DID NOT ABUSE ITS DISCRETION BY DENYING ATTORNEYS' FEES

Lastly, Flores argues the Court abused its discretion by denying her attorneys' fees. However, Flores ignores that the Court did not make a substantive ruling on her Motion for Remand, which contained her request for attorneys' fees. The Court

only denied Flores's Motion for Remand as moot because it granted Dignity Health's Motion to Dismiss.  *See* Dkt. No. 32 at 5.  Thus, there was no abuse of discretion because the Court never ruled on the merits of Flores's Motion for Remand.  In any event, there is no evidence to suggest that Dignity Health removed this action in bad faith.

### IV. <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff's Motion is **DENIED** in its entirety.  **IT IS SO ORDERED.**

DATED:  July 26, 2018

_____
HONORABLE JOHN F. WALTER