**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERONICA FLORES, | No. 18-56026 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-2471-JFW-AGR |
| v. | |
| DIGNITY HEALTH, a California corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted December 10, 2019[**]
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Veronica Flores appeals the district court's dismissal of her petition to confirm an arbitration award. Because the facts are known to the parties, we do not repeat them here.

I

The district court did not err in denying Flores's motion to remand, because Flores's action is completely preempted by federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), completely preempts Flores's action to confirm the arbitration award because her claim depends centrally on rights conferred by a collective bargaining agreement (CBA). *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1041 (9th Cir. 2016); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007). Regardless of whether Flores's claim requires interpretation of the CBA, it is preempted because her claim seeks to vindicate a right created by the labor agreement itself, *see Kobold*, 832 F.3d at 1032–34, 1041; the "only source" of her claim, in this instance, is the agreement, *see Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (en banc) (internal quotation marks omitted).

II

A

The district court did not err in dismissing Flores's claim as currently alleged. Flores personally lacks standing under the LMRA to enforce the arbitration award because she has failed to allege a "hybrid" claim against both her employer and her union. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163–65 (1983).

B

However, the district court abused its discretion in denying Flores's petition with prejudice. Granting leave to amend would not be futile because, as Dignity Health acknowledges, Flores could cure her lack of standing under the LMRA by adding a claim against her union. *See id.* Further, Flores's supposed delay alone is not sufficient to deny leave to amend. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). The district court made no finding that Flores's delay was accompanied by some "additional ground—such as prejudice or bad faith—that would justify the denial," and none is apparent in the record. *Id.*

The parties shall pay their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**