SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
TYLER J. JOHNSON, Cal. Bar No. 307386
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Respondent
DIGNITY HEALTH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>        Petitioner,<br><br>    v.<br><br>DIGNITY HEALTH, a California corporation, and DOES 1 through 5, Inclusive,<br><br>        Respondents. | Case No. 2:18-cv-02471-JFW(AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT DIGNITY HEALTH'S MOTION TO DISMISS AMENDED PETITION TO CONFIRM ARBITRATION AWARD**<br><br>**[FRCP 12(b)(6)]**<br><br>Date:    March 9, 2020<br>Time:    1:30 p.m.<br>Judge:   John F. Walter<br>Crtrm:   7A<br><br>[Filed concurrently with: Notice of Motion; Request for Judicial Notice; and [Proposed] Order] |

# I. INTRODUCTION

Petitioner Veronica Flores is represented by the Service Employees International Union Local 121RN ("Union") in matters concerning her employment with Respondent Dignity Health. Flores worked pursuant to a collective bargaining agreement ("CBA") between the Union and Dignity Health.

Flores was terminated by Dignity Health on April 9, 2015. The Union filed a grievance on Flores' behalf and proceeded to arbitration. On August 7, 2017, the arbitrator issued an award ordering that Flores be reinstated so long as a mutually agreed upon drug treatment specialist in consultation with Dignity Health's Employee Health Department determined that she is able to work unimpaired by her medications. See Am. Pet., Exh. 1 at p. 11, ECF No. 59-1. Notably, the arbitrator retained jurisdiction over the award in order to resolve any disputes regarding the "remedies ordered or remanded." Id. at 11-12.

This Court previously dismissed Flores' attempt to confirm the arbitration award. Order, ECF No. 36. The Ninth Circuit affirmed the dismissal because Flores – a non-party to the arbitration – lacks standing to confirm the award. However, in her Amended Petition, Flores continues to seek confirmation of the arbitrator's award. Her petition again fails for a lack of standing.

Additionally, Flores' allegations against Dignity Health relate solely to the "remedies ordered" by the arbitrator. For example, she asks this Court to decide what economic damages, if any, she is entitled to receive. Am. Pet. ¶¶ 25-28. However, because the arbitrator retained jurisdiction over disputes relating to her award, the Court is the improper forum for Flores' dispute. Instead, Flores must seek relief before the arbitrator.

For these reasons, Dignity Health seeks an Order dismissing the Amended Petition to Confirm the Arbitration Award.

## II.   FACTUAL ALLEGATIONS

Flores was employed by Dignity Health and worked under the terms of a CBA between it and the Union.  Am. Pet., ¶¶ 12-13; Decl. of Amy Mantell, Exh. A – CBA ("CBA"), ECF No. 1-5.  The "preamble" of the CBA clearly states the agreement "is between Dignity Health [] and Service Employees International Union Local 121RN."  CBA at 6.  Nowhere is Flores made a party to the CBA.

During and directly following her employment, the Union filed grievances against Dignity Health claiming (among other grounds) that Dignity Health lacked "just cause" under the CBA to terminate Flores' employment.  Id. ¶ 15; CBA at 11.  The Union submitted the grievances to arbitration pursuant to the terms of the arbitration clause of the CBA and an arbitration took place.  Am. Pet., ¶¶ 18, 19.

On August 7, 2017, the arbitrator issued an Award on the grievances.  Id. ¶ 20.  Therein, the arbitrator stated:  "The Undersigned was selected by *the parties*, SEIU Local 121RN (Union) and Dignity Health, St. John's Regional Medical Center (Employer), to hear and decide a grievance of Veronica Flores, RN (Grievant)."  Id. at Exh. 1, p. 1 (emphasis added).  The arbitrator referred only to the Union and Dignity Health as the "parties" to the arbitration.  She never referred to Flores as a party to the arbitration.

The arbitrator found that Dignity Health did not have just cause to terminate Flores' employment under the CBA and ordered her reinstatement.  Am. Pet., ¶ 20; Exh. 1 at p. 11.  The arbitrator also awarded "back pay effective April 9, 2015 conditioned on certification from a drug treatment specialist in conjunction with the Employer's Employee Health Department that she can successfully function without taking drugs on a schedule that impairs her performance."  Exh. 1 at 9.  The Award explicitly states the arbitrator "will retain jurisdiction in this matter solely to resolve any disputes that may arise regarding the remedies ordered or remanded."  Id. at 11.

