SAMUEL F. GALICI, ESQ. (Cal. Bar No. 102496)
LAW OFFICES OF SAMUEL FRANKLIN GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:      (805) 654-1451
Facsimile: (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Petitioner VERONICA FLORES

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RICHARD J. SIMMONS, Cal. Bar No. 72666
DANIEL J. McQUEEN, Cal. Bar No. 217498
TYLER J. JOHNSON, Cal. Bar No. 307386
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: (213) 620-1780
Facsimile:  (213) 620-1398
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
KEAHN N. MORRIS, Cal. Bar No. 273013
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
Facsimile:  (415) 434-3947

Attorneys for Respondent DIGNITY HEALTH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>                    Petitioner,<br><br>     v.<br><br>DIGNITY HEALTH, SEIU Local 121RN, and DOES 1-5, Inclusive,<br><br>                    Respondents, | Case No.  2:18-cv-02471-JFW(AGRx)<br><br>**JOINT RULE 26(f) CONFERENCE REPORT**<br><br>Date:     February 24, 2020<br>Time:     1:15 P.M.<br>Place:    Courtroom 7A<br>          350 W. 1st Street<br>          Los Angeles, CA 90012 |

Pursuant to the Court's Civil Minutes entered on January 10, 2020 (Dkt. No. 57), Fed. R. Civ. P. 26(f) and L.R. 26-1, the parties, Petitioner VERONICA FLORES and Respondent DIGNITY HEALTH have held the required meeting of counsel and now jointly submit the following report. Respondent SEIU LOCAL 121RN has not yet appeared in this action.

**(1)    The basis for the court's subject matter jurisdiction over petitioner's claims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, the date by which service will be completed, and an explanation as to why service has not been completed**

<u>Petitioner.</u> This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and the Labor Management Relations Act §300, 29 U.S.C. §185. Respondent SEIU LOCAL 121RN was served with the First Amended Petition and Summons there on February 7, 2020, making a response due by February 28, 2020. Petitioner's counsel has not been contacted by counsel for the union as of this date. There are no issues with personal jurisdiction or venue.  Petitioner disagrees with Respondent DIGNITY HEALTH that the court lacks jurisdiction to enforce the award for the reason the arbitrator retained jurisdiction to resolve disputes as to remedy. As discussed below, the grounds for vacating the award and remanding to the arbitrator are governed by the California Arbitration Act which is contrary to Respondent's contention. While the LMRA allows for the enforcement of an arbitration award by the employee where the union breached the duty of fair representation, the confirmation of the award is governed by the California Arbitration Act as discussed below.

**Respondent DIGNITY HEALTH.**

Dignity Health agrees with Petitioner's position above, except that to the extent Petitioner alleges a dispute regarding the implementation of the arbitrator's award (including any amount of allegedly unpaid wages and benefits), this Court lacks jurisdiction to resolve the dispute. The arbitrator's award provided that the arbitrator retained jurisdiction over disputes regarding the implementation of the award.

(Please also note that counsel for Dignity Health asked counsel for Petitioner to shorten his portion of the Rule 26 Report in light of the Court's order that such Reports should not exceed 10 pages except in unusually complex cases.  Petitioner's counsel declined the request.) Respondent SEIU LOCAL 121RN.

**(2)   A brief chronology of the facts and a statement of the principal factual issues in dispute**

**Brief chronology of facts**

Petitioner.

Petitioner Veronica Flores was employed by Respondent Dignity Health as a registered nurse at St. John's Regional Medical Center in Oxnard, California and was a member of Respondent SEIU LOCAL 121RN. On April 9, 2015, Respondent Dignity Health terminated Petitioner's employment. On or about April 24, 2015, the SEIU 121RN timely filed a grievance for unjust termination against Respondent DIGNITY HEALTH pursuant to Article 29 of the CBA and subsequently demanded arbitration pursuant to section "E" thereof providing that disputes under the CBA will be resolved by arbitration. Arbitration proceedings were duly conducted, and on August 7, 2017 the arbitrator rendered her award in favor of Petitioner based on finding that

Respondent DIGNITY HEALTH did not have just cause under the CBA to terminate Petitioner's employment. She ordered Petitioner's employment to be reinstated "with back pay effective on April 9, 2015" and to be returned to work upon the examination of a "mutually agreed upon drug treatment specialist" showing that "she is able to work unimpaired by her medications." (Arbitration Award, Dkt. No. 59-1, pp. 11-12.)

Since the arbitrator's decision, Respondent DIGNITY HEALTH has failed to comply with the arbitration award by, without limitation, failing pay or offering to pay any sum for the back pay and benefits ordered, failing to reasonably agree in a timely manner or at all on a neutral physician for the return to work examination, and failing to return Petitioner to work, and has subverted the arbitration process.

Respondent DIGNITY HEALTH did not propose an examining physician until October 2017, more than two and a half months after the arbitration decision. Petitioner rejected the physician as affiliated with Respondent DIGNITY HEALTH. No further action was taken by Respondents until October 2018 when SEIU LOCAL 1231RN requested that Petitioner provide the union with her choice for the examining physician. Petitioner promptly replied, proposing a local drug treatment specialist who was not affiliated with Respondent DIGNITY HEALTH. Respondent rejected Petitioner's choice without reasonable basis and without explanation, and then proposed another physician whose office was affiliated with DIGNITY HEALTH, and who Petitioner promptly rejected as not neutral. Respondents took no further action to select the physician who has still not been selected.

