Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL FRANKLIN GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:        (805) 654-1451
Facsimile:   (805) 654-1453
Email:        sgalici@employeelawyers.net

Attorneys for Plaintiff VERONICA FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES, an individual,<br><br>Petitioner,<br><br>vs.<br><br>DIGNITY HEALTH, *et al.*,<br><br>Respondents, | Case No. 2:18-cv-2471-JFW-AGRx)<br><br>DECLARATION REQUESTING ENTER DEFAULT BY CLERK OF RESPONDENT DIGNITY HEALTH PURSUANT TO RULE 55(a) |

I, Samuel F. Galici, declare as follows:

1. I am the attorney for Petitioner VERONICA FLORES and hereby make application on her behalf to the Clerk of the Court for mandatory entry of the default of Respondent DIGNITY HEALTH for failure to file a responsive pleading to her First Amended Petition to Confirm Arbitration Award and for Breach of the Duty of Fair Representation (Dkt. 59).

2. On February 2, 2018, Petitioner filed her original petition in this action in the Ventura Superior Court. On March 12, 2018, Respondent DIGNITY HEALTH ("Respondent") was served with the summons and complaint by substituted service Cal. Code Civ. Proc. §§ 415.20(a), requiring a responsive pleading be filed within forth (40) days of the sate of mailing of the summons of the complaint following delivery to Respondent's office, which expired on April 21, 2018 unless tolled.

3. On March 27, 2018, Respondent filed a Notice of Removal. (Dkt. 1) On April 6, 2018, Respondent filed a Motion to Dismiss pursuant to Rule 12(b)(6). (Dkt. 16). As of that date, Respondent had 15 days before the expiration of the time to file a responsive pleading. Rule 12(a)(4) tolled the time to file a responsive pleading until 14 days after the court denies the motion.

4. On May 11, 2018, the Court granted Respondent DIGNITY HEALTH's Motion to Dismiss the original petition pursuant to Rule 12(b)(6). (Dkt. 32) Petitioner took a timely appeal and on December 13, 2019, the Ninth Circuit reversed the dismissal with prejudice, remanded and ordered that the Court allow Petitioner to file an amended complaint. (Dkt. 53) On January 6, 2020, the Ninth Circuit issued its Mandate. (Dkt. 54)

5. On January 9, 2020, the Court reopened this case and granted Petitioner until January 27, 2020 to file an amended petition. (Dkt. 55). At the latest, the tolling of the time to file a responsive pleading expired on that date. On January 27, 2020 Petitioner filed her First Amended Petition. (Dkt. 59)

6. Rule 15(a)(3) requires a responsive pleading to am amended pleading be filed within the remailing time to respond to the original complaint or within 14 days after service of the amended complaint. The

time remaining to answer the original petition expired 15 days later on January 24, 2020. The time to answer after the service of the First Amended Petition expired on February 10, 2020.

7. On February 10, 2020, Respondent filed a Motion to Dismiss the First Amended Petition pursuant to Rule 12(b)(6), which did not toll the time to file a responsive pleading to the First Amended Petition because the tolling provisions of Rule 12(a)(4) only apply to the time periods set forth in Rule 12(a)(1) and the time to respond to an amended pleading is governed by Rule 15(a)(3).

8. On February 12, 2020, the Court struck the Motion to Dismiss and time for filing a motion in lieu of a responsive pleading has expired.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 14, 2020, at Westlake Village, California.

/s/
SAMUEL F. GALICI