Samuel F. Galici, Esq. (102496)
LAW OFFICES OF SAMUEL FRANKLIN GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone: (805) 654-1451
Facsimile: (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Plaintiff VERONICA FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>           Petitioner,<br><br>vs.<br><br><br>DIGNITY HEALTH, *et al.*,<br><br>           Respondents, | Case No. 2:18-cv-2471-JFW-AGR<br><br>DECLARATION OF SAMUEL F. GALICI REGARDING CONFERENCE OF COUNSEL ON DEFENDANT'S MOTION TO DISMISS |

I, Samuel F. Galici, declare:

1. On February 19, 2020, I engaged in a telephonic conference of counsel with Tyler J. Johnson, one of the attorneys for Respondent DIGNITY HEALTH, which lasted approximately 20 minutes.

2. In response to Respondent's contention that the Ninth Circuit permits Petitioner to allege a hybrid claim and that the first cause of action to confirm the arbitration award under the California Arbitration Act, § 1280 *et seq.*, I directed counsel to section 1 of Petitioners statement of

1

disputed points of law in the Rule 26(f) Conference Report, Doc. 69, pp. 8-9, and stated that the Ninth Circuit permitted Petitioner to amend to add a claim for breach of the duty of fair representation against Respondent SEIU LOCAL 121RN in order to maintain its claim against Respondent DIGNITY HEALTH to confirm the arbitration award as a breach of contract under the collective bargaining agreement.

3. As to Mr. Johnson's contention that the arbitration award is not final because the arbitrator retained jurisdiction "to resolve any disputes that may arise regarding the remedies order or remanded" I directed counsel to sections 2 through 10 of Rule 26(f) Conference Report, Doc. 69, pp. 10-15, and asserted that (a) an arbitration award is final when the decision determines all submitted questions necessary in order to determine the controversy; (b) there is no ambiguity in the arbitration award; (c) the mere failure to compute the remedies does not make the award not final or justify remand to the arbitrator; (d) the standard for review of an arbitrator's remedy is limited to whether the award exceeded the arbitrator's powers under the CBA; (e) the arbitrator retrains jurisdiction to correct the award for only a 30-day period, and that an arbitration award may only be corrected where miscalculation of figures or description of a person or property is evident, the arbitrator exceeded her powers, or the award is imperfect in form which does not affect the merits of the controversy; (f) remand to the arbitrator can only be made if the award is ambiguous, (g) the award may be remanded only if it is vacated and it may only be vacated based on fraud, corruption or other undue means or improprieties of the arbitrator and where the award cannot be corrected without affecting the merits of the decision, (h) an award may not be vacated or remanded due to unforeseen contingencies, and (i) the sole issue on enforceability of the arbitration award is whether it was duly made.

1 | Mr. Johnson and I could not reach an agreement resolving any of the
2 | issues.
3 | I declare under penalty of perjury under the laws of the United States
4 | that the foregoing is true and correct.
5 | Executed on February 24, 2020 at Westlake Village, California.

_____/s/_____
SAMUEL F. GALICI