IRA L. GOTTLIEB (SBN 103236)
igottlieb@bushgottlieb.com
JASON WOJCIECHOWSKI (SBN 263911)
jasonw@BushGottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone:  (818) 973-3200
Facsimile:  (818) 973-3201

Attorneys for Service Employees
International Union Local 121RN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES,<br><br>            Petitioner,<br><br>     vs.<br><br>DIGNITY HEALTH, *et al.*,<br><br>            Respondents. | **CASE NO. 2:18-cv-2471-JFW-AGR**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 121RN'S MOTION TO DISMISS DUTY OF FAIR REPRESENTATION CLAIM** |

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# <u>TABLE OF CONTENTS</u>

**Page**

I    Introduction ....................................................................................................1

II.   Summary of Allegations .................................................................................2

III.   Argument ........................................................................................................5

A.   Motion to Dismiss Standards ......................................................................5

B.   The Claim Against the Union is Untimely ..................................................5

1.   Duty of Fair Representation Claims are Subject to a Six-Month Statute of Limitations.......................................................................5

2.   Petitioner's Claim Against the Union Does Not Relate Back to the Filing of the Petition ...............................................................6

3.   Petitioner's Claim Against the Union Accrued Over Six Months Before Any Relation Back Date Related to the Appeal in this Case..........7

C.   The FAP Fails to State a Claim for Breach of the Duty of Fair Representation ..............................................................................................9

1.   A Petition to Confirm a Private-Sector Labor Arbitration Award is Completely Preempted by the Labor-Management Relations Act.............9

2.   The Union Would Not Have Been Successful in Filing a Petition to Confirm the Award Because The Award Is Not Sufficiently Complete or Final to Be Confirmed ...................................................9

3.   The Arbitration Process Has Not Been Exhausted ...................................12

4.   The FAP Does Not Allege Union Conduct that Breaches the Substantive Duty of Fair Representation Standard....................................14

(a)   The Duty of Fair Representation Is Only Breached by Arbitrary, Discriminatory, or Bad Faith Conduct ......................................14

(b)   The FAP Does Not Adequately Allege Arbitrary Conduct...................16

(c)   The FAP Does Not Attempt to Allege Bad Faith or Discriminatory Conduct .................................................................................19

IV.   Conclusion ..................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*ALPA v. O'Neill*,
  499 U.S. 65 (1991) ............................................................................. 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................2, 5, 14, 19

*Beck v. UFCW, Local 99*,
  506 F.3d 874 (9th Cir. 2007) ............................................................ 15

*Bell Atl. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................. 5

*Carr v. Pac. Mar. Ass'n*,
  904 F.2d 1313 (9th Cir. 1990) .......................................................... 13

*Collins v. Wells Fargo Bank*, No. 12-2284,
  2013 WL 3808097 (D. Az. July 23, 2013) ......................................... 4

*Cook v. Las Vegas Resort Holdings*, No. 18-1583,
  2019 WL 4723074 (D. Nev. Sep. 26, 2019) ...................................... 6

*Dean v. S. Cal. Edison*, No. 12-1435,
  2013 WL 12133689 (C.D. Cal. Sep. 17, 2013) ................................. 6

*DelCostello v. Teamsters*,
  462 U.S. 151 (1983) ............................................................................. 5

*Demetris v. Transp. Workers*,
  862 F.3d 799 (9th Cir. 2017) ............................................................ 15

*Ford Motor v. Huffman*,
  345 U.S. 330 (1953) ........................................................................... 15

*Galindo v. Stoody Co.*,
  793 F.2d 1502 (9th Cir. 1986) ..................................................... 6, 15

*General Teamsters Union Local No. 174 v. Trick & Murray*,
  828 F.2d 1418 (9th Cir. 1987) ....................................................... 7, 8

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

*Gutierrez v. Kaiser Permanente*, No. 17-897,
2018 WL 1382343 (E.D. Cal. Mar. 19, 2018) ................................................. 14

*Hanford Atomic Metal Trades Council v. Gen. Elec.*,
353 F.2d 302 (9th Cir. 1965) ........................................................................ 10

*Hardwick v. Sunbelt Rentals*,
719 F. Supp. 2d 994 (C.D. Ill. 2010) ............................................................... 9

*Herring v. Delta Airlines*,
894 F.2d 1020 (9th Cir. 1990) ..................................................................... 15

*Humphrey v. Moore*,
375 U.S. 335 (1964) .................................................................................... 15

*Hyatt Corp. v. UNITE HERE Local 5*, No. 11-645,
2012 WL 652098 (D. Haw. Feb. 29, 2012) .................................................... 11

*Int'l Bhd. of Elec. Workers v. ADT*, No. 18-905,
2018 WL 6696694 (W.D. Wash. Dec. 20, 2018) ............................................ 11

*Int'l Bhd. of Teamsters Local 959 v. Horizon Lines*,
22 F. Supp. 3d 1005 (D. Alaska 2014) .......................................................... 11

*Jablon v. Dean Witter & Co.*,
614 F.2d 677 (9th Cir. 1980) .......................................................................... 5

*Jay v. SEIU United Healthcare Workers W.*,
203 F. Supp. 3d 1024 (N.D. Cal. 2016) ......................................................... 16

*Jennings v. Victor Valley Cmty. Coll. Dist.*, No. 14-6893,
2016 WL 2586113 (C.D. Cal. May 2, 2016) ................................................... 14

*Johnson v. USPS*,
756 F.2d 1461 (9th Cir. 1985) ..................................................................... 14

*Kaiser v. Local No. 83*,
577 F.2d 642 (9th Cir. 1978) .......................................................................... 8

*Knowles v. Pac. Gas & Elec.*, No. 07-2284,
2008 WL 2705097 (N.D. Cal. Jul. 8, 2008) .................................................... 16

*Lopez v. Bud*, No. 05-2006,
2007 WL 173883 (S.D. Cal. Jan. 22, 2007) ................................................... 17

