IRA L. GOTTLIEB (SBN 103236)
igottlieb@bushgottlieb.com
JASON WOJCIECHOWSKI (SBN 263911)
jasonw@BushGottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Service Employees
International Union Local 121RN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES,<br><br>        Petitioner,<br><br>  vs.<br><br>DIGNITY HEALTH, *et al.*,<br><br>        Respondents. | **CASE NO. 2:18-cv-2471-JFW-AGR**<br><br>**DECLARATION OF JASON WOJCIECHOWSKI** |

I, Jason Wojciechowski, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Bush Gottlieb, attorneys of record for Service Employees International Union Local 121RN ("Union"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On November 29, 2017, while in my previous employment as in-house General Counsel of the Union, I sent an email to Samuel F. Galici, counsel for Petitioner Veronica Flores, responding to his request for certain information. Petitioner refers to this email in her First Amended Petition in this case but did not

1 attach a copy. A true and correct copy of that email is attached to this Declaration as Exhibit A.

3. On October 24, 2018, while in my previous employment as in-house General Counsel of the Union, I sent a letter to Petitioner regarding the arbitration award at issue in this case and her compliance with the terms of that award. Petitioner refers to this email in her First Amended Petition in this case but did not attach a copy. A true and correct copy of that letter is attached to this Declaration as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of March, 2020, at Glendale, California.

_____
Jason Wojciechowski

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

696641v3

2

Case No. 2:18-cv-2471-JFW-AGR
WOJCIECHOWSKI DECLARATION

# EXHIBIT A

| | |
|---|---|
| **From:** | Jason Wojciechowski |
| **Sent:** | Wednesday, November 29, 2017 11:06 AM |
| **To:** | 'Samuel Galici' |
| **Subject:** | RE: Veronica Flores |

Sam,

No movement yet. Dignity slowed down the reinstatement process significantly, and there was some confusion in what amounted to a four-way conversation with her workers comp attorneys, us, her, and Dignity about whether she desired reinstatement vs. a buyout with a release of claims. One result is that the parties haven't been able to agree on a doctor to perform the certification yet. My understanding from speaking to her just before the holiday is that she's now willing to entertain a buyout offer. I owe Dignity's attorney a phone call on the issue, but I'm also finalizing the backpay calculation. (I had been waiting for Veronica's 2016 and 2017 earnings information, for mitigation purposes, and received what I believe are the last pieces earlier this week.)

--
**Jason Wojciechowski**
**General Counsel**

**SEIU 121RN**
Nurse Alliance

1040 Lincoln Avenue,
Pasadena, CA 91103
Office No.:   626.639.6168
Fax No.:      626.395.7593

**From:** Samuel Galici [mailto:sgalici@employeelawyers.net]
**Sent:** Tuesday, November 28, 2017 3:24 PM
**To:** Jason Wojciechowski <wojciechowskij@seiu121rn.org>
**Subject:** Veronica Flores

Jason:

I am preparing the superior court complaint for retaliation for whistleblowing, wrongful termination and confirmation of arbitration award. Please let me know if Veronica received a "certification from a drug treatment specialist *in conjunction with Employer's Employee Health Department* that she can successful function without taking drugs on a schedule that impairs her performance." If, so, I need the report and communication to Dignity Health. If there is correspondence regarding performance under the arbitration decision, I also need copies of that. Thanks.

Sam Galici
Law Offices of Samuel F. Galici
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone: (805) 654-1451
Fax:     (805) 654-1453
Email:   sgalici@employeelawyers.net

THIS EMAIL CONTAINS INFORMATION WHICH (A) MAY BE LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, AND (B) IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE.  IF YOU ARE NOT THE ADDRESSEE, OR THE PERSON RESPONSIBLE FOR DELIVERING THIS TO THE ADDRESSEE(S), YOU ARE HEREBY NOTIFIED THAT READING, COPYING OR DISTRIBUTING THIS EMAIL IS PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY US IMMEDIATELY. THANK YOU.

