IRA L. GOTTLIEB (SBN 103236)
igottlieb@bushgottlieb.com
JASON WOJCIECHOWSKI (SBN 263911)
jasonw@BushGottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Service Employees
International Union Local 121RN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VERONICA FLORES,<br><br>　　　　Petitioner,<br><br>vs.<br><br>DIGNITY HEALTH, *et al.*,<br><br>　　　　Respondents. | **CASE NO. 2:18-cv-2471-JFW-AGR**<br><br>**PROPOSED ORDER GRANTING MOTION TO DISMISS SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 121RN'S MOTION TO DISMISS DUTY OF FAIR REPRESENTATION CLAIM** |

　　　　Respondent Service Employees International Union Local 121RN's ("Union") Motion to Dismiss came on for hearing before this Court on April 13, 2020, at 1:30 p.m.. After full consideration of the matter, the Court finds as follows:

　　　　Petitioner's duty of fair representation claim against the Union is barred by the six-month statute of limitations. *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983). While the Ninth Circuit ordered that she be granted leave to amend to make such a claim, the Court did not hold that such a claim would necessarily be timely, particular as a claim for damages against the Union, rather than as a basis for standing to assert her claim to confirm an arbitration award. Under Federal Rule of Civil Procedure 15(c), her claim adding the Union relates back only to June 2018, when she mentioned that claim for the first time in her motion for a new trial. She

filed that motion nearly 11 months after the arbitrator's award at issue in this case was served on the parties; because Petitioner claims that the Union began breaching its duty of fair representation immediately upon receipt of that award, her claim is untimely by nearly five months.

Petitioner's claim against the Union also fails on the merits. In a so-called hybrid suit such as this one, the duty of fair representation claim cannot stand if the underlying claim (usually a breach of a collective-bargaining agreement, but here a claim to confirm an arbitration award) has no merit. The arbitrator's award reserves to the arbitrator issues regarding the implementation of her remedy, and it is plain from the First Amended Petition that such issues exist. Thus the award is not final and the Court has no jurisdiction to enforce it under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. *Sunshine Mining v. United Steelworkers*, 823 F.2d 1289 (9th Cir. 1987).

Petitioner also cannot pursue a duty of fair representation claim against the Union related to its handling of a grievance until the grievance process is exhausted. *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990). Because the award is not final, as described above, the grievance process is not exhausted, and the Court lacks jurisdiction over the duty of fair representation claim.

Finally, Petitioner's allegations are that the Union did not press Dignity Health to agree on a doctor to examine her so that she could comply with the conditions of the arbitration award, but her allegations and the documents she refers to in those allegations show that in fact the Union and Dignity Health agreed on a physician on at least two occasions. Nor can it be said that the Union breached the duty of fair representation by not enforcing the arbitration award itself when, as stated above, it would have been unsuccessful in doing so. Therefore, Petitioner's allegations do not amount to a showing that the Union acted arbitrarily, discriminatorily, or in bad faith.

IT IS THEREFORE ORDERED that the duty of fair representation claim

1  against the Union is dismissed.  Because Petitioner's allegations make clear that
2  amendment would be futile—there are no additional facts that could alter any of the
3  above analysis—leave to amend is denied.

5  Dated: _____            _____
6                                                                                       Hon. John F. Walter
                                                                                           Judge, United States District Court

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260