SAMUEL F. GALICI, ESQ. (Cal. Bar No. 102496)
LAW OFFICES OF SAMUEL FRANKLIN GALICI
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone:      (805) 654-1451
Facsimile:  (805) 654-1453
Email: sgalici@employeelawyers.net

Attorneys for Petitioner VERONICA FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA FLORES,<br><br>               Petitioner,<br><br>    v.<br><br>DIGNITY HEALTH and SEIU LOCAL 121RN,<br><br>               Respondents, | Case No.  2:18-cv-02471-JFW-AGR<br><br>PETITIONER'S PROPOSED STATEMENT OF DECISION DENYING MOTION TO DISMISS OF RESPONDENT DIGNITY HEALTH<br><br>Date:   March 30, 3030<br>Time:   1:30 P.M.<br>Place:  Courtroom 7A |

I.    **Introduction**

In her First Cause of Action in the First Amended Petition (FAP), Flores sets forth sufficient facts to state a claim against Respondent Dignity Health under Section 301 of the Labor Management Relations Act (LMRA) as a hybrid action together with a claim for breach of the duty of fair representation. The Ninth Circuit has ruled that Petitioner has standing to bring this hybrid action.

Under both the Federal Arbitration Act (FAA) and the California Arbitration Act (CAA), there are no grounds for vacating the arbitration

award or remanding to the arbitrator. The arbitrator decided the question of whether there was just cause for Petitioner's termination on April 9, 2014 with expressed finality and only reserved jurisdiction to resolve disputes presented by the parties regarding the remedies ordered. The arbitration decision is not ambiguous.

Since the arbitration decision on August 7, 2017, neither Respondent gave notice of a request to the arbitrator to resolve post-award disputes or made no request to this date as required by the arbitration award. Remand to the arbitrator would violate the basic purpose of arbitration to afford the speedy, flexible and inexpensive resolution of labor disputes.

For these reasons, Respondent Dignity Health's motion to dismiss is denied.

## II.   Factual Allegations

Petitioner Veronica Flores alleges that she was employed by Respondent Dignity Health as a registered nurse at St. John's Regional Medical Center in Oxnard, California and was a member of Respondent SEIU Local 121RN. (¶¶ 12,13, 30) On April 9, 2015, Respondent Dignity Health terminated Petitioner's employment. (¶ 14) On or about April 24, 2015, the SEIU Local121RN timely filed a grievance for unjust termination against Respondent Dignity Health pursuant to Article 29 of the CBA and subsequently demanded arbitration pursuant to section "E" thereof providing that disputes under the CBA will be resolved by arbitration. (¶¶ 15,16) Arbitration proceedings were duly conducted, and on August 7, 2017 the arbitrator rendered her award in favor of Petitioner based on finding that Respondent Dignity Health did not have just cause under the CBA to terminate Petitioner's employment. She ordered Petitioner's employment to be reinstated "with back pay effective on April 9, 2015" and to be returned to work upon the examination of a "mutually agreed upon drug treatment

specialist" showing that "she is able to work unimpaired by her medications." (Arbitration Award, Dkt. No. 59-1, pp. 11-12.) (¶¶ 18-20)

Flores alleges that since the arbitrator's decision, Respondent Dignity Health has failed to comply with the arbitration award by, without limitation, failing to reasonably agree in a timely manner or at all on a neutral drug treatment specialist for examination" showing that she was able to work unimpaired by her prescribed medications, failing pay or offering to pay any sum for the back pay and benefits ordered, and failing to return Petitioner to work, and has subverted the arbitration process. (¶ 21)

Flores alleges a breach of the CBA by Respondent Dignity Health by delaying and failing to comply with the arbitration award, refusing without justification to abide by the arbitrator's award and acting in bad faith, vexatiously, wantonly and for oppressive reasons, entitling Petitioner to recover as damages the reasonable attorney fees she has and will expend in this action, which would not be necessary had Respondent complied. (¶ 23)

Respondent Dignity Health did not propose an examining physician until October 2017, more than two and a half months after the arbitration decision. (¶ 32) Petitioner rejected the physician as affiliated with Respondent Dignity Health. (¶ 32.1) No further action was taken by Respondents until October 2018 when SEIU LOCAL 1231RN requested that Petitioner provide the union with her choice for the examining physician. Petitioner promptly replied, proposing a local drug treatment specialist who was not affiliated with Respondent Dignity Health. (¶ 32.3) Respondent rejected Petitioner's choice without reasonable basis and without explanation, and then proposed another physician whose office was affiliated with Dignity Health, and who Petitioner promptly rejected as not neutral. (¶ 32.4) Respondents took no further action to select the physician who has still not been selected. (¶ 32.5)