In her Amended Petition, Flores alleges Dignity Health "has failed to comply with the arbitration award by, without limitation, failing [to] pay or offering to pay

any sum for the back pay and benefits ordered, failed to reasonably agree in a timely manner or at all on a neutral physician for the return to work examination, and has failed to return Petitioner to work." Am. Pet. ¶ 21. Flores then asserts she is entitled to back pay and benefits from April 9, 2015 through November 27, 2019, totaling $798,759.52. Id. ¶¶ 25-28.

### III.  PROCEDURAL HISTORY

On February 2, 2018, Flores filed a "Petition for Confirmation of Arbitration Award" in the Superior Court of California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA.[1] Pet., ECF No. 1-2. Dignity Health removed the matter to federal court based on LMRA preemption. Notice of Removal, ECF No. 1. Dignity Health then sought dismissal on grounds that Flores lacks standing to seek confirmation of the award because she was not a party to the proceedings (i.e., only Dignity Health and SEIU were parties). This Court granted Dignity Health's motion to dismiss and denied Flores' motion to remand. Order, ECF No. 36.

Flores appealed the district court's rulings and the Ninth Circuit affirmed, agreeing Flores lacks standing to confirm the arbitration award. Mem., ECF No. 53. The Ninth Circuit then granted Flores leave to amend to file a "hybrid" LMRA/breach of the duty of fair representation claim against both SEIU and Dignity Health. Id. at 3. The Ninth Circuit did not provide Flores leave to again assert a claim against Dignity Health to confirm the arbitration award.

On January 27, 2020, Flores filed her First Amended Petition. Although she was not granted leave to do so, Flores once again asserts a claim against Dignity

---

[1] On February 2, 2018, Flores also filed a wrongful termination action in Ventura County Superior Court, Case No. 56-2018-00507606-CUWT-VTA. The court granted Dignity Health's demurrer, finding the National Labor Relations Act preempted Flores' claim, and the California Court of Appeal affirmed on October 22, 2019. Req. for Judicial Notice, Exh. B.

Health to confirm the arbitration award under California Code of Civil Procedure sections 1280, et seq.  Am. Pet., ECF No. 59.

Meanwhile, on October 31, 2019, Administrative Law Judge Deena Ghaly revoked Flores' nursing license in a proceeding brought by the California Board of Registered Nursing.  Req. for Judicial Notice, Exh. A.  Flores is thus no longer a licensed nurse and cannot be returned to her position with Dignity Health or accrue damages.

## IV.	ARGUMENT AND AUTHORITIES

### A.	Legal Standard

Under 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is proper where there is a "lack of a cognizable legal theory" or there is an "absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In order to survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Under this standard, a plaintiff's factual allegations must add up to "more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To determine whether a complaint can survive a Rule 12(b)(6) motion, a court must accept well-pled factual allegations as true and construe them in the light most favorable to the plaintiff.  Usher v. City of L.A., 828 F.2d 556 561 (9th Cir. 1987).  However, "the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 129 S.Ct. at 1949-50; see also Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

-5-

### B. Flores Lacks Standing To Confirm The Arbitrator's Award

Despite the Ninth Circuit's clear affirmance of this Court's dismissal on grounds that Flores lacks standing to confirm the arbitrator's award, Flores continues to assert the same claim. Under section 9 of the Federal Arbitration Act ("FAA"), "any *party* to the arbitration may apply to the court . . . for an order confirming the award." 9 U.S.C. § 9 (emphasis added). As demonstrated, the only parties to the arbitration were the Union and Dignity Health. See Am. Pet., Exh. 1 at p. 1. Because Flores was not a party to the arbitration, she lacks standing to confirm the award under the FAA. See Local 13, Int'l Longshoremen's & Warehousemen's Union v. Pac. Mar. Assoc., 441 F.2d 1061, 1064 (9th Cir. 1971) (holding that a plaintiff could not move to vacate an arbitration award under the FAA because he was not a party to the arbitration); Dwyer v. Eagle Marine Servs. Ltd., Oakland, 2011 WL 2600916, at *4 (N.D. Cal. June 30, 2011) (same); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 131 (4th Cir. 2002) ("An individual employee represented by a union . . . generally does not have standing to challenge, modify, or confirm an arbitration award because he was not a party to the arbitration."); Local 399 Staff Union v. SEIU, United Healthcare Workers – West, Case No. CV 12-816 (PSG)(VBKx) (C.D. Cal. Aug. 10, 2012) ("Because Petitioner was not a party to the arbitration, she lacks standing to confirm the award under the FAA. . . . Therefore, the motion to dismiss on the basis that Petitioner lacks standing under the FAA to confirm the arbitration award is GRANTED."). Accordingly, Flores cannot seek to confirm the arbitrator's award under the FAA and a dismissal is again warranted.