Since August 7, 2017 when the arbitrator rendered her decision and award, Respondent SEIU LOCAL 121RN has represented Petitioner

in a perfunctory fashion initially and has ultimately abandoned the representation, subverting the arbitration process and preventing Petitioner from being able to obtain performance by Respondent DIGNITY HEALTH in compliance with the arbitration award. Petitioner disagrees with rendition of facts and directs the Court to section 11 of petitioner's portion of headnote "3" below setting forth the disputed points of law, pp. 15-16 *infra*.

**Respondent DIGNITY HEALTH.**

On April 9, 2015, Dignity Health terminated Petitioner's employment as a registered nurse.  Petitioner worked subject to a collective bargaining agreement between SEIU and Dignity Health. SEIU challenged the termination and brought the matter to arbitration. On August 7, 2017, the arbitrator issued her award, finding Dignity Health did not have just cause to discharge Petitioner and ordered it to reinstate her effective April 9, 2015 if an evaluation by a mutually agreed upon drug treatment specialist in consultation with Dignity Health's Employee Health Department determines she is able to work unimpaired by her medications.

On February 2, 2018, Petitioner filed a petition for confirmation of the arbitration award pursuant to California Code of Civil Procedure §§ 1285 et seq. in the Superior Court for California, County of Ventura, Case No. 56-2018-00507600-CU-PA-VTA.  Dignity Health removed the matter to federal court based on LMRA preemption.  Dignity Health then sought dismissal on grounds that Petitioner lacks standing to seek affirmance of the arbitration award because she was not a party to the proceedings (i.e., only Dignity Health and SEIU were parties).  This Court granted Dignity Health's motion to dismiss and denied Petitioner's motion to remand.

Petitioner appealed the district court's rulings and the Ninth Circuit affirmed, agreeing Petitioner lacks standing to affirm the arbitration award.  The Ninth Circuit then ordered leave to amend for Petitioner to allege a "hybrid" LMRA/duty of fair representation claim against both SEIU and Dignity Health.  The Ninth Circuit did not provide leave to amend to again assert a claim against Dignity Health under sections 1285 et seq.

On October 31, 2019, Administrative Law Judge Deena Ghaly revoked Petitioner's nursing license in a proceeding brought by the California Board of Registered Nursing.  Petitioner is thus no longer a licensed nurse and cannot be returned to her position or accrue damages.

Respondent SEIU LOCAL 121RN.

**Principal factual issues in dispute**

Petitioner. The principal factual issues are the amount of Petitioner's back pay and the amount of her reasonable attorney fees for bringing and prosecuting this action to judgment. Petitioners wages and benefits are based on the rates set forth in the CBA for a registered nurse which are based on seniority. Wages increased by a few percentage points in 2015 and 2016 and then remained the same through the present. Petitioner worked three 12-hour shifts a week and took no vacations. Thus, the amount of back pay is a mathematical calculation over which there should be no reasonable dispute. The Arbitration Award provides that Petitioner receive back pay from the date of her termination in 2015 and that she be returned to work upon the determination by a mutually agreed upon physician that the medications she is taking will not impair her performance at work. Respondent DIGNITY HEALTH failed to agree on a neutral doctor to obtain the

medical determination and thereby prevented Petitioner from obtaining it so that she would have to be returned to work. Thus, the right to back pay continued to November 27, 2019 as more fully explained below.

As to the recovery of attorney fees as damages from Respondent DIGNITY HEALTH, the factual issue is whether it acted in bad faith, vexatiously or for oppressive reasons, by, *inter alia*, refusing to abide by the arbitrator's award.

As to both establishing liability and the right to recovery of attorney fees as damages against Respondent SEIU LOCAL 121RN, the factual issue is whether the union represented Petitioner in a perfunctory fashion, or its conduct reflects an egregious or reckless disregard for Petitioner's rights under the arbitration award, or its conduct is unexplained or excused, was arbitrary or in bad faith. Petitioner disagrees with Respondent DIGNITY HEALTH's jurisdictional contentions. Petitioner agrees that it must prove that DIGNITY HEALTH breached the CBA but it's the arbitration decision that constitutes the contract breached under the CAA, Cal. Code Civ. Proc. §1287.6)

## Respondent DIGNITY HEALTH.

Dignity Health maintains that Petitioner still lacks standing to seek to affirm the arbitration award and that this claim is subject to a dismissal. However, should Petitioner ultimately assert a hybrid claim against Dignity Health and SEIU, she must prove both that Dignity Health breached the collective bargaining agreement and that SEIU breached its duty of fair representation.

Petitioner alleges Respondents did not abide by the arbitrator's award and seeks damages of back pay through November 27, 2019. However, the arbitrator retained jurisdiction over implementation of the

award.  Therefore, Petitioner is asking the Court to rule on issues outside of its jurisdiction.

Respondent SEIU LOCAL 121RN.


**(3)    A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions**

Petitioner.

While the court has suggested that the parties limit this report to 10 pages, the number of issues, without extended argument, well exceeds that number, and Petitioner believes that the Court desires that all the issues be set forth rather than issues eliminated from the Report due to a page limit.