*Makua v. Gates*, No. 09-369,
  2009 WL 3923327 (D. Haw. Nov. 18, 2009)...........................................4

*Marquez v. Screen Actors Guild*,
  525 U.S. 33 (1998) ...........................................17

*Martinez v. Kaiser Found. Hosps.*, No. 12-1824,
  2012 WL 2598165 (N.D. Cal. July 5, 2012) ...........................................16

*Miller Paneling Specialties v. Carpenters 46 N. California Ctys.
  Conference Bd.*, No. 13-1477,
  2013 WL 6491516 (E.D. Cal. Dec. 10, 2013) ...........................................11

*Millmen's Local 550 v. Well's Exterior Trim*,
  828 F.2d 1373 (9th Cir. 1987) ...........................................11

*Moore v. Way FM Media Grp.*, No. 11-10425,
  2012 WL 13012658 (C.D. Cal. Mar. 29, 2012) ...........................................5

*New United Motor Mfg. v. UAW Local 2244*,
  617 F. Supp. 2d 948 (N.D. Cal. 2008) ...........................................11

*Pauly v. CF Entm't, No 13-801,p1*
  2013 WL 12162444 (C.D. Cal. 2013)

*Pinkney v. Am. Med. Response*,
  520 F. App'x 502 (9th Cir. 2013) ...........................................16

*Planned Parenthood v. Arizona*,
  718 F.2d 938 (9th Cir. 1983) ...........................................9

*Republic Steel v. Maddox*,
  379 U.S. 650 (1965) ...........................................14

*Sheedy Drayage v. Teamsters Union Local No. 2785*, No. 12-6204,
  2013 WL 791886 (N.D. Cal. Mar. 4, 2013) ...........................................11

*Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison
  Indus.*,
  84 F.3d 1186 (9th Cir. 1996) ...........................................11

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ...........................................4

*Sunshine Mining v. United Steelworkers*,
    823 F.2d 1289 (9th Cir. 1987) ........................................................ 10

*Tessema v. United Steel Workers*,
    233 F. Supp. 3d 856 (D. Nev. 2017) ............................................... 9

*Textile Workers v. Lincoln Mills*,
    353 U.S. 448 (1957) ...................................................................... 9

*U.S. v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ......................................................... 4

*UNITE HERE Local 19 v. Picayune Rancheria of Chukchansi Indians*,
    101 F. Supp. 3d 929 (E.D. Cal. 2015) .......................................... 11

*UPS v. Mitchell*,
    451 U.S. 56 (1981)  ....................................................................... 8

*Vaca v. Sipes*,
    386 U.S. 171 (1967) ............................................................ 8, 9, 14

*Von Saher v. Norton Simon Museum of Art*,
    592 F.3d 954 (9th Cir. 2010) ........................................................ 5

White v. Lee,
    227 F.3d 1214 (9th Cir. 2000) ...................................................... 5

**Federal Statutes**

Labor-Management Relations Act, 29 U.S.C. §185 ...........................passim

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) .............................................. 5

Federal Rule of Civil Procedure 12(b)(6) .............................................. 5

Federal Rule of Civil Procedure 15(c)(1)(C)(ii) .................................... 6

Local Rule 7-3 ....................................................................................... 7

# I.    **INTRODUCTION**

Respondent Service Employees International Union Local 121RN ("Union") advocated for Petitioner Veronica Flores and obtained a favorable arbitration award requiring her employer, Respondent Dignity Health, to return her to work and pay her backpay notwithstanding the arbitrator's finding that Petitioner had showed up to work—as a registered nurse in an emergency room—under the influence of medications.  The arbitrator, however, conditioned those remedies on Petitioner seeing and obtaining clearance from a drug treatment specialist stating that Petitioner "is able to work unimpaired by her medications." The award did not grant Petitioner any ability or authority to influence, let alone determine, the identity of the specialist.  Dignity Health and the Union thereafter agreed on multiple specialists for Petitioner to see, yet Petitioner has, to this day, never obtained clearance, nor, to the Union's knowledge, even attempted to do so.

Petitioner filed suit against Dignity Health—and not the Union—in February 2018 for confirmation of the arbitration award.  This Court held, correctly, that she had no standing to bring such a claim because the parties to the award are Dignity Health and the Union, not Petitioner.  In order to attempt to cure that lack of standing, Petitioner has added a duty of fair representation claim against the Union, alleging that it is somehow the Union's fault that she has not seen one of the mutually agreed physicians, and thus that she has standing to confirm the award.  Her claimsa against the Union should be dismissed, for the following reasons:

- Petitioner's claim against the Union is untimely (even relating it back to the time of the dismissal of her first petition, prior to the appeal to the Ninth Circuit regarding the denial of leave to amend) because it did not come until nearly a year after the arbitration award, and the amended petition claims that the Union began breaching its duty of fair representation immediately upon receipt of that award.

POINTS AND AUTHORITIES IN SUPPORT OF SEIU LOCAL 121RN'S MOTION TO DISMISS

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

- Timeliness aside, Petitioner cannot enforce the award because it is not final: The arbitrator reserved jurisdiction over any disputed issues regarding the remedy, and there are substantial such issues to resolve, most particularly the question of whether Petitioner retains any right to back pay considering that she has chosen not to see the doctors selected by the parties.

- For similar reasons, Petitioner's claim for breach of the duty of fair representation fails because the arbitration process is not complete, and Petitioner does not allege that she has ever made a request that the Union take any particular issue back to the arbitrator, much less what the Union's response to such a demand was.

  - Finally, the amended petition does not allege conduct by the Union that, if proven, rises to the level of arbitrary, discriminatory, or bad-faith conduct such that she can show the Union breached its duty of fair representation.