**From:** Samuel Galici
**Sent:** Tuesday, November 28, 2017 11:55 AM
**To:** 'Jason Wojciechowski' <wojciechowskij@seiu121rn.org>
**Subject:** Veronica Flores

Hi Jason:

Has Dignity Health complied with the arbitration award by paying the back pay and reinstating employment? If not, please let me know the status and position of the parties. Thanks.

Sam Galici
Law Offices of Samuel F. Galici
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone: (805) 654-1451
Fax:     (805) 654-1453
Email:   sgalici@employeelawyers.net

THIS EMAIL CONTAINS INFORMATION WHICH (A) MAY BE LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, AND (B) IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE.  IF YOU ARE NOT THE ADDRESSEE, OR THE PERSON RESPONSIBLE FOR DELIVERING THIS TO THE ADDRESSEE(S), YOU ARE HEREBY NOTIFIED THAT READING, COPYING OR DISTRIBUTING THIS EMAIL IS PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY US IMMEDIATELY. THANK YOU.

**Total Control Panel**                                                                 Login

To: jason@seiu121rn.org                    Remove this sender from my allow list
From: sgalici@employeelawyers.net

*You received this message because the sender is on your allow list.*

# EXHIBIT B



**GAYLE BATISTE, RN**
President

**KATHY MONTANINO, RN**
Vice President

**LORRAINE MYRICK, RN**
Secretary-Treasurer

**SUSAN B. WEINSTEIN, RN**
Executive Director

1040 Lincoln Avenue
Pasadena, CA 91103

Phone: (626) 639-6200
Fax: (626) 395-7538

www.seiu121rn.org


@SEIU121RN

Jason Wojciechowski
SEIU Local 121RN
1040 Lincoln Ave.
Pasadena, CA 91103
Jason@seiu121RN.org

October 24, 2018

Veronica Flores
1651 Florentina Dr.
Oxnard, CA 93030
vflores005@gmail.com

**VIA EMAIL AND PRIORITY MAIL**

Dear Veronica,

As you know, in Arbitrator Sara Adler's decision dated August 7, 2017, she found that your termination by St. John's Regional Medical Center was not for just cause and therefore violated the collective-bargaining agreement between the Hospital and SEIU Local 121RN.

However, Arbitrator Adler did not order your immediate reinstatement or immediate payment of backpay. Instead, she wrote, "The Employer is ordered to reinstate Grievant effective April 9, 2015 **if an evaluation by a mutually agreed upon drug treatment specialist in consultation with the Employer's Employee Health Department determines that she is able to work unimpaired by her medications**." (Emphasis added.)

The Union and the Hospital agreed on a specialist in late November 2017, and your Union representative, Chris Slane, relayed the name of that person to you by phone at that time. The Union's understanding is that you have not yet seen the specialist or received any form of clearance to work without impairment. Therefore, the Union has, to date, been unable to demand either your reinstatement or that the Employer pay backpay.

Please let me know within two weeks of the date of this letter—by November 7, 2018—that you are making arrangements to be evaluated by the drug treatment specialist in accordance with the Arbitrator's decision. If you do not make those arrangements, or if I do not hear from you within two weeks regarding a date by which you will be evaluated, then the Union will have to consider whether the grievance regarding your termination should be closed without further processing in light of your abandonment of the remedies awarded by the Arbitrator, and considering the Union's duty to the entire bargaining unit to expend its resources carefully and appropriately in grievance-handling. Of course, the Union will consider any extenuating circumstances you wish to raise regarding why you have been unable to comply with the terms of the Arbitrator's decision, or why you continue to be unable to comply with the decision.

**United for quality care.**

Verdugo Flores
October 24, 2018

Please let me know if you have any questions.

Sincerely,

*[signature]*

Jason Wojciechowski
General Counsel

cc: (via email only)
Chris Slane