Since August 7, 2017 when the arbitrator rendered her decision and award, Respondent SEIU Local 121RN has represented Petitioner in a perfunctory fashion initially and has ultimately abandoned the representation, subverting the arbitration process and preventing Petitioner from being able to obtain performance by Respondent Dignity Health in compliance with the arbitration award. (¶ 31)

Neither Respondent made a demand on the other for a specific sum in back pay pursuant to the arbitration award at any time. (¶ 21) Neither Respondent sought the aid of the arbitrator in order to proceed to comply with the remedies set forth in the arbitration award. (¶ 32.2) To this date, Petitioner has not received any of the remedies provided in the arbitration award.

## III.  Standing

The Ninth Circuit has ruled that Flores has standing to enforce the arbitration award by amending the petition to allege a hybrid claim against both the employer and union and she has done so in the First Amended Petition. In this action, this Court granted Respondent Dignity Health's motion to dismiss the original petition on the grounds that Flores' petition for confirmation of the arbitration award under the California Arbitration Act. Cal. Code Civ. P. 1280 *et seq.* is completely preempted and she lacks standing. Flores appealed and the Ninth Circuit ruled that Flores' claim against Respondent Dignity Health was properly dismissed "as alleged," and her lack of standing under the LMRA to enforce the arbitration award was solely because she had failed to allege a hybrid claim against both the employer and the union. Hence, by having alleged a hybrid claim in the FAP, Flores has standing under the LMRA to enforce the arbitration award.

## IV.  Remand

There are no grounds for vacating the arbitration award and/or remanding to the arbitrator under Section 301(a) of the LMRA, 29 U.S.C. §185(a), which grants district courts authority to enforce or vacate final arbitration awards. *Medic Ambulance Servs. v. United EMS Workers, AFSCME, Local 4911*, 2018 U.S. Dist. LEXIS 43314, *11 (E.D. Cal. 2018) citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 986 (9th Cir. 2001). Courts afford a "nearly unparalleled degree of deference" to arbitration decisions. *Id.*; *Southwest Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2001).

In this case, the Ninth Circuit held that the cause of action for confirmation of the arbitration award is completely preempted by Section 301 of the LMRA, citing *Caterpillar, Inc. v. Williams*, 482 U.S. 384, 394 (1987). This means that "state law does not exist as an independent source of private rights to enforce collective bargaining contract" (*Caterpillar,* at 394, quoting *Avco Cor. v. Machinists*, 376 F.2d 337, 340 (6th Cir. 1967), holding that "the substantive law to be allied in suits under Section 301(a) is federal law, which the courts must fashion from the policy of our national labor laws.")

However, the California Arbitration Act (CAA) still applies where it will best effectuate the policy of federal labor laws. *Textile Workers Union of America v. Lincoln Mills*, 373 U.S. 448, 456-457 (1957) ("Federal interpretation of the federal law will govern, not state law. Cf. *Jerome v. United States*, 318 U.S. 101, 104. *But state law, if compatible with the purpose of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy*. See *Board of Commissioners v. United States*, supra, [308 U.S. 343] at 351-352 [1939].) Any state law applied, however,

will be absorbed as federal law and will not be an independent source of private rights.") (Italics added.)

The grounds for vacating and remanding the arbitration award are the same under both the Federal Arbitration Act (FAA), 9 U.S.C. §1, *et seq.*, and the CAA. Section 9 of the FAA  provides that upon application by a party to the arbitration the court shall grant an order confirming the award unless the court vacates, modifies or corrects the award as prescribed by sections 10 and 11.

Subsection 10(a) limits the grounds for vacating an award "(1) where the award was procured by corruption, fraud, or undue means, (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced, or (4) *where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.*" (Italics added.)