The same result occurs under the California Arbitration Act ("CAA"). Flores requests confirmation under California Code of Civil Procedure sections 1280, et seq., a provision of the CAA. See Am. Pet. ¶ 22. Like the FAA, the CAA provides that "[a]ny *party* to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." Cal. Code Civ. Proc. § 1285 (emphasis added); see also Melander v. Hughes Aircraft Co., 194 Cal.App.3d 542,

-6-

547-48 (1987) ("Since appellant was not a party to the agreement between his union and his employer, he does not have standing to vacate the arbitration award."). Again, Flores was not a party to the arbitration. See Am. Pet., Exh. 1 at p. 1. Thus, under the CAA, she lacks standing to confirm the arbitrator's award and her Amended Petition against Dignity Health should be dismissed.

### C. This Court Lacks Jurisdiction Over Implementation Of The Award

In her Amended Petition, Flores alleges Dignity Health "has failed to comply with the arbitration award by, without limitation, failing [to] pay or offering to pay any sum for the back pay and benefits ordered, failed to reasonably agree in a timely manner or at all on a neutral physician for the return to work examination, and has failed to return Petitioner to work." Am. Pet. ¶ 21. Flores then requests the Court award her back pay of nearly $800,000 from the period of April 9, 2015 through November 27, 2019. Id. ¶¶ 25-28. However, this is a dispute within the sole jurisdiction of the arbitrator. See Unite Here! Local 19 v. Sutter's Place, Inc., 2011 WL 3795070, at *2 (N.D. Cal. Aug. 26, 2011); Teamsters Union Local 853 v. J.C. Paper, 2008 WL 4890897, at *3 (N.D. Cal. Nov. 12, 2008).

For example, in Unite Here! Local 19 v. Sutter's Place, Inc., the court addressed nearly identical circumstances and found the court lacked jurisdiction over the dispute at issue because it dealt solely with implementation of an arbitrator's award. 2011 WL 3795070, at *2. Following an employee's termination, the union filed a grievance arguing the termination lacked just cause. Id. at *1. The grievance was submitted to arbitration and the arbitrator found the termination was without just cause and ordered reinstatement. Id. The arbitrator retained jurisdiction over the implementation of the award. Id. Following the award, the union and the employer could not agree on the terms of the employee's reinstatement and the union filed a petition to confirm the arbitration award. Id. In finding the court was not the proper forum for the dispute, the court focused on the fact that the arbitrator had specifically retained jurisdiction over the implementation

-7-

of the award.  Id. at *2.  The court held that whether the employer had improperly failed to implement the ordered remedy was "the very dispute that must be considered by the arbitrator."  Id.  The court therefore ordered the parties to submit the dispute to the arbitrator.  Id.

Sutter's Place applies to this matter.  Here, Flores asks the Court to adjudicate the measure of back pay and the terms of her reinstatement.  However, the Award specifically states the arbitrator "will retain jurisdiction in this matter solely to resolve any disputes that may arise regarding the remedies ordered or remanded."  Am. Pet., Exh. 1 at p. 11.  Because Flores' claim against Dignity Health relates solely to the implementation of the arbitrator's Award, this Court lacks jurisdiction over the dispute.  As such, the Court should grant Dignity Health's motion to dismiss.  Indeed, even if Flores were to refashion her claim as one that has a potential legal basis (i.e., the "hybrid" claim the Ninth Circuit gave Flores leave to assert), a dismissal would still be warranted because the relief Flores seeks must be considered by the arbitrator.

## V.  CONCLUSION

Based on the foregoing, the Court should grant Respondent Dignity Health's motion to dismiss.

Dated: February 10, 2020

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ TYLER J. JOHNSON
         RICHARD J. SIMMONS
         DANIEL J. McQUEEN
         KEAHN N. MORRIS
         TYLER J. JOHNSON

Attorneys for Respondent
DIGNITY HEALTH