1.    LMRA §301, 29 U.S.C. §185, grants district courts authority to enforce or vacate final arbitration awards. *Medic Ambulance Servs. v. United EMS Workers, AFSCME, Local 4911*, 2018 U.S. Dist. LEXIS 43314, *11 (E.D. Cal. 2018) citing *Sprewell v. Golden State Warriors,* 266 F.3d 979, 986 (9th Cir. 2001). Courts afford a "nearly unparalleled degree of deference" to arbitration decisions. *Id.*; *Southwest Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2001).

Where the petition is brought pursuant to the California Arbitration Act (CAA), Code Civ. Proc., § 1280 *et seq.*, the CAA is the "governing statutory scheme" and the allowable defenses are governed by the CAA not the Federal Arbitration Act. *Cooper v. Lavely & Singer Professional Corp.*, 230 Cal. App.4th 1, 18 (2014); *Cable Connection, Inc. v. DIRECTV, Inc.*, 44 Cal.4th 1334, 1339-1340, quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 590 (2008) ("The FAA is not the only way into court for parties wanting review of arbitration awards: they

may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable."); *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 918 (9th Cir. 2016) ("The FAA provides a means of judicial enforcement where a controversy has been arbitrated pursuant to a valid arbitration provision and the arbitrator has made an award. *See* 9 U.S.C. §§ 9, 10. However, the FAA does not itself confer jurisdiction on federal district courts over actions to compel arbitration or to confirm or vacate arbitration awards, nor does it create a federal cause of action giving rise to federal question jurisdiction under 28 U.S.C. § 1331."); *Kehr v. Harris Umham & Co., Inc.*, 736 F.2d. 1283, 1287 (9th Cir. 1984) (To create federal jurisdiction under the FAA, "there must be diversity of citizenship or some other independent basis for federal jurisdiction."); *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983) ("although enforcement of the [Federal Arbitration] Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal courts where otherwise appropriate."); *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 836 (9th Cir. 2004) (the presence of federal issues in the underlying arbitration is insufficient to confer jurisdiction).

Federal authority on a similar statute may be examined where a question concerning the CAA is not answered by caselaw of the state. *Mossman v. City of Oakdale*, 170 Cal.App.4th 83, 89 (2009) (parallel citations omitted) ("[I]n the absence of California authority, it is appropriate to rely on federal authorities construing a federal statute similar in purpose. (*Green v. Par Pools, Inc. (2003) 111 Cal.App.4th 620, 623*) The California statutory scheme for enforcement of private arbitration agreements is similar to the federal scheme. (*Cable Connection, Inc. v. DIRECTV, Inc. (2008) 44 Cal.4th 334, 1343*).")

**2.**     An arbitration award is final when the arbitrator's written award determines all submitted questions necessary in order to determine the controversy. Cal. Code Civ. Proc. §1283.4; *Cooper*, at 12 ("after the arbitrator has issued an award (or multiple incremental awards) resolving all submitted issues, *§ 1283.4* narrowly circumscribes the arbitrator's power to correct the stated resolution of those issues."); *Advanced Micro Devices, Inc. v. Intel Corp.*, 9 Cal.4th 362, 372 (it is for the arbitrator to determine what issues are "necessary to the ultimate decision.")

**3.**     The standard for review of an arbitrator's remedy is limited to whether the award exceeded the arbitrator's powers under the CBA. The arbitrator exceeds remedy powers only where the remedy does not bear a rational relationship to the CBA as interpreted by the arbitrator and to the breach of contract found, expressly or impliedly, by the arbitrator." *Advanced Micro Devices*, at 367.

**4.**     Under the California Arbitration Act, Code Civ. Proc., §1280 *et seq.*, when a final award is issued, the arbitrator retains jurisdiction to correct it for a 30-day period. Code Civ. Proc., § 1284. After that period, the trial court acquires jurisdiction over the award to confirm, correct, or vacate it. The powers of the court are limited to confirming the award, correcting it and confirming it, or vacating the award or dismissing the proceeding. (Cal. Code Civ. Proc. §1286)

**5.**     An arbitration award may only be corrected where miscalculation of figures or description of a person or property is evident, the arbitrator exceeded his or her powers, or the award is imperfect in form which does not affect the merits of the controversy. (Cal. Code Civ. Proc. §1286.6) The FAA provides the same grounds. 9 U.S.C. §11.

**6.** Cal. Code Civ. Proc. §1287 provides that if an arbitration award is vacated, the court may order remand to a new arbitrator, or with the parties' consent to the original arbitrator where the arbitrator exceeded its powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. Remand to the arbitrator is appropriate where there is an ambiguity in the award, but the mere failure to compute the remedy does not make the award not final or justify remand to the arbitrator. *Mossman*, at 90 ("unspecified make whole remedy does not provide a valid ground on which to vacate the award").

This is not a case in which the arbitrator specified that that other earnings or other collateral source income is to be deducted from back pay. The award is not ambiguous. The arbitrator did not state that there should be any deductions from back pay. She did not state that Petitioner be made whole by the award of back pay, or otherwise imply that other income is to be deducted. Arbitrators may award benefits different from those the party could have acquired through performance of the contract. *Advanced Micro Devices*, at 382. An arbitration decision that orders one party to pay a sum of money to another, without stating factual findings and the reasons for the award is all that is necessary under the CAA. *Baldwin Co. v. Rainey Const. Co.*, 229 Cal.App.3d 1053, 1058 n 3 (1991) following *Sapp v. Barenfeld*, 34 Cal.2d 515, 522-523 (1949).