## II.   <u>SUMMARY OF ALLEGATIONS</u>

On this motion to dismiss, Petitioner's well-pleaded allegations—though not her conclusory statements or legal conclusions couched as fact—are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Petitioner was a registered nurse at St. John's Regional Medical Center ("Hospital"), an acute-care hospital operated by Dignity Health in Oxnard, California.  (First Amended Petition ("FAP") ¶ 12.)  The Union was, during the relevant period of time, the exclusive bargaining representative of the registered nurses at the Hospital, including Petitioner, and Dignity Health and the Union were parties to a collective-bargaining agreement ("CBA") that covered Petitioner's employment.  (FAP ¶ 13; *see* Dkt. No. 1-5.)  Dignity Health terminated Petitioner's employment on April 9, 2015; the Union challenged the action via the CBA's grievance procedure, ultimately resulting in an arbitration award on August 7, 2017

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1   (Dkt. No. 1-2 at ECF pgs. 7–18) ("Award").  The arbitrator found that the

2   termination violated the CBA, and further found that

3          [t]he appropriate remedy is to reinstate [Petitioner] with back pay

4          effective April 9, 2015 conditioned on certification from a drug

5          treatment specialist in conjunction with the Employer's Employee

6          Health Department that she can successfully function without taking

7          drugs on a schedule that impairs her performance.

8   (Award at ECF pg. 15.)  More specifically, the Award required Dignity Health

9          to reinstate [Petitioner] effective April 9, 2015 if an evaluation by a

10         mutually agreed upon drug treatment specialist in consultation with the

11         Employer's Employee Health Department determines that she is able to

12         work unimpaired by her medications.

13  (Award at ECF pg. 17.)

14         Petitioner alleges that thereafter, Dignity Health "failed to reasonably agree in

15  a timely manner or at all on a neutral physician for the return to work examination"

16  (FAP ¶ 21) and that the Union "took no action after the arbitration award to initiate

17  process of selecting a mutually agreeable examining physician and did not consult

18  with Petitioner regarding the choice of physician" until October 2017 (FAP ¶ 32),

19  two months after the arbitrator's decision.  Petitioner alleges that she rejected the

20  physician agreed upon by the arbitrating parties.  (FAP ¶ 32.1.)

21         Petitioner next alleges that on November 29, 2017, her counsel received an

22  email from the Union's counsel stating that a doctor had not been agreed on and

23  "that Respondent DIGNITY HEALTH desired a "buy-out" in lieu of returning

24  Petitioner to work . . . ."  (FAP ¶ 32.2.)  The Union's counsel's actual email does not

25  in fact state that Dignity Health wanted a buyout.  (Wojciechowski Declaration,

26  Exh. A.)  Because the email is referred to in the FAP and no party should dispute the

27  authenticity of the document, the Court may take account of the actual terms of the

28  document—and not take account of Petitioner's incorrect description of its

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1   contents—without converting this Motion to one for summary judgment.  *U.S. v.*

2   *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Indeed, this Court need not accept the

3   truth of a complaint allegation where the authentic document to which it refers

4   contradicts that allegation.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

5   (9th Cir. 2001), as amended by 275 F.3d 1187 (9th Cir. 2001); *Collins v. Wells*

6   *Fargo Bank*, No. 12-2284, 2013 WL 3808097, at *7 (D. Az. July 23, 2013); *Makua*

7   *v. Gates*, No. 09-369, 2009 WL 3923327, at *3 (D. Haw. Nov. 18, 2009).

8       On October 24, 2018, the Union's counsel sent Petitioner a letter stating that

9   the parties had agreed on a doctor and asking Petitioner to make arrangements to see

10  that doctor.  (Wojciechowski Decl., Exh. B.)  Petitioner refers to this letter in the

11  FAP but mischaracterizes it, calling it "a letter requesting that she propose a

12  physician."  (FAP ¶ 32.3.)  That is not what the letter states, and the Court should

13  therefore not assume the truth of that allegation.  *Sprewell*, 266 F.3d at 988.  In any

14  event, on October 31, 2018, Petitioner's counsel sent to the Union's counsel the

15  name of a physician she wished to see.  (FAP ¶ 32.3.)  Dignity Health rejected that

16  physician and proposed a different doctor.  (FAP ¶ 32.4.)

17      In Plaintiff's original petition, filed in state court in February 2018 and

18  removed to this Court by Dignity Health, she stated only that Dignity Health had

19  refused to comply with the Award.  She mentioned the Union only by way of

20  background.  (Dkt. 1-2 at ECF pgs. 3–6.)  This Court dismissed that petition without

21  leave to amend on May 11, 2018.  (Dkt. No. 32.)  Petitioner then filed a motion for a

22  new trial on June 28, 2018, arguing for the first time that she should be allowed to

23  plead a breach of the Union's duty of fair representation.  (Dkt. No. 39-1.)  The

24  Court denied that motion (Dkt. No. 47) and Petitioner appealed.  The Ninth Circuit

25  found error only in the decision not to grant leave to amend, holding that Petitioner

26  should have been allowed to attempt to cure her lack of standing to enforce the

27  Award by pleading a breach of the duty of fair representation.  (Dkt. No. 53 at ECF

28  pg. 3.)  Petitioner added that claim in her FAP on January 27, 2020.

III. **ARGUMENT**

A. **Motion to Dismiss Standards**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "construes the pleadings in the light most favorable to the nonmoving party," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)), and not merely "conceivable," *Twombly*, 550 U.S. at 570, or "speculative," *id.* at 555. The complaint must be dismissed if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

A motion to dismiss for failure to state a claim lies where the facts and dates in the complaint indicate that a claim is time-barred. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) "can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In other words, under Rule 12(b)(1), the Court may examine evidence extrinsic to the complaint. *Id.* In either event, Petitioner "bears the burden of demonstrating that the court has subject matter jurisdiction to hear the action." *Moore v. Way FM Media Grp.*, No. 11-10425, 2012 WL 13012658, at *2 (C.D. Cal. Mar. 29, 2012).