The CAA provides the same grounds as §10(a), except as to imperfectly executing their powers. An award may only be vacated based on fraud, corruption or other undue means or improprieties by the arbitrator, or where the arbitrator exceeded her authority and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. (Cal. Code Civ. Proc. §1286.2; *Moncharsh v. Heily & Blase*, 3 Cal.4th 1, 27-28 (1992) (§1286.2 sets forth the exclusive grounds for vacating an arbitration award.); *Mossman v. City of Oakdale*, 170 Cal.App.4th 83, 88 (2009); *Cooper v. Lavely & Singer Professional Corp.*, 230 Cal. App.4th 1,

14 (2014) (the statutory grounds "do not permit the arbitrator to make substantive changes to the award's determinations of fact and law.")

Subsection 10(b) of the FAA provides that if an award is vacated the court may order a rehearing by the arbitrators. Accordingly, only if the award is vacated does the FAA authorize remand to the arbitrator. The same is true under the CAA. Cal. Code Civ. Proc. §1287 provides that if an arbitration award is vacated, the court may order remand to a new arbitrator, or with the parties' consent to the original arbitrator where the arbitrator exceeded its powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

Remand to the arbitrator is appropriate where there is an ambiguity in the award, but the mere failure to compute the remedy does not make the award not final or justify remand to the arbitrator. *Mossman v. City of Oakdale*, 170 Cal.App.4th 83, 90 (2009) ("unspecified make whole remedy does not provide a valid ground on which to vacate the award").

The failure of an arbitrator to compute the remedy is not a valid ground for remand. *Id.*; *See, Sheedy Drayage Co. v. Teamsters Union Local NO. 2785*, 2013 U.S. Dist. LEXIS 28098 (N.D. Cal. 2013) ("although the Arbitrator retained jurisdiction to resolve issues over remedy, this jurisdiction was essentially a mathematical calculation not subject to reasonable dispute"); *Millmen's Local 550, United Brotherhood of Carpenters & Joiners v. Well's Exterior Trim*, 828 F.2d 1373, 1377 (9th Cir. 1987) ("[T]he arbitrator need not complete the mathematical computations of the award for the award to be final and reviewable.").

Here, the arbitrator provided in the award that she was retaining jurisdiction "solely to resolve any disputes that may arise regarding the remedies ordered or remanded." (Arbitration Award, Dkt. No. 59-1, pp. 11-12.) Thus, the award is unambiguous in deciding the merits of the

controversy based on the grievance and there are no grounds under the FAA to vacate or remand the award.

Respondent Dignity Health's reliance on *Sunshine Mining Co. v. United Steelworkers of America, etc.*, 823 F.2d 1289 (9th Cir. 1987) is misplaced. There, the court found that the arbitration award was partial and not final because the arbitrator conditioned the finding of whether or not there was good cause for the termination on a psychiatric evaluation. Here, the arbitrator decided the question of just cause for the termination and awarded remedies contingent on an examination by a drug treatment expert. While the arbitrator provided in the award that she retained jurisdiction "solely to resolve any disputes that may arise regarding the remedies ordered or remanded," the arbitrator expressly found in paragraph 3 of the award, "The employer did not have just cause to discharge Grievant." (Arbitration Award, Dkt. No. 59-1, p. 11)

*Sunshine Mining* is also distinguished from this action because the employer, in not performing under the award to agree to the psychiatrist and go forward with the examination, took timely action consistent with the CBA to seek rehearing by the arbitrator, a stay, and after they were denied to petition the court to vacate the award. Here, the arbitrator invited requests to resolve disputes arising from the remedies ordered but Respondents wholly failed to make any request to the arbitrator after the award was made and failed to file an action in court to challenge the award. In so acting, Flores alleges that Dignity Health acted in bad faith and in violation of the collective bargaining agreement. Assuming the truth of the allegations, a remand under them would further the wrongful conduct, increase prejudice to Flores, and would be contrary to the basic purpose of arbitration "to afford the speedy, flexible and inexpensive resolution of labor disputes." *Teamsters Union Local 853 v. Paper,* 2008 U.S. Dist. LEXIS

91621, *8-9, quoting *Union Switch & Signal Division, American Standard v. United Electrical Workers, Local 610*, 900 F.2d 608, 616 (3rd Cir. 1990). Subsection 10(b) provides that if an award is vacated the court may order a rehearing by the arbitrators.

V. **Order**

The Court finds that this matter is suitable for decision without hearing and hereby DENIES the motion in its entirety.

**IT IS SO ORDERED.**

Dated: _____, 2020

_____
HON. JOHN F. WALTER
UNITED STATE DISTRICT JUDGE