*Mossman* found an arbitration award that provided that the employee be made whole was not ambiguous but ordered remand to the arbitrator solely based on an ambiguity in the award concerning the specific position to which she would be returned to work which the Court deemed made the award unenforceable under the facts in that case.

Having decided that remand was appropriate on that ground, the Court then included the specification of the meaning of the unspecified make-whole award. *Id.,* at 90-91.

> The arbitrator did not calculate the exact amount of lost wages and benefits to be paid to Mossman, implicitly concluding this was an administrative task that could easily be done by the parties once the main issue of liability had been resolved. There is no question, however, that the arbitrator awarded Mossman all lost wages and benefits. *Mossman*, at 91.

In *Mossman*, the Court did not find remand appropriate on the ground that the parties agreed to grant the arbitrator continuing jurisdiction to resolve issues regarding the implementation of any remedy granted, even though it was undisputed and the Court found that they did. *Id.*, at 87.

Here, the arbitrator provided in the award that she was retaining jurisdiction "solely to resolve any disputes that may arise regarding the remedies ordered or remanded." (Arbitration Award, Dkt. No. 59-1, pp. 11-12.) But that does not mandate remand to the arbitrator to perform the computation. *Id.*; *See, Sheedy Drayage Co. v. Teamsters Union Local NO. 2785*, 2013 U.S. Dist. LEXIS 28098 (N.D. Cal. 2013) ("although the Arbitrator retained jurisdiction to resolve issues over remedy, this jurisdiction was essentially a mathematical calculation not subject to reasonable dispute").

This is not a case in which the union and the employer each took contrary positions as to the amount of back pay and negotiations reached an impasse. Rather, Respondents wholly failed to offer or demand any sum and DIGNITY HEALTH has subverted the arbitration process, which SEIU LOCAL 121RN has permitted and contributed to, by failing

and refusing to act in compliance with the arbitration award. Parties to an arbitration expect that the controversy will be resolved without resort to the courts. *Advanced Micro Devices,* at 373, citing *Moncharsh v. Heily & Blase*, 3 Cal.4th 1, 8-13 (1992).

**7.** An award may only be vacated based on fraud, corruption or other undue means or improprieties by the arbitrator and where the award cannot be corrected without affecting the merits of the decision. (Cal. Code Civ. Proc. §1286.2; *Moncharsh v. Heily & Blase*, 3 Cal.4th 1, 27-28 (1992) (§1286.2 sets forth the exclusive grounds for vacating an arbitration award.); *Mossman*, at 88; *Cooper*, at 14 (the statutory grounds "do not permit the arbitrator to make substantive changes to the award's determinations of fact and law.") The FAA provides the same grounds. 9 U.S.C. §10(a).

**8.** The limitation on vacation of the arbitration award or remand to the arbitrator to make substantive changes in the final award also applies to an unforeseen contingency under the CAA. In *Int'l Ass'n Machinists & Aero. Workers v. Hawaiian Airlines*, 2012 U.S. Dist. LEXIS 8461 (D. Hi. 2012), where the arbitrator ordered reinstatement of Brad Asuncion's employment upon passing a return to work drug test (without a specific deadline) which was completed successfully but the employee encountered obstacles in retaining his security clearance, and after which the arbitrator issued a supplemental decision stating that the employer was no longer required to reinstate Asuncion's employment, the Court granted summary judgment reversing the supplemental award on the grounds that by ruling that Asuncion has forfeited his right of reinstatement based on post-decision events the arbitrator made a decision on the merits of the grievance and was in excess of his powers. Nevertheless, the Court remanded to the arbitrator for clarification to

specify a deadline for reinstatement under the *Excelsior Foundry*, 56 F.3d 844, (7th Cir. 1995), which allows remand to the arbitrator, under a statutory scheme other than the CAA, to resolve an issue not clearly decided or not definitively addressed in the award. This exception does not apply to the CAA. *Cooper,* at 18 (holding that reliance on *Excelsior Foundry Co.*, was misplaced because the decision addressed a statutory scheme other than the CAA).

     **9.**    The merits of arbitration controversies, either on questions of law or fact, as resolved by the arbitrator's decision, are also not subject to judicial review, and such review is only as provided by statute. *Harris v. Havenar*, 169 Cal.App.2d 531 (1959); *O'Malley v. Wilshire Oil Co.*, 59 Cal.2d 482, 491 (1963); *Santa Clara-San Benito etc. Elec. Contractors' Assn. v. Local Union NO. 332,* 40 Cal.App.3d 431, 437 (1974) ("A court may not set aside an arbitration award even if the arbitrator made an error in law or fact. [Citations.]"; *Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, etc.*, 886 F.2d 1200, 1217 (9th Cir. 1989); *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.* 484 U.S. 29 (1987) ("Had the arbitrator found that Rocks had been reckless in improperly tightening the lug bolts, yet imposed discipline short of discharge because he found as a factual matter that he could be trusted not to do so in the future, the Court of Appeals could not upset the award because of its own view that public policy about automobile safety was threatened.");

     **10.**    As to the enforceability of the arbitration award, the sole issue is whether it was duly made. Cal. Code Civ. Proc. §1285.4 requires a petition to confirm an arbitration award to include the substance of or a copy of the arbitration agreement, the name of the arbitrator and a copy of the arbitration award and nothing more. Cal. Code Civ. Proc.