B. **The Claim Against the Union is Untimely**

1. **Duty of Fair Representation Claims are Subject to a Six-Month Statute of Limitations**

The statute of limitations for a duty of fair representation suit is an intentionally short six months. *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1    The limitations period "begins to run when an employee knows or should know of

2    the alleged breach of duty of fair representation . . . ." *Galindo v. Stoody Co.*, 793

3    F.2d 1502, 1509 (9th Cir. 1986).

4          **2.    Petitioner's Claim Against the Union Does Not Relate Back**

5                 **to the Filing of the Petition**

6          Petitioner filed her initial petition in state court on February 2, 2018.  (Dkt.

7    No. 1-2 at ECF pg. 2.)  That petition made no claims against the Union and made no

8    mention of any conduct by the Union except to describe the Union employing the

9    grievance procedure to advocate for Petitioner.  (Dkt. No. 1-2 at ECF pg. 5, ¶¶ 9–

10   13.)  Under Federal Rule of Civil Procedure 15(c)(1)(C)(ii), an amendment that

11   "changes the party or the naming of the party against whom a claim is asserted" can

12   only relate back if, among other requirements, the omission of the party in the first

13   place occurred due to "a mistake concerning the proper party's identity."  This is

14   plainly not the case here.  Petitioner's counsel has been in frequent contact with the

15   Union's counsel (*see* FAP ¶¶ 32.2–32.4) and Petitioner certainly knew of the

16   Union's involvement in this matter because she participated in an arbitration

17   regarding her termination (*see* Dkt. No. 1-2 at ECF pg. 5).  It was therefore plainly a

18   choice by Petitioner not to file suit against the Union, and Petitioner cannot undo the

19   consequences of that choice by relating her brand-new claims against the Union

20   back to February 2, 2018.  *See Dean v. S. Cal. Edison*, No. 12-1435, 2013 WL

21   12133689, at *2 (C.D. Cal. Sep. 17, 2013) ("Because there is no indication that

22   Dean did not know Par's identity or mistakenly sued only Southern California

23   Edison at the time that she filed the original Complaint and the [First Amended

24   Complaint], the [Second Amended Complaint] does not relate back to the original

25   Complaint under Federal Rule of Civil Procedure 15(c)."); *Cook v. Las Vegas*

26   *Resort Holdings*, No. 18-1583, 2019 WL 4723074, at *3 (D. Nev. Sep. 26, 2019)

27   ("Neither does Plaintiff allege that the parties were not named in the Complaint

28

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  because of a mistake concerning their identities.  Therefore, the Plaintiff's

2  amendment to add the Union and Board is futile.").

3      **3.**      **Petitioner's Claim Against the Union Accrued Over Six**

4                 **Months Before Any Relation Back Date Related to the**

5                 **Appeal in this Case**

6        Petitioner claims that the Union's breach of its duty toward her began

7  immediately upon issuance of the Award: "Since August 7, 2017 when the arbitrator

8  rendered her decision and award, Respondent SEIU Local 121RN has represented

9  Petitioner in a perfunctory fashion initially and has ultimately abandoned the

10  representation . . . ."  (FAP ¶ 31.)  Petitioner is therefore alleging that the Union

11  began breaching its duty of fair representation in August 2017, yet she made no

12  move toward bringing any claim against the Union until June 28, 2018, when she

13  argued in her Motion for a New Trial that she should have been permitted to amend

14  her petition to file a duty of fair representation claim against the Union.  (Dkt. No.

15  39 at ECF pgs. 25–26.)  Waiting nearly 11 months to even mention the duty of fair

16  representation claim in court, particularly because she was aware of the potential

17  problem as early as April 4, 2018 (*see* Dkt. No. 14 (describing Dignity Health

18  raising standing issue in Local Rule 7-3 conference)), is not consistent with the

19  purposes of the statute of limitations on the duty of fair representation.

20        The Court should dismiss the Union from the action because it is far too late

21  to subject the Union to liability even if the Court permits a claim under section 301

22  of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, to go ahead

23  against Dignity Health, with Petitioner's breach of the duty of fair representation

24  allegation creating the basis for Petitioner's standing.  The Union is not an

25  indispensable party to the LMRA claim—Petitioner can prove the Union breached

26  its duty of fair representation without naming the Union as a Respondent in the

27  action.  As the Ninth Circuit observed in *General Teamsters Union Local No. 174 v.*

28  *Trick & Murray*, 828 F.2d 1418 (9th Cir. 1987),

Bᴜsʜ Gᴏᴛᴛʟɪᴇʙ
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

POINTS AND AUTHORITIES IN SUPPORT OF SEIU LOCAL 121RN'S MOTION TO DISMISS

1    [t]o prevail against the employer, the employee had to establish that the

2    union breached its duty of fair representation.  "The employee

3    may . . . sue one defendant and not the other; but the case he must

4    prove is the same whether he sues one, the other, or both."

5  *Id.* at 1423 (quoting *DelCostello*, 462 U.S. at 165); *see also UPS v. Mitchell*, 451

6  U.S. 56, 73 n.2 (1981) (Stevens, J., concurring in part and dissenting in part) ("[T]o

7  prevail against the employer, the employee must establish that the union breached

8  its duty of fair representation and that the employer breached the collective-

9  bargaining agreement; similarly, to prevail against the union, the employee must

10  prove that the union breached its duty of fair representation and, if he wishes to

11  recover loss-of-employment damages for which the union is responsible, that the

12  employer breached the agreement. However, despite this close relationship, the two

13  claims are not inseparable. Indeed, although the employee in this case chose to sue

14  both the employer and the union, he was not required to do so; he was free to

15  institute suit against either one as the sole defendant.") (citation omitted); *Vaca v.*

16  *Sipes*, 386 U.S. 171, 186–87 (1967) ("The court is free to determine whether the

17  employee is barred by the actions of his union representative, and, if not, to proceed

18  with the case.  *And if, to facilitate his case, the employee joins the union as a*

19  *defendant*, the situation is not substantially changed. The action is still a § 301 suit,

20  and the jurisdiction of the courts is not pre-empted under the *Garmon* principle.")