§1290.2 provides that the petition be heard "in a summary way and upon the notice provided by law for the making and hearing of motions". Cal. Code Civ. Proc. §1290.6 provides that Respondent file and serve a response within 10 days after service of the petition, except when served in the manner provided for service of summons in which case the response must be filed within 30 days. Cal. Code Civ. Proc. §1291.2 provides that proceedings to confirm an arbitration award are entitled to calendar priority. Cal. Code Civ. Proc. §1291 provides that as to the judgment or any appealable order in the proceedings, the Court shall make a statement of decision if requested.

**11.**   With respect to the arbitration award's remedies of back pay and reinstatement, the issues are whether Respondent DIGNITY HEALTH violated the CBA by failing to timely agree on a neutral examining physician for her return to work, and by failing to return her to work by preventing her from obtaining the neutral medical qualification for her return to work under the award, or otherwise refusing to perform under the award.

The arbitration award clearly contemplates that back pay would be due from the date of termination until Petitioner was returned to work, and that the right to back pay under the award has continued during the period Respondent DIGNITY HEALTH has failed to perform in the selection of an agreed-upon neutral physician. Respondent that 100 days after the award to petition to vacate it or correct it, ending on November 15, 2017, but failed to file any petition for such review. Refusing to perform under the arbitration award while failing to petition for judicial review was a deliberate subversion of the arbitration process and constitutes bad faith.

Instead of filing a petition in court, it appears that in the year following the arbitration award, Respondent DIGNITY HEALTH persuaded the California Attorney General to revive complaint it had made to the Board of Registered Nursing (BRN) against Petitioner in 2015 for being impaired by medications at work and diverting drugs on two dates, on which the BRN investigation had ended in September 2015 without a formal accusation or any further action. Petitioner's license continued to be renewed thereafter.

The Attorney General presented the same allegations and witnesses as Respondent DIGNITY HEALTH did in the arbitration. However, this forum that heavily favors hospitals by failing to investigate the veracity of their complaints against nurses, relying on their internal investigations and witnesses they choose and are on board with the accusations, and failing to conduct thorough investigations by interviewing all witnesses or determining definitively whether documents of questionable validity have been forged or fabricated.

The administrative law judge (ALJ) rendered a decision that Petitioner was impaired by prescribed medications on two days at work, six (6) months apart and involving different medications, despite question able documentation and testimony to the contrary by the singular expert witness in toxicology who testified at the hearing. The Board of Registered Nursing (BRN) adopted the decision of the ALJ recommending revocation of Petitioner's license as a registered nurse effective November 27, 2019. Petitioner timely filed a petition for writ of mandate in the California Superior Court and the BRN decision is not final. The suspension may be stayed by the Court pending final judgment and, in any event, Petitioner will be able to reapply for her license after a year. Unless the BRN revocation is stayed, Petitioner will contend that

her right to continued employment with Respondent continued to and
ended on the date her license was revoked. Petitioner seeks back pay
from April 9, 2015 to November 27, 2019. If the revocation is stayed
within a reasonable period of time and ultimately reversed, Petitioner
will seek back wages for a longer period.

    **12.**   Petitioner is entitled to recover her reasonable attorney fees
as damages against Respondent DIGNITY HEALTH upon a showing
that Respondent acted in bad faith, vexatiously, wantonly or for
oppressive reasons. *Sheet Metal Workers' Int'l Ass'n Local Union No 359
v. Madison Indus.*, 84 F.3d. 1186, 1192   (9th Cir. 1996) ("An unjustified
refusal to abide by an arbitrator's award may equate an act taken in bad
faith, vexatiously or for oppressive reasons.")

    **13.**   Petitioner is entitled to prejudgment interest on the back pay
award from the date of the arbitration award and state law controls
prejudgment interest and post-judgment interest is determined by
federal law. *Northrop Corp. v. Trial Int'l Marketing S.A.*, 842 F.2d 1154
(9th Cir. 1988).

    **14.**   With respect to the Second Cause of action for Breach of the
Duty of Fair Representation, the issue is whether after the arbitration
award Respondent SEIU LOCAL 121RN has represented Petitioner in a
perfunctory fashion, or its conduct reflects an egregious or reckless
disregard for Petitioner's rights under the arbitration award, or its
conduct is unexplained or excused, was arbitrary or in bad faith. *Vaca v.
Sipes*, 386 U.S. 171, 190 (1967); *Castelli v. Douglas Aircraft Co.*, 752 F.2d
1480, 1483 (9th Cir. 1985) ("an act of omission by a union may be so
egregious and unfair as to be arbitrary, thus constituting a breach of the
duty of fair representation"); *Margetta v. Pam Pam Corp.*, 501 F.2d 179,
180 (9th Cir. 1974) (union may breach the duty of fair representation

when it "subverts the arbitration process by refusing to proceed" or does so by "failing to fairly represent the employee.")

**15.** Petitioner is entitled to recover her attorney fees as damages against Respondent SEIU LOCAL 121RN upon establishing her claim of breach of the duty of fair representation. *Dutrisac v. Caterpillar Tractor Co.,* 749 F.2d 1270, 1275-1276 (9th Cir. 1983); This amount can be in excess of the amount paid. *Zuniga v. United Can Co.*, 812 F.2d 443, 454 (9th Cir. 1987).