21  (emphasis added); *Kaiser v. Local No. 83*, 577 F.2d 642, 644 (9th Cir. 1978)

22  ("Neither an employer nor a union is an indispensable party in an action against the

23  other by an employee-union member when the action against the employer is based

24  on a violation of the terms of the collective bargaining agreement and the action

25  against the union is based on the statutory duty of fair representation.").

26    Therefore, even if the LMRA claim itself is not untimely as to Dignity Health,

27  it is untimely as to the Union, and the Court should dismiss the Union from this

28  action without leave to amend.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**C.**      <u>The FAP Fails to State a Claim for Breach of the Duty of Fair Representation</u>

     **1.**      **A Petition to Confirm a Private-Sector Labor Arbitration Award is Completely Preempted by the Labor-Management Relations Act**

Petitioner purports to bring her petition under the California Arbitration Act. (FAP at ECF pg. 3.) The Ninth Circuit has already held in this case, however, that Petitioner's "action is completely preempted by" section 301 of the LMRA. (Dkt. No. 53 at 2 (citing *Caterpillar v. Williams*, 482 U.S. 386, 393 (1987); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1041 (9th Cir. 2016); *Burnside v. Kiewit Pac.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007)). Aside from being consistent with longstanding Supreme Court law, complete preemption is also the law of the case. *Planned Parenthood v. Arizona*, 718 F.2d 938, 949 (9th Cir. 1983) ("[T]he 'law-of-the-case' doctrine, which states that the decision of a legal issue by an appellate court must be followed in all subsequent proceedings in the same case at either the trial or appellate level.") (citing *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 833 (9th Cir. 1982)). Therefore, Petitioner's claims must be analyzed under the body of federal common law applying LMRA section 301. *See Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456 (1957).

     **2.**      **The Union Would Not Have Been Successful in Filing a Petition to Confirm the Award Because The Award Is Not Sufficiently Complete or Final to Be Confirmed**

In order to prevail in this hybrid suit, Petitioner must prove both that the court should confirm the arbitration award and that the Union breached its duty of fair representation. *Vaca*, 386 U.S. at 187; *Tessema v. United Steel Workers*, 233 F. Supp. 3d 856, 861 (D. Nev. 2017) ("A § 301 claim is often referred to as a hybrid-claim because the plaintiff must prove both that his employer and his union breached their respective duties towards him."); *Hardwick v. Sunbelt Rentals*, 719 F.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Supp. 2d 994, 1004 (C.D. Ill. 2010) (holding, in the context of an attempt to enforce an arbitration award in a hybrid suit, that "an employee's claim against his employer is 'interlocked' with his claim against his union; each must succeed or both fail") (citing *Crider v. Spectrulite Consortium*, 130 F.3d 1238, 1241 (7th Cir. 1997)). Even assuming the Union breached its duty of fair representation—and as is made clear below, Petitioner has failed to state a claim that it did—Petitioner's allegations, and the arbitrator's award itself, make clear that she cannot prevail on the petition to compel, and thus the whole action should be dismissed.

An arbitration award can only be confirmed (or vacated) if it is complete and final. If final resolution of the issue submitted to arbitration is made conditional on some post-award occurrences, then the award is considered partial or interim, and this Court lacks jurisdiction to confirm it. The Ninth Circuit in *Sunshine Mining v. United Steelworkers*, 823 F.2d 1289 (9th Cir. 1987), found an arbitration award not final in circumstances strikingly similar to those at issue. The arbitrator there conditioned reinstatement of the employee on a finding by a psychiatrist that the employee was fit for work. The employer filed a petition to vacate the award, and the union counterclaimed to enforce. The Court found that "structuring the award to make it conditional on the results of a future psychiatric examination rendered it a partial or interim award, even though it was not so designated." *Id.* at 1294. Therefore, because

> [i]t is firmly established that the courts may resubmit an existing
> arbitration award to the original arbitrator for interpretation or
> amplification[,] . . . [t]he case must be remanded to arbitration for a
> final and complete determination of the issue submitted.

*Id.* at 1295. The Ninth Circuit has held the same where interpretation of the award is necessary. *See Hanford Atomic Metal Trades Council v. Gen. Elec.*, 353 F.2d 302, 307 (9th Cir. 1965) (finding "clarification and interpretation" of an arbitration

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

committee's award "was a task to be first performed by the arbitration committee and not the court").

Petitioner appears to claim the Award is final and all that remains to be done is a simple computation of backpay.  (*See* FAP ¶¶ 24–28.)  However, "the issue of damages [must] be resolved in order for an award to be considered final." *Millmen's Local 550 v. Well's Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir. 1987). Only where "the calculation is straightforward, amply supported by the . . . evidence, and uncontroverted by any [other] evidence" should a backpay calculation be done by the court instead of the arbitrator.  *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus.*, 84 F.3d 1186, 1194 (9th Cir. 1996); *see also UNITE HERE Local 19 v. Picayune Rancheria of Chukchansi Indians*, 101 F. Supp. 3d 929, 936–37 (E.D. Cal. 2015); *Sheedy Drayage v. Teamsters Union Local No. 2785*, No. 12-6204, 2013 WL 791886, at *6 (N.D. Cal. Mar. 4, 2013). Where the arbitrator has retained jurisdiction over remedial issues, the court should be particularly reluctant to take on tasks the parties have reserved for the arbitrator. *Millmen's Local 550*, 828 F.2d at 1376; *cf. New United Motor Mfg. v. UAW Local 2244*, 617 F. Supp. 2d 948, 954–58 (N.D. Cal. 2008) (finding arbitrator's award final where arbitrator expressly relinquished jurisdiction over remedial issues).