**16.** Petitioner is entitled to and has demanded a jury trial. Cal. Const. Art. I §16, adopted in 1974, provides that trial by jury is "an inviolate right" and ""shall be secured" to all civil cases and "a jury may be waived by consent of the parties expressed as provided by statute." Cal. Code Civ. Proc. §631 provides that the right to trial by jury declared by Cal. Const. Art. I §16 shall be preserved to the parties inviolate and may be waived only as provided in subdivision "(f)", including consent and other grounds not applicable here. A jury trial is a matter of right in a civil action at law. *Southern Pac. Transportation Co. v. Superior Court*, 58 Cal.App.3d 433, 436 (1976).

However, entering into an arbitration agreement implies an agreement to waive the right to a trial by jury on the merits, notwithstanding the absence of an express waiver. *Madden v. Kaiser Foundation Hospitals*, 17 Cal.3d 699, 703 (1976) (§631 pre-supposes a pending action, and relates only to the manner in which a party to such action can waive his right to demand a jury trial instead of a court trial."); *Sargon Enterprises, Inc. v. Browne George Ross LLP*, 115 Cal.App.5th 749, 768-769 (the effect of an arbitration agreement "merely means that if one of the parties chooses arbitration, he may so petition

the court and the court will stay proceedings, order arbitration, the confirm the award. (Code Civ. Proc., §1280 *et seq.*)"

Here the arbitration provision merely states in defining the arbitrator's authority that "the arbitrator's decision will be final and binding upon all parties concerned." (CBA, p. 110) *See, Aerojet-General Corp. v. American Arbitration Assn.*, 478 F.2d 248, 252 (9th Cir. 1973) ("Ordinary language to the effect that the decisions of the arbitrator shall be 'final and binding' has been held not to preclude some judicial review.")

The Seventh Amendment to the United States Constitution similarly provides for trial by jury in civil lawsuits at common law. Finding that suits under LMRA §301 for breach of the duty of fair representation was most closely comparable to a breach of contract claim, the Supreme Court has determined that the right to a jury trial applies. *Teamsters v. Terry*, 494 U.S. 558, 564-565 (1990)

> Because most collective-bargaining agreements accord finality to grievance or arbitration procedures established by the collective-bargaining agreement, an employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of his grievance. *DelCostello* v. *Teamsters*, 462 U.S. 151, 163-164 (1983). Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representtation. *Id.*, at 164-165.")
>
> *Teamsters v. Terry*, 494 U.S. 558, 564-565 (1990)

*See, Zuniga v. United Can Co.*, 812 F.3d 443 (describing jury trial in plaintiff's section 301 action against his employer for breach of the CBA and against the union for breach of the duty of fair representation).

While Cal. Code Civ. Proc. §1290.2 (providing that the petition be heard in a summary way similar to a noticed motion) and §1291 (providing that the Court make a statement of decision if requested) appear to contemplate a trial by the court rather than by jury, §1287.6 provides, "An award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties to the arbitration." The dispute was to enforce a contract, the arbitration award was to enforce the terms of the contract, and "an action to confirm the award is also to enforce the terms of the contract". *Stermer v. Modiano Constr. Co.*, 44 Cal.App.3d 264, 272-273 (1975). Therefore, Petitioner has a right to a jury trial on the factual issues.

**Respondent DIGNITY HEALTH.**

Petitioner has ignored the Ninth Circuit's decision and continues to pursue a claim she lacks standing to assert. *See Local 13, Int'l Longshoremen's and Warehousemen's Union v. Pac. Mar. Assoc.*, 441 F.2d 1061, 1064 (9th Cir. 1971) (holding that an employee could not move to vacate an arbitration award under the FAA because he was not a party to the arbitration).

As to Petitioner's argument that remand to the arbitrator is improper, Petitioner is mistaken regarding the arbitrator's retention of jurisdiction and the award the arbitrator set forth in her decision. The award stated that back pay was "conditioned on certification from a drug treatment specialist in conjunction with the Employer's Employee Health Department that she can successfully function without taking drugs on a schedule that impairs her performance." This condition

precedent has not been met, and if Petitioner takes issue with the implementation of the award, it is a question for the arbitrator.  *See Unite Here! Local 19 v. Sutter's Place, Inc.*, 2011 WL 3795070, at *2 (N.D. Cal. Aug. 26, 2011); *Teamsters Union Local 853 v. J.C. Paper*, 2008 WL 4890897, at *3 (N.D. Cal. Nov. 12, 2008).

Respondent SEIU LOCAL 121RN.


**(4)   All prior and pending motions, their current status, and any anticipated motions**

On April 6, 2018, Petitioner filed a Motion for Remand and Respondent filed a Motion to Dismiss the Petition under Federal Rules of Civil Procedure 12(b)(6). The Motion to Dismiss was granted and Petitioner appealed. The Ninth Circuit affirmed the district court's grant of Dignity Health's motion to dismiss based on the allegations in the petition but reversed the district court's denial of leave to amend and remanded to permit Petitioner to file an amended petition asserting a hybrid claim against the SEIU.  On January 27, 2020, Petitioner filed her First Amended Complaint.

Petitioner.