These standards have been applied in a variety of circumstances in the courts in the Ninth Circuit.  *See, e.g.*, *Int'l Bhd. of Elec. Workers v. ADT*, No. 18-905, 2018 WL 6696694, at *3 (W.D. Wash. Dec. 20, 2018) (remanding to the arbitrator to resolve dispute over application of phrase "as soon as is practicable"); *Int'l Bhd. of Teamsters Local 959 v. Horizon Lines*, 22 F. Supp. 3d 1005 (D. Alaska 2014) (denying enforcement of award because arbitrator had to resolve dispute over whether truck payments were included in make-whole relief); *Miller Paneling Specialties v. Carpenters 46 N. California Ctys. Conference Bd.*, No. 13-1477, 2013 WL 6491516, at *3 (E.D. Cal. Dec. 10, 2013) (dismissing petition to vacate because remedy issues were left by the arbitrator to the parties); *Hyatt Corp. v. UNITE*

11

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  *HERE Local 5*, No. 11-645, 2012 WL 652098, at *6–7 (D. Haw. Feb. 29, 2012)

2  (declining to vacate or confirm award where monetary remedies issues were sent

3  back to the parties by the arbitrator, who reserved jurisdiction over disputes).

4        Here, the Award is not final.  The arbitrator ordered Dignity Health "to

5  reinstate [Petitioner] effective April 9, 2015 if an evaluation by a mutually agreed

6  upon drug treatment specialist in consultation with [Dignity Health's] Employee

7  Health Department determines that she is able to work unimpaired by her

8  medications."  (Award at ECF pg. 17.)  Since then, the Union and Dignity Health

9  have "mutually agreed upon [a] drug treatment specialist" (FAP ¶¶ 32, 32.3), yet

10  Petitioner does not allege that she has seen that specialist, and thus there has been no

11  determination one way or the other about whether "she is able to work unimpaired

12  by her medications."  The Award granted Petitioner backpay "conditioned on

13  certification" (Award at ECF pg. 15), but did not make clear whether Petitioner had

14  some deadline by which to see the specialist or what the consequences would be for

15  Petitioner's backpay if she declined to acquiesce to the parties' choice of physician.

16  The arbitrator also reserved jurisdiction, without time limit, over disputes regarding

17  the remedy.  (Award at ECF pg. 17–18.)

18        In these circumstances, the Award is not final or complete under the standard

19  applied to LMRA section 301 petitions to confirm arbitration awards, and thus the

20  petition must be dismissed.

21        **3.     The Arbitration Process Has Not Been Exhausted**

22        The same lack of finality of the Award leads to a second reason to dismiss the

23  FAP: Petitioner has not exhausted the arbitration process under the CBA.  The Court

24  has no jurisdiction over Petitioner's claim because of this failure to exhaust.  *See*

25  Pauley v. CF Entm't, No. 13-8011, 2013 WL 12162444, at *1 (C.D. Cal. Dec. 23,

26  2013) ("Whether Plaintiff in the instant case has exhausted these procedures is a

27  factual issue, therefore the Court may review evidence beyond the Complaint *to*

28  *determine whether it has jurisdiction to hear this case*.) (emphasis added), vacated

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

12

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1   on other grounds, 646 F. App'x 498, 501 (9th Cir. 2016) ("Whether the district court

2   erred in dismissing these claims for failure to exhaust contractual grievance

3   procedures is no longer an issue. The settlement agreement has now satisfied any

4   potential exhaustion requirement.").  The Ninth Circuit has made clear that

5           members of a collective bargaining unit must first exhaust contractual

6           grievance procedures before bringing an action for breach of the

7           collective bargaining agreement.  This requirement applies with equal

8           force to claims brought against a union for breach of the duty of fair

9           representation.

10  Carr v. Pac. Mar. Ass'n, 904 F.2d 1313, 1317 (9th Cir. 1990) (citation omitted)

11  (citing Clayton v. UAW, 451 U.S. 679, 686 (1981); Vaca, 386 U.S. at 184–85)).  In

12  other words, "members of the bargaining unit must first turn to the grievance

13  procedures for a remedy." Id.  Exhaustion is important because "until arbitration is

14  concluded it is not possible to determine whether [the union] breached its duty . . . ."

15  Pauley, 2013 WL 12162444, at *2.  Here, the grievance procedure has not been

16  exhausted because the arbitrator has not issued a final and complete award deciding

17  the backpay, if any, owed to Petitioner, in light of the substantial factual

18  development in the case arising after the initial Award.

19          Petitioner's allegation that the Union has breached its duty of fair

20  representation only excuses the failure to exhaust if the employee was "'prevented

21  from exhausting his contractual remedies by the union's *wrongful* refusal to process

22  the grievance . . . .'" Carr, 904 F.2d at 1319 (quoting Vaca, 386 U.S. at 185).

23  Petitioner does not allege that she requested the Union to return to the arbitrator to

24  finalize the Award.  Instead, she has demanded the Union fruitlessly attempt to

25  confirm the Award and filed the instant action, all while not complying with the

26  terms of the Award by declining to see the doctor chosen by the parties.  (FAP

27  ¶ 32.4; *see also* Wojciechowski Decl. Exh. B.)  Because Petitioner has not expressed

28  any desire for the Union to exhaust the grievance procedure by obtaining a final

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  arbitration award—perhaps out of a reasonable fear that it would be unfavorable to

2  her—she cannot complain that the Union's alleged breach of its duty of fair

3  representation has prevented exhaustion.  As in *Gutierrez v. Kaiser Permanente*, No.

4  17-897, 2018 WL 1382343, at *3 (E.D. Cal. Mar. 19, 2018), the Union processed

5  the grievance through the steps of the grievance procedure, and Petitioner has not

6  meaningfully alleged that the Union has abandoned the grievance.  She *concludes*

7  that the Union has done so (FAP ¶ 31), but that is a "mere conclusory statement[]"

8  under *Iqbal*, 556 U.S. at 678, and it is contrary to a core fact: The arbitrator

9  conditioned the remedy in the Award on Petitioner being medically cleared and

10 Petitioner has not satisfied that condition, as only she can.  *See Republic Steel v.*

11 *Maddox*, 379 U.S. 650, 653 (1965) ("[T]he employee must afford the union the

12 opportunity to act on his behalf."); *Jennings v. Victor Valley Cmty. Coll. Dist.*, No.