Petitioner anticipates filing a motion for summary judgment or partial summary judgment against each Respondent. Petitioner also anticipates improper delays and other discovery abuses by Respondent DIGNITY HEALTH as well as Respondent SEIU LOCAL 121RN based on the prior experience with DIGNITY HEALTH and on the fact that both have acted in bad faith. Petitioner anticipates an immeasurable amount of discovery motion practice, and a motion for sanctions following the completion of discovery. This is anticipated despite that the discovery is not voluminous and generally focuses on the conduct of the Respondents

with respect to performance under the arbitration award since it was made. But one set of production demands and/or interrogatories if served together typically takes about four months to resolve, with 30 days for response, meeting and conferring followed by supplemental responses, meeting and conferring, preparing a joint statement, filing the motion and having the hearing, and involves a voluminous amount of work.

**Respondent DIGNITY HEALTH.**

Dignity Health filed a motion to dismiss Petitioner's improper claim to affirm the arbitration award due to lack of standing on February 10, 2020. Dignity Health further moved to dismiss on the ground this Court lacks jurisdiction to resolve disputes over the implementation of the arbitrator's award. The Court has ordered the parties to meet and confer to determine whether the issues raised in Dignity Health's motion can be resolved prior to the Court ruling on the motion. Finally, Dignity Health reserves the right to file a motion for summary judgment and any necessary discovery motions.

Respondent SEIU LOCAL 121RN.

**(5)   The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings**

Petitioner does not anticipate adding or dismissing any parties or claims at this time but may find in discovery that certain individuals acting on behalf of Respondent SEIU LOCAL 121RN bear personal liability for breach of the duty of fair representation by the union and may move to add one or more as a Respondent. Petitioner seeks until 45 days following the completion of discovery to amend the First Amended Complaint.

**Respondent DIGNITY HEALTH.**

Respondent SEIU LOCAL 121RN.

**(6)     Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made**

Petitioner:  An action to enforce an arbitration award is exempt from the requirement of initial disclosures. Fed. R. Civ. P. 26(1)(B)(ix). Nevertheless, because there are factual issues and a need for discovery, Petitioner will make initial disclosures on both of her causes of action within 14 days after the parties file this Rule 26(f) Conference Report, and requests an order that Respondents do the same because discovery will be involved in both of them.

**Respondent DIGNITY HEALTH.**

Given that actions to enforce arbitration awards are exempt from Rule 26, Dignity Health maintains that initial disclosures are improper. Further, should the Court order initial disclosures, such disclosures should be stayed until after the Court rules on Dignity Health's motion to dismiss.

Respondent SEIU LOCAL 121RN.

**(7)     Discovery taken to date, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)**

No party has initiated discovery.

23

Petitioner.

Petitioner will undertake document and witness discovery and depositions and seeks a period of six (6) months following the Scheduling Order to complete discovery and that the fact-discovery cutoff be no less than 4 months before trial and the time to disclose expert testimony be no less than 3 months before the trial consistent with Rule 26(2)(D).

**Respondent DIGNITY HEALTH.**

Dignity Health believes a discovery plan is unnecessary until after the Court rules on its motion to dismiss.

Respondent SEIU LOCAL 121RN.

**(8)   Any related cases or proceedings pending before another judge of this court, or before another court or administrative body**

Civil action entitled, *Veronica Flores v. Dignity Health*, Ventura Superior Court Case No. 56-2018-00507606-CU-PA, Court of Appeal Case No. B294776, petition for review to the California Supreme Court pending, Case No. S259397. (This matter was formerly removed to this Court and remanded, Case  No. 2:18-cv-2464-JFW-AGR.)

Petition for Writ of Mandate entitled *Veronica Flores v. Board of Registered Nursing*, Ventura Superior Court Case No. 56-2019-00536473-CU-WM-VTA, motion for change of venue pending and case expected to be transferred to San Francisco.

**(9)   All relief sought by the complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on**

**which it contends damages should be calculated if liability is established**

Petitioner

First Cause of Action against DIGNITY HEALTH: (1) conformation of arbitration award and order that Respondent DIGNITY HEALTH fully comply with it; (2) back pay in an amount no less than $798,759.52, according to proof, the itemization and calculation of which is set forth in paragraphs 25 through 28 of the First Amended Complaint, plus prejudgment interest from the date of the arbitration award pursuant to Cal. Code Civ. Proc. §3287 and costs; and reasonable attorney fees incurred in this action as damages, according to proof.

Second Cause of Action against SEIU LOCAL 121RN, reasonable attorney fees incurred in this action as damages, according to proof, and costs.

**Respondent DIGNITY HEALTH.**

Dignity Health contends that Petitioner is not entitled to seek confirmation of the arbitration award or any damages whatsoever.

Respondent SEIU LOCAL 121RN.

**(10)  Whether each party has filed the "Certification as to Interested Parties or Persons" required by the Local Rules.  In addition, each party must restate in the joint report the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding**

Petitioner and Respondents DIGNITY HEALTH and SEIU LOCAL 121RN are the sole interested parties at this time. Respondent SEIU LOCAL 121RN has not yet appeared.

Petitioner.

Petitioner filed a Certification and Notice of Interested Parties on April 19, 2018. Petitioner filed a Certification and Notice of Interested Parties on January 30, 2020 adding Respondent SEIU LOCAL 121RN. (Dkt. No. 62) The Certification is restated as follows:

| PARTY | CONNECTION/INTEREST |
| --- | --- |
| VERONICA FLORES | Petitioner |
| DIGNITY HEALTH | Respondent |
| SEIU LOCAL 121 RN | Respondent |

**Respondent DIGNITY HEALTH**

DIGNITY HEALTH filed a Certification and Notice of Interested Parties on March 27, 2018. (Dkt. No. 4.)