13 14-6893, 2016 WL 2586113, at *10 (C.D. Cal. May 2, 2016) (finding failure to

14 exhaust based on employee's failure to follow the CBA's grievance protocol).

15 **4.    The FAP Does Not Allege Union Conduct that Breaches the**

16 **Substantive Duty of Fair Representation Standard**

17 Petitioner has also failed to substantively plead a Union violation of the duty

18 of fair representation in light of the relevant pleading standards and the significant

19 deference accorded by the courts to Union decision-making.

20 **(a)    The Duty of Fair Representation Is Only Breached by**

21 **Arbitrary, Discriminatory, or Bad Faith Conduct**

22 The duty of fair representation requires that a union acting as the exclusive

23 collective bargaining agent for a group of employees provide fair representation to

24 those employees in, for example, handling complaints of violations of a collective

25 bargaining agreement.  The standard is one of "substantial deference," *Johnson v.*

26 *USPS*, 756 F.2d 1461, 1466 (9th Cir. 1985), and courts do not second-guess union

27 decisions but instead ask whether the union engaged in "arbitrary, discriminatory

28 or . . . bad faith" conduct.  *Vaca*, 386 U.S. at 190.  Because a union "must be able to

1  focus on the needs of its whole membership without undue fear of law suits from

2  individual members," *Herring v. Delta Airlines*, 894 F.2d 1020, 1023 (9th Cir.

3  1990) (*citing Bautista v. Pan Am. World Airlines*, 828 F.2d 546, 549 (9th Cir.

4  1987)), the duty of fair representation is "narrowly construed," *Galindo*, 793 F.2d at

5  1514.  Thus, "[a] wide range of reasonableness must be allowed a statutory

6  bargaining representative in serving the unit it represents . . . ." *Ford Motor v.*

7  *Huffman*, 345 U.S. 330, 338 (1953).

8       Arbitrary conduct is only that which "is so far outside a 'wide range of

9  reasonableness' as to be irrational." *ALPA v. O'Neill*, 499 U.S. 65, 67 (1991)

10  (citation omitted) (quoting *Ford Motor*, 345 U.S. at 338).  The question is not

11  whether the union could or even should have done something differently; rather, the

12  "deferential standard for arbitrary conduct 'gives the union room to make

13  discretionary decisions and choices, even if those judgments are ultimately wrong.'"

14  *Beck v. UFCW, Local 99*, 506 F.3d 874, 879 (9th Cir. 2007) (quoting *Marquez v.*

15  *Screen Actors Guild*, 525 U.S. 33, 45–46 (1998)).

16       Bad faith requires "substantial evidence of fraud, deceitful action or dishonest

17  conduct." *Humphrey v. Moore*, 375 U.S. 335, 348 (1964); *see also Demetris v.*

18  *Transp. Workers*, 862 F.3d 799, 808 (9th Cir. 2017) (quoting the same standard).

19       The standard for evaluating allegedly discriminatory conduct is just as

20  deferential, because the law does not require that all members be treated identically.

21  Instead, "[a] union's decision to discriminate against its members on an

22  impermissible basis will violate the duty of fair representation only where the

23  aggrieved members set forth 'substantial evidence of discrimination that is

24  intentional, severe, and unrelated to legitimate union objectives.'" *Demetris*, 862

25  F.3d at 806 (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. v.*

26  *Lockridge*, 403 U.S. 274, 301 (1971)).

27       Therefore, to defeat a motion to dismiss, duty of fair representation claimants

28  must plead facts that, if proven, rise to the level of arbitrary, discriminatory, or bad

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  faith conduct, and cannot proceed with their claims on the basis of conclusory

2  statements that the union violated the duty of fair representation.  It is not enough to

3  insert the duty of fair representation's definitional adjectives while stating facts that

4  show negligence at most.  *See, e.g.*, *Pinkney v. Am. Med. Response*, 520 F. App'x

5  502, 504 (9th Cir. 2013) (affirming dismissal of conclusory allegations of

6  discrimination); *Jay v. SEIU United Healthcare Workers W.*, 203 F. Supp. 3d 1024,

7  1041–42 (N.D. Cal. 2016) (dismissing duty of fair representation claim because

8  complaint "does not provide enough facts . . . to draw a reasonable inference" of

9  breach); *Knowles v. Pac. Gas & Elec.*, No. 07-2284, 2008 WL 2705097, at *6 (N.D.

10  Cal. Jul. 8, 2008) (dismissing duty of fair representation claim because "[p]laintiffs

11  do not provide any facts that explain how [the union]'s failure to act constituted

12  fraud, deceitful action or dishonest conduct").

13      In short, Petitioner "must at least allege that the Union engaged in arbitrary,

14  discriminatory or bad faith conduct and offer some factual support for such claims."

15  *Martinez v. Kaiser Found. Hosps.*, No. 12-1824, 2012 WL 2598165, at *15 (N.D.

16  Cal. July 5, 2012) (quoting *Goodman v. Port Auth.*, No. 10-8352, 2011 WL

17  3423800, at *6 (S.D.N.Y. Aug. 4, 2011)).

18          **(b)      The FAP Does Not Adequately Allege Arbitrary**

19                    **Conduct**

20      Petitioner states a conclusion that the Union has represented her "in a

21  perfunctory fashion initially and has ultimately abandoned the representation . . . ."

22  (FAP ¶ 31.)  This signals—but does not support under the *Iqbal-Twombly* pleading

23  standard—an attempt to make a claim under the "arbitrary" prong of the duty of fair

24  representation standard.

25      Regarding the "perfunctory" representation, Petitioner alleges that the Union

26  "did not consult with Petitioner regarding the choice of physician" and "took no

27  action after December 2017 to negotiate or counter-propose . . . *an examining*

28  *physician agreeable to Petitioner* . . . ."  (FAP ¶¶ 32, 32.3 (emphasis added).)