The Certification is restated as follows:

| PARTY | CONNECTION/INTEREST |
| --- | --- |
| VERONICA FLORES | Petitioner |
| DIGNITY HEALTH | Respondent |

Respondent SEIU LOCAL 121RN.

**(11)  An appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date**

Petitioner. Since Respondent SEIU LOCAL 121RN has not appeared as of yet, it appears that the Scheduling Conference may be continued

and there be a further Rule 26(f) conference. Thus, Petitioner's proposed dates anticipate a 30-day continuance of the Scheduling Conference. Petitioner seeks modification of LR 6-1, 7-10 and 7-11 motion scheduling with respect to motions for summary judgment and partial summary judgment so that they be filed no less than 45 days before the hearing, opposing be due no less than 21 days after service of the motion, replies due no less than 10 days after service of the opposition and no less than 19 days before the hearing, proposed statements of decision due no less than 2 days after the date the reply is due, and that the court issue a tentative ruling no less than 5 calendar days or 3 court days before the hearing. Petitioner requests that motions in limine be filed, served, opposed, and heard in accordance with LR 6-1, 7-10 and 7-11 and be heard no later than the date of the Final Pretrial Conference. Petitioner's proposed pretrial schedule takes into consideration vacations of her counsel during the Holiday Season at other times and a work week of no more than 50 hours.

| Fact discovery cutoff | Friday, October 30, 2020 |
|---|---|
| Expert discovery cutoff | Monday, November 30, 2020 |
| ADR completion cutoff | Tuesday, December 15, 2020 |
| Motion hearing cutoff, including motions to amend the Complaint, and except motions for summary or partial summary judgment and motions in limine | Monday, January 25, 2021 |
| Motion hearing cutoff for motions for summary or partial summary judgment | Monday, March 22, 2021 |

| Final Pretrial Conference and hearing date on motions in limine | Monday, May 31, 2021 |
|---|---|
| July trial | Thursday, June 10, 2021 |

**Respondent DIGNITY HEALTH.**

Dignity Health believes a trial plan is unnecessary until after the Court rules on its motion to dismiss.

Respondent SEIU LOCAL 121RN.

**(12)  Whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial**

Petitioner.  Petitioner demands a jury trial and her trial estimate is five (5) days.

**Respondent DIGNITY HEALTH.**

Dignity Health requests a Court trial, with an estimate of three to five days.

Respondent SEIU LOCAL 121RN.

**(13)  Efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects**

The Parties briefly engaged in settlement discussions on April 4, 2018 but were not successful in resolving the matter. On May 1, 2019, Petitioner made a settlement demand that was not accepted. Respondents have made no offers of settlement. The Parties have agreed to ADR Procedure No. 1 before Magistrate Judge Alicia G. Rosenberg. The Parties will contact Magistrate Judge Rosenberg's courtroom deputy and arrange a date and time for the settlement conference.

<u>Petitioner.</u> In November 2019, Petitioner's counsel left a voicemail message with opposing counsel exploring if DIGNITY HEALTH desired to discuss settlement but counsel did not return the call or otherwise reply, which was taken as a response in the negative. Petitioner requests that the ADR schedule be modified to postpone the settlement conference until after the close of discovery because she does not perceive any interest in settlement at this time.

**Respondent DIGNITY HEALTH.**

Dignity Health is not currently interested in settlement.

<u>Respondent SEIU LOCAL 121RN.</u>

**(14)   Whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation**

The Parties agree that the case is not complex.

**(15)   What motions the parties are likely to make that may be dispositive or partially dispositive**

<u>Petitioner.</u> Petitioner anticipates making motions for summary judgment or partial summary judgment against each Respondent.

**Respondent DIGNITY HEALTH.**

Dignity Health filed a motion to dismiss on February 10, 2020. Dignity Health also reserves the right to file a motion for summary judgment.

<u>Respondent SEIU LOCAL 121RN.</u>

**(16)   Any unusual legal issues presented by the case**

The Parties are not presently aware of any unusual legal issues.

**(17)   Proposals regarding severance, bifurcation, or other ordering of proof**

1    <u>Petitioner.</u>  Petitioner does nor foresee a need for severance or
2    bifurcation at this juncture. As to the order of proof, she requests that all
3    factual determinations by the jury be made prior to any factual
4    determinations by the Court so that her constitutional right to trial by
5    jury is preserved.

6    <u>Respondent DIGNITY HEALTH.</u>

7    Dignity Health does not intend to request severance, bifurcation, or
8    other ordering of proof.

9    <u>Respondent SEIU LOCAL 121RN.</u>

10

11

12                        LAW OFFICES OF SAMUEL FRANKLIN GALICI
13                        Attorneys for Petitioner VERONICA FLORES

14   Dated: February 14, 2020  By: _____/s/_____
15                             SAMUEL F. GALICI

16

17                        SHEPPARD, MULLIN, RICHTER &
                          HAMPTON LLP
18                        Attorneys for Respondent DIGNITY HEALTH

19

20   Dated: February 14, 2020  By: _____/s/_____
21                             RICHARD J. SIMMONS
                               DANIEL J. McQUEEN
22                             KEAHN N. MORRIS
                               TYLER J. JOHNSON
23

24

25                        _____
                          Attorneys for Respondent SEIU LOCAL 121RN
26

27   Dated: _____, 2020  By: _____/s/_____

28