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  Petitioner has not identified, and cannot identify, the source of any alleged duty the

2  Union had to consult with Petitioner on this matter or bargain with Dignity Health

3  for a physician Petitioner was "agreeable to."  The Award does not grant

4  Petitioner—a non-party to the arbitration—input into this aspect of the remedy, and

5  there is no general legal duty for the Union to consult Petitioner on the issue.

6  Whether Petitioner *wanted* the Union to do so is not before the court in a duty of fair

7  representation claim.  The question is whether the Union engaged in *irrational*

8  conduct by engaging with Dignity Health to select a physician the two parties could

9  agree on.  Nothing in Petitioner's allegations shows the Union's conduct in this

10 respect was arbitrary.

11        In particular, the allegation that the parties chose physicians Petitioner did not

12 want to see does not establish the Union breached its duty of fair representation.

13 The duty of fair representation is not a duty to achieve for union members exactly

14 the outcomes they desire.  It does not even breach the duty for a union to achieve

15 *negative* results for members, as long as the union does not take arbitrary action.

16 *See, e.g., Lopez v. Bud*, No. 05-2006, 2007 WL 173883, at *3 (S.D. Cal. Jan. 22,

17 2007) (finding that allegations that "amount to no more than second-guessing" of

18 union decisions did not state a claim for breach of the duty of fair representation).

19 Where the Union takes action that requires it to exercise judgment, that exercise

20 does not violate the duty of fair representation "even if those judgments are

21 ultimately wrong." *Marquez*, 525 U.S. at 45–46.  Petitioner has not alleged that the

22 Union's judgments regarding an appropriate physician were even wrong, much less

23 that they were unreasoned and arbitrary.  In particular, Petitioner does not identify

24 the physicians selected or plead any facts supporting that they were unacceptable.

25 The FAP alleges only that the physicians were *subjectively* unacceptable *to*

26 *Petitioner*.  Therefore, the FAP does not adequately allege arbitrary conduct by the

27 Union with respect to selecting a physician.

28

1    Petitioner alleges that the Union "took no steps to return to the arbitrator"

2    (FAP ¶ 32.6) but, as noted above, does not allege that she ever asked the Union to

3    return to the arbitrator, and does not identify the issues she wants the arbitrator to

4    resolve.  Indeed, Petitioner filed this action less than six months after the issuance of

5    the Award, while the Union and Dignity Health were, per the Petitioner's

6    allegations, still trying to work out the issues regarding the choice of a physician,

7    thus indicating that Petitioner did not believe any return to the arbitrator was

8    necessary or appropriate.  Because only final awards can be confirmed, Petitioner

9    must believe the Award is final, and thus that the arbitrator has no further

10   jurisdiction in the matter.  She cannot complain about the Union not taking an action

11   she never requested nor action that she indicated, by this lawsuit, she did not believe

12   was necessary or possible.

13       Petitioner also faults the Union for not "petition[ing] for confirmation of the

14   award pursuant to the California Arbitration Act . . . ."  (FAP ¶ 32.6.)  It cannot be

15   arbitrary for the Union to take fruitless action, and petitioning under an inapplicable

16   statute (because such a petition would be preempted by the LMRA) for unavailable

17   relief (because the Award is not final) is the very definition of fruitless.

18       Finally, Petitioner alleges that the Union "refused to release Petitioner from

19   its right to exclusive representation or to join in a request to the arbitrator to

20   designate Petitioner a 'party' in the arbitration so she could proceed to obtain a

21   judgment confirming the arbitration award without" the Union.  (FAP ¶ 32.6.)

22   Again, the source of the Union's duty to take these extreme actions is not specified.

23   The Union, which in many ways is *defined* by its exclusive representation of

24   employees in various workplaces, is certainly under no obligation to give up that

25   right simply because Petitioner wants it.  And the "designation" Petitioner desired

26   appears to refer to a procedure of the California Arbitration Act, which, as

27   discussed, is inapplicable to arbitration between the Union and Dignity Health

28   because it is preempted by the LMRA.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1   Therefore, Plaintiff has not alleged "sufficient factual matter . . . to 'state a
2   claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting
3   *Twombly*, 550 U.S. at 570), in support of her claim that the Union's actions were
4   arbitrary and thus violated the duty of fair representation.

5            **(c)      The FAP Does Not Attempt to Allege Bad Faith or**
6                       **Discriminatory Conduct**

7            Petitioner appears to rely solely on the "arbitrary" prong of the duty of fair
8   representation standard.  She does not allege fraud or deceit by the Union, and thus
9   has not stated a claim for breach of the duty of fair representation premised on bad
10  faith.  Nor has she stated any facts tending to support a discrimination allegation,
11  such as the Union's supposed discriminatory basis for its conduct, or comparator
12  employees whom the Union allegedly treated differently.

13           Therefore, because Petitioner's allegations do not state a plausible claim that
14  the Union acted arbitrarily, and because Petitioner has not even attempted to show
15  bad faith or discrimination, she has failed to state a claim for breach of the duty of
16  fair representation, and her petition should be dismissed.

17  **IV.    CONCLUSION**

18           For the foregoing reasons, Service Employees International Union Local
19  121RN respectfully requests the Court to grant its motion and dismiss the duty of
20  fair representation claim against the Union.  The claim is untimely, the Court lacks
21  jurisdiction because the arbitration process has not been exhausted, the Award
22  cannot be confirmed because it is not final, and the petition does not allege
23  sufficient facts to find that the Union breached its duty of fair representation.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1     If the Court dismisses the claim based on any of the first three arguments, the

2   Court should also deny leave to amend because those issues cannot be cured by

3   adding additional facts.

4   DATED: March 11, 2020                IRA L. GOTTLIEB
                                         JASON WOJCIECHOWSKI
5                                        BUSH GOTTLIEB, A Law Corporation

6

7

8                                        By: _____/s/ Jason Wojciechowski_____

9                                           JASON WOJCIECHOWSKI
                                         Attorneys for Service Employees International
10                                        Union Local 121RN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260